BAKER, LESHKO, SALINE & BLOSSER, LLP
*Attorneys for Defendant Michael Edelamn*
**One North Lexington Avenue**
**White Plains, New York 10601**
**914.681.9500**
**Mitchell J. Baker (MB-4339)**

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | **JURY TRIAL**<br>**DEMANDED** |
| SELIM ZHERKA, | : |
| Plaintiff, | 08 Civ. 2062 (CLB) |
| -against- | : |
| MICHAEL F. BOGDANOS, individually,<br>MICHAEL R. EDELMAN a/k/a "THE<br>CONSULTANT, individually, PHILLIP<br>AMICONE, individually and in his capacity<br>as Mayor of the City of Yonkers, New York,<br>DAVID "DOE" a/k/a "ETHAN EDWARDS",<br>individually, EDMUND ROSE a/k/a 'MOB<br>BUSTER", individually, JOHN POE,<br>individually, WILLIAM ROSE, individually,<br>and JANET DOE, individually, | **ANSWER and**<br>**COUNTERCLAIM** |
| Defendants. | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x | |

Defendant Michael R. Edelman, by his attorneys, Baker, Leshko, Saline & Blosser, LLP, for its Answer and Counterclaim to the Complaint herein, alleges as follows:

1

1. Answering paragraph "1" of the Complaint, denies knowledge or information sufficient to form a belief thereto, and further respectfully refers all questions of law to this Honorable Court.

2. Answering paragraph "2" of the Complaint, respectfully refers all questions of law to this Honorable Court.

3. Answering paragraph "3" of the Complaint, denies knowledge or information sufficient to form a belief thereto.

4. Answering paragraph "4" of the Complaint, denies knowledge or information sufficient to form a belief thereto.

5. Answering paragraph "5" of the Complaint, admits that defendant Michael R. Edelman has used the "handle" "The Consultant" from time to time, admits he was a paid consultant for Philip Amicone for the 2007 mayoral campaign, and denies the remaining allegations contained therein.

6. Answering paragraph "6" of the Complaint, admits the allegations contained therein.

7. Answering paragraph "7" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

8. Answering paragraph "8" of the Complaint, denies knowledge or information sufficient to form a belief thereto, denies that defendant Michael R. Edelman posted any matters to a "blog" on October 3, 2007 regarding Plaintiff,

2

and denies knowledge or information sufficient to form a belief as to the remaining allegations contained thereto.[1]

9. Answering paragraph "9" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

10. Answering paragraph "10" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

11. Answering paragraph "11" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

12. Answering paragraph "12" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

13. Answering paragraph "13" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

14. Answering paragraph "14" of the Complaint, denies each and every allegations contained therein.

15. Answering paragraph "15" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

16. Answering paragraph "16" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

---

[1] The allegations of the complaint are improperly numbered. After paragraph "7", the allegations re-set at the number "5". Defendant Michael R. Edelman will answer the Complaint as if it was properly numbered.

3

17. Answering paragraph "17" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

18. Answering paragraph "18" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

19. Answering paragraph "19" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

20. Answering paragraph "20" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

21. Answering paragraph "21" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

22. Answering paragraph "22" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

23. Answering paragraph "23" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

24. Answering paragraph "24" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

25. Answering paragraph "25" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

26. Answering paragraph "26" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

27. Answering paragraph "27" of the Complaint, denies knowledge or information sufficient to form a belief as to the allegations contained therein.

28. Answering paragraph "42" of the Complaint, denies each and every allegation contained therein.

29. Answering paragraph "29" of the Complaint, denies each and every allegation contained therein.

30. Answering paragraph "30" of the Complaint, denies each and every allegation contained therein.

31. Answering paragraph "31" of the Complaint, denies each and every allegation contained therein.

32. Answering paragraph "32" of the Complaint, denies each and every allegation contained therein.

33. Answering paragraph "33" of the Complaint, denies each and every allegation contained therein.

34. Answering paragraph "34" of the Complaint, denies each and every allegation contained therein.

35. Answering paragraph "35" of the Complaint, denies each and every allegation contained therein.

36. Answering paragraph "36" of the Complaint, denies each and every allegation contained therein.

37. Answering paragraph "37" of the Complaint, denies each and every allegation contained therein.

38. Answering paragraph "38" of the Complaint, denies each and every allegation contained therein.

39. Answering paragraph "39" of the Complaint, denies each and every allegation contained therein.

40. Answering paragraph "40" of the Complaint, denies each and every allegation contained therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. This Court lacks subject matter jurisdiction of this action as it does not properly state a cause of action under 42 USC §§ 1131, 1343 and 1367.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. The complaint fails to state a cause of action under 42 USC §1365(2).

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. The complaint fails to state a cause of action under 42 USC § 1983 as it applies to the actions of Defendant as he is not acting under color of State law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. This Court does not have subject matter jurisdiction over the third, fourth and fifth claims for relief as they do not involve and form of Federal question as should be heard by a State Court.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. The sixth cause of action fails to state a claim for relief as injunctive relief is not available in an action pursuant to 42 USC §1985(2).

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46. The claim for attorneys' fees as set forth in the *ad danum* clause fails to state a cause of action as no statutory authority is set forth.

## AS AND FOR A FIRST COUNTERCLAIM

47. Defendant Michael R. Edelman (hereinafter "Defendant") is a defendant in the instant action.

48. At the conclusion of this action, Defendant will be the prevailing party as that term is used under 42 USC § 1988.

49. Plaintiff is liable to Defendant for his legal fees and expert fees pursuant to 42 USC §§1988(b) and (c) in connection with his defense and prosecution of this action.

WHEREFORE, Defendant demands judgment as follows:

1. Dismissal of the complaint in its entirety;

2. On the counterclaim, legal fees and experts fees pursuant to 42 USC §§ 1988(b) and (c);

3. Costs and disbursements of this action; and

4. For such other, further and different relief this Court deems just.

Dated: March 24, 2008
White Plains, New York

                BAKER, LESHKO, SALINE & BLOSSER, LLP
                *Attorneys for Defendant Michael R. Edelman*

By: _____
    Mitchell J. Baker (MB-4339)
    One North Lexington Avenue
    White Plains, New York 10601
    914.681.9500

To:

Lovett & Gould, LLP
*Attorneys for Plaintiff*
222 Bloomingdale Road
White Plains, New York 10605