UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SELIM ZHERKA,<br><br>Plaintiff,<br><br>-against-<br><br>MICHAEL F. BOGDANOS, individually, MICHAEL R. EDELMAN, a/k/a "THE CONSULTANT", individually, PHILIP AMICONE, individually and in his capacity as Mayor of the City of Yonkers, New York, DAVID "DOE" a/k/a/ "ETHAN EDWARDS", individually, EDMOND ROE a/k/a "MOB BUSTER", individually, JOHN POE, individually, WILLIAM ROE, individually, and JANET DOE, individually,<br><br>Defendants. | ECF Case<br><br>08 Civ. 2062 (CLB)(GAY)<br><br>ANSWER WITH COUNTERCLAIMS<br><br>**JURY TRIAL DEMANDED** |

Defendant Philip Amicone, individually and in his capacity as Mayor of the City of Yonkers, New York ("Defendant") by and through his attorneys DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, as and for his Answer to the Complaint herein (the "Complaint"), alleges as follows:

### "NATURE OF THE ACTION"

1. Defendant denies the truth of the allegations set for in paragraph 1 of the Complaint as they relate to the actions of the Defendants. The remaining allegations set forth in paragraph 1 state legal conclusions as to which no responsive pleading is required.

## "JURISDICTION"

2.  Defendant states that the allegations contained in paragraph 2 of the Complaint state legal conclusions as to which no responsive pleading is required. Defendant respectfully refers the Court to 28 U.S.C. §§ 1331 and 1343 for their complete terms.

## "THE PARTIES"

3.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.  Defendant admits the allegations contained in paragraph 6 of the Complaint.

7.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

## "THE FACTS"

8.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.[1]

9.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

---

[1] The Complaint begins with paragraph numbered 1-7, followed by paragraphs numbered 5-38. Clearly a clerical error was made. To avoid confusion, Defendant will refer to the paragraph following paragraph 7 as "paragraph 8" and will renumber the subsequent paragraphs chronologically.

11. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.

21. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

22. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint.

### "AS AND FOR A FIRST CLAIM
### AGAINST ALL DEFENDANTS
### EXCEPT AMICONE"

33. In response to the allegations contained in paragraph 33 of the Complaint, Defendant repeats and realleges his responses set forth in paragraphs 1-32 as if fully incorporated herein.

34. Defendant denies the allegations set forth in paragraph 34 of the Complaint.

### "AS AND FOR A SECOND CLAIM
### AGAINST ALL DEFENDANTS"

35. In response to the allegations contained in paragraph 35 of the Complaint, Defendant repeats and realleges his responses set forth in paragraphs 1-34 as if fully incorporated herein.

36. Defendant denies the allegations set forth in paragraph 36 of the Complaint.

### "AS AND FOR A THIRD CLAIM
### AGAINST DEFENDANT EDELMAN"

37. In response to the allegations contained in paragraph 37 of the Complaint, Defendant repeats and realleges his responses set forth in paragraphs 1-36 as if fully incorporated herein.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Complaint.

### "AS AND FOR A FOURTH CLAIM
### AGAINST DEFENDANT EDMUND ROE"

39. In response to the allegations contained in paragraph 39 of the Complaint, Defendant repeats and realleges his responses set forth in paragraphs 1-38 as if fully incorporated herein.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

### "AS AND FOR A FIFTH CLAIM AGAINST DEFENDANT DAVID DOE"

41. In response to the allegations contained in paragraph 41 of the Complaint, Defendant repeats and realleges his responses set forth in paragraphs 1-40 as if fully incorporated herein.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

### "AS AND FOR A SIXTH CLAIM AGAINST BOGDANOS"

43. In response to the allegations contained in paragraph 43 of the Complaint, Defendant repeats and realleges his responses set forth in paragraphs 1-42 as if fully incorporated herein.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

45. The Court lacks personal and/or subject matter jurisdiction.

### SECOND AFFIRMATIVE DEFENSE

46. Plaintiff lacks capacity and/or standing to sue.

### THIRD AFFIRMATIVE DEFENSE

47. The Complaint fails to state a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

48. Defendant is entitled to qualified and/or absolute immunity.

## AS AND FOR DEFENDANTS' COUNTERCLAIMS

49. Jurisdiction is vested in this Court under 28 U.S.C. § 1367(a) in that Defendants' counterclaims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

50. This Court has jurisdiction over Plaintiff because Plaintiff expressly consented to jurisdiction in this judicial district, because Plaintiff is found in this judicial district and because Plaintif is otherwise subject to jurisdiction pursuant to CPLR 301 and 302.

51. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Plaintiff expressly consented to venue in this judicial district and because a substantial part of the events giving rise to the claims herein have occurred in this judicial district.

## AS AND FOR A FIRST COUNTERCLAIM

52. Defendants repeat and reallege each and every allegation contained in paragraphs 49 through 51 above with the same force and effect as if fully set forth herein.

53. Plaintiff is the owner and publisher of <u>The Westchester Guardian</u>, a periodical published on a weekly basis and made available to the public at large.

54. On November 1, 2007, Plaintiff caused to be published in the Westchester Guardian an article entitled "It's Still A Tale of Two Cities…Seriously In Need of Change." A true and correct copy of this article is annexed hereto as Exhibit A.

55. The November 1, 2007 article provides, in pertinent part:

*<u>Consider</u>*:
People now realize the Phil Amicone is a real tyrant, an oppressive politician who cannot accept criticism.

He is no friend of the City's public employees. He called Yonkers teachers "terrorists" for picketing for higher wages. He refused new police and fire department contracts for 2 ½ years.

>He is a huge hypocrite. <u>Pretending to be "holier than thou", he actually frequents strip clubs; even had a "lap dance" from a girl by the name of Sassy.</u>
>
>It's time for honesty and integrity; it's time for Dennis Robertson.

Ex. A (emphasis added).

56.  Plaintiff knew that the statements that Philip A. Amicone "actually frequents strip clubs.. [and] even had a 'lap dance' from a girl by the name of Sassy[,]" were false.

57.  Plaintiff published these statements in an article appearing in the November 1, 2007 edition of <u>The Westchester Guardian</u> with actual malice, i.e., despite knowing that these statements were false and/or in reckless disregard for the truth concerning these statements.

58.  Plaintiff published these statements with the intent, *inter alia,* to damage Defendant's personal, professional, occupational and political reputation.

59.  These false statements made by Plaintiff constitute libel *per se*.

60.  As a proximate result of Plaintiff's actions, Defendant has suffered damages in an amount to be proven at trial.

### AS AND FOR A SECOND COUNTERCLAIM

61.  Defendants repeat and reallege each and every allegation contained in paragraphs 49 through 60 above with the same force and effect as if fully set forth herein.

62.  Plaintiff knew, or should have known, that the statements that Philip A. Amicone "actually frequents strip clubs... [and] even had a 'lap dance' from a girl by the name of Sassy[,]" were false.

63.  Plaintiff negligently published these false statements in an article in the November 1, 2007 edition of <u>The Westchester Guardian</u>.

64.  These false statements made by Plaintiff constitute libel.

65. As a proximate result of Plaintiff's actions, Defendant has suffered special damages in the form of damage to his personal, professional, occupational and political reputation.

66. The amount of special damages incurred by Defendant will be proven at trial.

### AS AND FOR A THIRD COUNTERCLAIM

67. Defendants repeat and reallege each and every allegation contained in paragraphs 49 through 66 above with the same force and effect as if fully set forth herein.

68. At the conclusion of this action, Defendant will be the prevailing party as that term is used under 42 U.S.C. § 1988.

69. Plaintiff is liable to Defendant for his legal fees and expert fees pursuant to 42 U.S.C. § 1988(b) and (c) in connection with his defense and prosecution of this action.

WHEREFORE, Defendant demands judgment as follows:

(i) That the Court dismiss the Complaint in its entirety;

(ii) On the First and Second Counterclaims, damages in an amount to be proven at trial;

(iii) On the Third Counterclaim, legal fees and experts fees pursuant to 42 U.S.C. § 1988(b) and (c); and

(iv) For such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
April 4, 2008

                        DELBELLO DONNELLAN WEINGARTEN
                        WISE & WIEDERKEHR, LLP

                        By: _____
                        Kevin J. Plunkett (KP 3049)
                        Brian T. Belowich (BB 6910)
                        Matthew S. Clifford (MC 1134)
                        1 North Lexington Avenue
                        11th Floor
                        White Plains, NY 10601
                        (914) 681-0200
                        *Attorneys for Defendant*

To:    Lovett & Gould, LLP
        222 Bloomingdale Road
        White Plains, New York 10605
        (914) 428-8401

# EXHIBIT A

# THE WESTCHESTER  GUARDIAN

VOL. II NO. XIII — *Westchester's Most Influential Weekly* — THURSDAY, NOVEMBER 1, 2007

## The Good:


*Dennis Robertson*


*Clinton Young*

## The Bad:


*Phil Amicone*


*Ernest Davis*

## and

## The Ugly:

See... The Advocate, p.5

THE WESTCHESTER GUARDIAN — THURSDAY, NOVEMBER 1, 2007

# Sandy Annabi Strongly Endorses Dennis Robertson

## Tells District Two Constituents "If We Elect Dennis As Our Next Mayor We Will Finally Get Our Fair Share From The City of Yonkers."

Dear Friends and Neighbors,

For the past several years, as your City Council Representative, I have steadfastly fought for your best interests. That is why I am writing to you now, to urge you to go to the polls on Election Day, Tuesday, November 6, and vote for Dennis Robertson for Mayor of Yonkers.

With Dennis Robertson as our Mayor, we, the residents of District Two, will finally get the level of service from the City of Yonkers we have long deserved. Dennis has demonstrated by his conduct on the City Council, that he has the best interests of the residents of Southwest Yonkers at heart.

Dennis Robertson and I have a great working relationship and share the same views on many issues that effect the quality of life of our residents. Dennis Robertson is hardworking and dedicated. He listens and, most importantly, he will help me to help you. This is a very important election for all of Yonkers, but most important for us, the People of District Two. If we elect Dennis as our next Mayor, we will finally get our fair share from the City of Yonkers.

Best regards,
Sandy



*Yonkers City Council Member Sandy Annabi*

## Index

**THE ADVOCATE:**
An Election Day Greeting Card for Yonkers and Mount Vernon Voters..........5
**CLASSIFIED**..........26
**COMMUNITY CALENDAR**..........22, 23
**DESIGN INSPIRATIONS:**
The Master Bedroom: Go From Outdated To Outrageous..........6
**FREEDOM ISN'T FREE:** 'Keep On Pushing'..........8, 9
**HOROSCOPE:** Shimmering Stars, Nov. 1 - 7..........14, 15
**IN OUR OPINION:** The Old Grey Lady Has Become Irrelevant..........4
**LIVING LATINO IN WESTCHESTER:**
Recognizing Mental Health Issues In The Latino Community..........10, 17
**OUR READERS RESPOND:**..........4, 17
**TAKING JUDICIAL NOTICE:**
Judge William H. Robertson, Part II: The Judge Vs. The Machine..........20, 21
**THE COURT REPORT:**
What Injustice One Judge Signs Off On Let No Other Set Aside..........3
**THIS WEEK IN HISTORY:** Nov. 1 - 7..........24, 26

## THE WESTCHESTER GUARDIAN 

2 William Street, Suite 406 — White Plains, NY 10601

*Westchester's Most Influential Weekly*

Publisher:
Guardian News Corp.
Sam Zherka, President

Editor-in-Chief:
Richard Blassberg

Graphic Designer/Newspaper & Advertising Design
John Tufts

Editorial: 914.328.3096 • F. 914.328.3824 • editor@westchesterguardian.com
Advertising: 914.576.1481 • F. 914.633.0806 • advertising@westchesterguardian.com

**Published Every Thursday**

THE WESTCHESTER GUARDIAN — THURSDAY, NOVEMBER 1, 2007 — PAGE

# The Advocate
### Richard Blassberg

# It's Still A Tale Of Two Cities...
# Seriously In Need of Change!



*It's all about me*

**Consider:**

Ernie Davis is a very tired act. The truth is, he is very frightened to give up control for fear that he will be more vulnerable to criminal apprehension.

Ernie has long ago stopped caring about what is best for the families of Mount Vernon; and, now, his poor judgment, his self-serving conduct, and his broken promises, have caught up with him.

Things have grown so bad in many areas of the city, crime so rampant, taxes so high, the quality of life so desperate, that some families have moved back to the Bronx.

It is time for positive change; it's time for Clinton Young.



*Dr. Jekyll & Mr. Hyde*

**Consider:**

People now realize that Phil Amicone is a real tyrant, an oppressive politician who cannot accept criticism.

He is no friend of the city's public employees. He called Yonkers teachers "terrorists" for picketing for higher wages. He refused new police and fire department contracts for 2 1/2 years.

He is a huge hypocrite. Pretending to be "holier than thou", he actually frequents strip clubs; even had a "lap dance" from a girl by the name of Sassy.

It's time for honesty and integrity; it's time for Dennis Robertson.