*Filed Electronically*

# United States District Court
## Southern District of New York

**08 cv 2062 (CLB)(GAY)**

———————

**SELIM ZHERKA,**

*Plaintiff,*

*- against -*

**MICHAEL F. BOGDANOS, individually; MICHAEL R. EDELMAN, a/k/a "THE CONSULTANT", individually; PHILIP AMICONE, individually and in his capacity as the Mayor of the City of Yonkers, New York; DAVID "DOE" a/k/a "ETHAN EDWARDS", individually; EDMOND ROE a/k/a "MOB BUSTER", individually; JOHN POE, individually, WILLIAM ROE, individually; and JANET DOE, individually,**

*Defendants.*

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MATTHEW F. BOGDANOS'S MOTION TO DISMISS AND/OR STAY THIS ACTION

**ROBERT M. MORGENTHAU**
**District Attorney, New York County**
**as Special Assistant Corporation Counsel**
**One Hogan Place**
**New York, New York 10013**
**(212) 335-9000**

**By: Michael S. Morgan (MM-9360)**
     **Assistant District Attorney**
     **Of Counsel**

*FILED ELECTRONICALLY*

## TABLE OF CONTENTS

Page

INTRODUCTION ........................................................................................................ 1

THE ALLEGATIONS OF THE COMPLAINT ......................................................... 2

ARGUMENT ............................................................................................................. 4

POINT I

                         YOUNGER ABSTENTION PRINCIPLES REQUIRE THE
                         COURT TO ABSTAIN FROM ENTERTAINING
                         PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF. ..........................4

POINT II

                         PLAINTIFF'S CLAIMS FOR MONEY DAMAGES
                         AGAINST ADA BOGDANOS MUST EITHER BE
                         STAYED OR DISMISSED FOR FAILURE TO STATE A
                         CLAIM UPON WHICH RELIEF MAY BE GRANTED. .........................13

CONCLUSION ..........................................................................................................19

## TABLE OF AUTHORITIES

### FEDERAL CASES

Alleyne v. City of New York, 225 F. Supp.2d 391 (S.D.N.Y. 2002)..............................................11

Barr v. Abrams, 641 F. Supp. 547 (S.D.N.Y. 1986), aff'd, 810 F.2d 358 (2d Cir. 1987).......13, 16

Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007)..................................14, 18

Bernard v. County of Suffolk, 356 F.3d 495 (2d Cir. 2004)..........................................................16

Brennick v. Hynes, 471 F. Supp. 863 (N.D.N.Y. 1979)..................................................................6

Buckley v. Fitzsimmons, 509 U.S. 259 (1993)........................................................................15-16

Campo v. New York City Employees' Retirement Sys., 843 F.2d 96 (2d Cir. 1988).......................8

Carrasquillo v. City of New York, 324 F. Supp.2d 428 (S.D.N.Y. 2004).......................................19

Christ the King Regional High School v. Culvert, 815 F.2d 219 (2d Cir. 1987)............................6

Christopher v. Harbury, 536 U.S. 403 (2002)..............................................................................15

Ciambriello v. County of Nassau, 292 F.3d 307 (2d Cir. 2002).....................................................18

Coakley v. Jaffe, 49 F. Supp.2d 615 (S.D.N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000)..............9

Cooper v. Parsky, 140 F.3d 433 (2d Cir. 1998)............................................................................15

Craig v. Barney, 678 F.2d 1200 (4th Cir. 1982).........................................................................6-7

Cullen v. Fliegner, 18 F.3d 96 (2d Cir. 1994)..............................................................................10

Davis v. Lansing, 851 F.2d 72 (2d Cir. 1988)................................................................................7

Deakins v. Monaghan, 484 U.S. 193 (1988)............................................................................6, 14

Deaver v. Seymour, 822 F.2d 66 (D.C. Cir. 1987).........................................................................7

Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191 (2d Cir. 2002)............................5, 9-10

Dorman v. Higgins, 821 F.2d 133 (2d Cir. 1987).........................................................................15

Dory v. Ryan, 25 F.3d 81 (2d Cir. 1994).....................................................................................16

Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211 (1979).................................................4

Ebanks v. Torres, 2005 U.S. Dist. LEXIS 3047 (S.D.N.Y. Feb. 24, 2005)...................................11

Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197 (2007)............................................14

Feerick v. Sudolnik, 816 F. Supp. 879 (S.D.N.Y.), aff'd, 2 F.3d 403 (2d Cir. 1993) ..................14

Gibson v. Berryhill, 411 U.S. 564 (1973).......................................................................5

Hartford Courant Co. v. Pellegrino, 380 F.3d 83 (2d Cir. 2004)....................................5

Haygood v. City of New York, 64 F. Supp.2d 275 (S.D.N.Y. 1999)............................................12

Hicks v. Miranda, 422 U.S. 332 (1975)...........................................................................6

Hill v. City of New York, 45 F.3d 653 (2d Cir. 1995) ...................................................16

Hirschfeld v. City of New York, 1997 U.S. Dist. LEXIS 14942 (S.D.N.Y. Sept. 30, 1997)........12

Huffman v. Pursue, Ltd., 420 U.S. 592 (1975) ...........................................................7, 9

Iglecia v. Serrano, 882 F. Supp. 26 (D. Puerto Rico 1995) ................................................9

Imbler v. Pachtman, 424 U.S. 409 (1976) ...................................................................15

Inmates of Attica Correctional Facility v. Rockefeller, 453 F.2d 12 (2d Cir. 1971)......................6

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) ...............................................................14

Kaylor v. Fields, 661 F.2d 1177 (8th Cir. 1981)........................................................6, 9

Kern v. Clark, 331 F.3d 9 (2d Cir. 2003)................................................................ 9-11

Kirschner v. Klemons, 225 F.3d 227 (2d Cir. 2000) ................................................ 10-11

Kugler v. Helfant, 421 U.S. 117 (1975)....................................................................5, 8

Law Firm of Daniel P. Foster, P.C. v. Dearie, 613 F. Supp. 278 (E.D.N.Y. 1985)..................6, 10

Maglione v. Briggs, 748 F.2d 116 (2d Cir. 1984)........................................................16

Mason v. Departmental Disciplinary Comm., Appellate Div. of the Supreme Court, State of N.Y., First Judicial Dept., 894 F.2d 512 (2d Cir. 1990)....................................................10

Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982) .....................9

Mirka United, Inc. v. Cuomo, 2007 U.S. Dist. LEXIS 87385 (S.D.N.Y. Nov. 27, 2007) .............6

Monaghan v. Deakins, 798 F.2d 632 (3d Cir. 1986) .......................................................6

Morales v. Trans World Airlines, Inc., 504 U.S. 374 (1992) ...........................................6

Nick v. Abrams, 717 F. Supp. 1053 (S.D.N.Y. 1989) ................................................ 7-8

Notey v. Hynes, 418 F. Supp. 1320 (E.D.N.Y. 1976) .................................................6, 8

Paul v. Davis, 424 U.S. 693 (1976) ..........................................................................9

Perez v. Ledesma, 401 U.S. 82 (1971) .....................................................................10

Pinaud v. County of Suffolk, 52 F.3d 1139 (2d Cir. 1995) ...................................... 16-17

Powers v. Coe, 728 F.2d 97 (2d Cir. 1984) ..............................................................17

Rivers v. McLeod, 252 F.3d 99 (2d Cir. 2001)...........................................................13

Romer v. Morgenthau, 119 F. Supp.2d 346 (S.D.N.Y. 2000)......................................19

Ruotolo v. City of New York, 514 F.3d 184 (2d Cir. 2008)....................................14, 18

Schiavone Constr. Co. v. New York City Transit Authority, 593 F. Supp. 1257 (S.D.N.Y. 1984) ...................................................................................................................12

Schlagler v. Phillips, 166 F.3d 439 (2d Cir. 1999) ................................................. 9-10

Shmueli v. City of New York, 424 F.3d 231 (2d Cir. 2005) ..................................... 16-17

Siegert v. Gilley, 500 U.S. 226 (1991) .......................................................................9

Smith v. Gribetz, 958 F. Supp. 145 (S.D.N.Y. 1997) ............................................. 16-17

Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65 (2d Cir. 2003) ....................5, 14

Sutton v. United Air Lines, Inc., 527 U.S. 471 (1999) ................................................14

Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) ...................................................15

Temple of The Lost Sheep, Inc. v. Abrams, 761 F. Supp. 237 (E.D.N.Y. 1989).........................12

Texas Ass'n of Business v. Earle, 388 F.3d 515 (5th Cir. 2004)....................................6

Transhorn, Ltd. v. United Techs. Corp. (In re Elevator Antitrust Litig.), 502 F.3d 47 (2d Cir. 2007) ...................................................................................................................18

United States v. Monia, 317 U.S. 424 (1943)..............................................................6

United States v. Sarivola, 1997 U.S. Dist. LEXIS 3399 (S.D.N.Y. Mar. 24, 1997) ....................11

University Club v. City of New York, 842 F.2d 37 (2d Cir. 1988)............................6, 8

Walker v. Jastremski, 430 F.3d 560 (2d Cir. 2005) .....................................................18

Webb v. Goord, 340 F.3d 105 (2d Cir. 2003)..............................................................19

Younger v. Harris, 401 U.S. 37 (1971)................................................................1-2, 4-14

Zahrey v. Coffey, 221 F.3d 342 (2d Cir. 2000) ...........................................................16

### STATE CASES

Hirschfeld v. City of New York, 253 A.D.2d 53 (1st Dept. 1999).................................17

Matter of Dondi v. Jones, 40 N.Y.2d 8 (1976) ............................................................8

Matter of Hynes v. Lerner, 44 N.Y.2d 329 (1978) .......................................................4

Matter of McGinley v. Hynes, 51 N.Y.2d 116 (1980)...................................................8

People v. Di Fabio, 170 A.D.2d 1028 (4th Dept. 1991), aff'd, 79 N.Y.2d 836 (1992).................6

Rodrigues v. City of New York, 193 A.D.2d 79 (1st Dept. 1993) ................................17

Zimmerman v. City of New York, 52 Misc.2d 797 (Supreme Ct., N.Y. Co. 1966)....................12

### FEDERAL: STATUTES AND RULES

42 U.S.C. § 1983.......................................................................................1, 4, 17

42 U.S.C. § 1985(2) ...................................................................................1, 4, 18

Federal Rules of Civil Procedure 4(a)(1)(A) .................................................................1

Federal Rules of Civil Procedure 4(a)(1) (B) ...............................................................1

Federal Rules of Civil Procedure 4(a)(2) ....................................................................1

Federal Rules of Civil Procedure 8(a)(2) ...................................................................14

Federal Rules of Civil Procedure 12(b)(6)................................................................1, 14

Federal Rules of Criminal Procedure 6(e) ..................................................................4

### STATE: CONSTITUTION AND STATUTES

N.Y. Const. Art XIII, § 13(a).......................................................................................12

N.Y. County Law § 926(1) ..........................................................................................12

N.Y. Criminal Procedure Law § 1.20(18)......................................................................5

N.Y. Criminal Procedure Law § 20.40 ........................................................................11

N.Y. Criminal Procedure Law § 190.25(4)................................................................4, 17

N.Y. Criminal Procedure Law § 210.20(1)(b) ....................................................................................7

N.Y. Criminal Procedure Law § 210.20(1)(h) ....................................................................................7

N.Y. Criminal Procedure Law § 210.20(1)(i) ....................................................................................7

N.Y. Criminal Procedure Law § 210.40(1)(e) ....................................................................................7

N.Y. Penal Law §§ 220.31-220.44 ....................................................................................................11

N.Y. Penal Law §§ 230.15-230.35 ....................................................................................................11

N.Y. Penal Law Article 470 ..............................................................................................................11

N.Y. Tax Law § 1801(b) ....................................................................................................................11

*Filed Electronically*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SELIM ZHERKA,

Plaintiff,

- against -                                        08 Cv. 2062 (CLB)(GAY)

MICHAEL F. BOGDANOS, individually; MICHAEL R.      **ECF CASE**
EDELMAN, a/k/a "THE CONSULTANT", individually; PHILIP
AMICONE, individually and in his capacity as the Mayor of the
City of Yonkers, New York; DAVID "DOE" a/k/a "ETHAN
EDWARDS", individually; EDMOND ROE a/k/a "MOB
BUSTER", individually; JOHN POE, individually, WILLIAM
ROE, individually; and JANET DOE, individually,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## MATTHEW F. BOGDANOS'S MOTION TO DISMISS AND/OR STAY THIS ACTION

Defendant Matthew F. Bogdanos,[1] an Assistant District Attorney for New York County

("ADA Bogdanos"), submits this Memorandum of Law in support of his motion for an order:

(1) dismissing plaintiff's claim for injunctive relief against ADA Bogdanos under Younger

abstention principles; and (2) dismissing plaintiff's claims for money damages against ADA

Bogdanos pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, alternatively,

staying these claims until the conclusion of the underlying state criminal proceedings.

## INTRODUCTION

In his complaint (Docket Sheet Entry No. 1), plaintiff advances claims for money

damages against ADA Bogdanos under 42 U.S.C. §§ 1983 and 1985(2), claiming, in a nutshell,

that ADA Bogdanos is wrongfully utilizing an New York County grand jury to investigate

---

[1] Defendant Matthew Bogdanos is incorrectly identified in the summons and complaint as "Michael Bogdanos," rendering the summons technically defective.  See Fed. R. Civ. P. 4(a)(1)(A), (B).  This error may, of course, be cured by amendment.  See Fed. R. Civ. P. 4(a)(2).

plaintiff for suspected criminal activities.   And apart from his claims for money damages, plaintiff is seeking an order from this Court enjoining ADA Bogdanos from continuing that grand jury investigation.   Plaintiff's request for injunctive relief is a blatant attempt to interfere with an ongoing state criminal proceeding, and is therefore barred by <u>Younger</u> abstention principles.   As for plaintiff's claims for monetary relief against ADA Bogdanos, those are foreclosed by the defense of absolute prosecutorial immunity, and are otherwise facially deficient  At a minimum, those causes of action must be stayed until the conclusion of the underlying state criminal proceeding.

## THE ALLEGATIONS OF THE COMPLAINT

According to the complaint, plaintiff is an American citizen of Albanian descent who is "the owner/publisher" of the Westchester Guardian, a weekly periodical (Complaint ¶ 3).  In 2007, plaintiff "actively supported" defendant Philip Amicone's opponent in the 2007 mayoral election campaign for the City of Yonkers (<u>id</u>.).   The Westchester Guardian also published a series of articles criticizing Amicone's past performance as the mayor of Yonkers (<u>id</u>.; <u>see also</u> Complaint ¶ 6).

The Yonkers mayoral race was a topic that was discussed on the web log ("blog") "Politics on the Hudson," which was "operated and maintained by Gannett Suburban Newspapers" (Complaint ¶ 5).  On October 3, 2007, defendant Michael R. Edelman, who was a political consultant for Amicone, made a post on the blog referring to plaintiff as a "kingpin" of "Albanian organized crime" (<u>id</u>.).  Over the next few days, Edelman and other bloggers (who are also named as a defendants in this action) made various other blog posts alleging that plaintiff and his various business enterprises were involved in criminal activities, and were even being investigated by federal authorities.  Some of those blog entries further alleged that plaintiff was

making and/or organizing questionable campaign contributions to Amicone's opponent for mayor (Complaint ¶¶ 6-22).

Similar sentiments were allegedly expressed by Amicone at an October 17, 2007 Republican ward meeting. At that event, Amicone purportedly told some sixty Yonkers residents that plaintiff was "a convicted drug dealer," an "Albanian mobster," and "thug" (Complaint ¶¶ 24(a)-(b)). Plaintiff further alleges that Amicone stated that if his opponent were elected mayor, plaintiff would open "strip clubs" and "drug dens" throughout Yonkers, and would also "loot" the City of Yonkers and its residents' pension funds (Complaint ¶¶ 24(c)-(e)). According to plaintiff, all of the negative allegations made against him were false, and were made to retaliate against plaintiff for opposing Amicone's candidacy and exposing alleged corruption in Amicone's administration, and also to "deter, intimidate and/or threaten" plaintiff in connection with his anticipated testimony in certain lawsuits pending before this Court (Complaint ¶ 25).

Sometime around October 17, 2007, plaintiff claims that Amicone, Edelman, and others "provided and/or caused to be provided" to ADA Bogdanos purportedly false information linking plaintiff to criminal activity (Complaint ¶ 26). According to plaintiff, those defendants "sought to arrange for [ADA] Bogdanos to investigate that information with a view towards: retaliating against [p]laintiff for his First Amendment exercises; intimidating, deterring, and threatening [p]laintiff in connection with" pending litigation in this Court, and also to otherwise damage his reputation by exposing his alleged involvement in criminal activity (Complaint ¶ 26). Plaintiff further alleges – with absolutely no basis in fact whatsoever – that ADA Bogdanos "agreed (as an accommodation to the Defendants who have strong political ties to the administration of the City of New York) to engage in investigative activities" targeting plaintiff

-3-

(Complaint ¶ 27).[2]  According to plaintiff, ADA Bogdanos is currently investigating him, "by reason of his Albanian mob connection," on charges of "tax fraud, money laundering, illicit drug dealing, and operating a prostitution ring" (Complaint ¶ 11).  In doing so, ADA Bogdanos has allegedly caused a New York County grand jury to issue subpoenas to numerous individuals, which, plaintiff claims, has impaired his "credit, business operations, and business relationships" (Complaint ¶ 28).

## ARGUMENT

### POINT I

### YOUNGER ABSTENTION PRINCIPLES REQUIRE THE COURT TO ABSTAIN FROM ENTERTAINING PLAINTIFF'S REQUEST FOR INJUNCTIVE RELIEF.

Apart from his claims for money damages under 42 U.S.C. §§ 1983 and 1985(2), plaintiff seeks an order permanently enjoining ADA Bogdanos from continuing the grand jury investigation which, plaintiff believes, is focused on his alleged criminal conduct (Complaint ¶ 40).  Of course, since New York grand jury proceedings are secret, N.Y. Crim. Proc. Law § 190.25(4); see also Matter of Hynes v. Lerner, 44 N.Y.2d 329, 334 (1978); accord Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 218-19 & n.9 (1979); Fed. R. Crim P. 6(e), ADA Bogdanos cannot discuss either the substance or the target(s) of that proceeding.  For some reason, though, plaintiff is convinced that he is a target of that grand jury, and he is asking this Court to bring the grand jury's investigation to a halt.  But under well-established abstention principles, this Court may not interfere with that ongoing state criminal proceeding.  Plaintiff's claim for injunctive relief must therefore be dismissed with prejudice.

---

[2] While plaintiff has seen fit to accuse ADA Bogdanos of pursuing a baseless criminal investigation for a purely political end, he has not offered a single factual allegation that can support this scurrilous charge.  Plaintiff and his counsel should be required how, consistent with the dictates of Rule 11, they can make this allegation in good faith.  And when they are unable to do so, they should be sanctioned appropriately.

In <u>Younger v. Harris</u>, 401 U.S. 37 (1971), the Supreme Court held that a federal court must abstain from enjoining or otherwise similarly interfering with a pending state criminal proceeding, absent exceptional circumstances creating a threat of irreparable injury "both great and immediate." <u>Id</u>. at 43-44 (internal quotes and citation omitted). The Supreme Court founded this policy of restraint upon principles of equity, comity, and federalism. <u>Id</u>. at 44-46; <u>see also</u> <u>Kugler v. Helfant</u>, 421 U.S. 117, 123 (1975). As the Second Circuit has explained, "'<u>Younger</u> abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims.'" <u>Hartford Courant Co. v. Pellegrino</u>, 380 F.3d 83, 100-01(2d Cir. 2004) (quoting <u>Spargo v. N.Y. State Comm'n on Judicial Conduct</u>, 351 F.3d 65, 75 (2d Cir. 2003)). Since all the elements for <u>Younger</u> abstention are met in this case, "the outright dismissal of [plaintiff's] federal suit" seeking injunctive relief is required. <u>Gibson v. Berryhill</u>, 411 U.S. 564, 577 (1973); <u>see also</u> <u>Diamond "D" Constr. Corp. v. McGowan</u>, 282 F.3d 191, 197 (2d Cir. 2002) ("when <u>Younger</u> applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter").

## A. Ongoing State Proceeding

As the complaint makes clear, plaintiff is seeking to enjoin an ongoing criminal investigation that is being conducted by a New York County grand jury (Complaint ¶ 40). There can be little doubt that a grand jury investigation qualifies as a "pending state proceeding" for <u>Younger</u> purposes. After all, New York law defines a "criminal proceeding" as "any proceeding which (a) constitutes a part of a criminal action or (b) occurs in a criminal court and is related to a prospective, pending or completed criminal action, ... <u>or involves a criminal investigation</u>." N.Y. Crim. Proc. Law § 1.20(18) (emphasis added). There is thus no question that "a Grand Jury

proceeding is part of a criminal proceeding" in New York.  People v. Di Fabio, 170 A.D.2d 1028

(4th Dept. 1991), aff'd, 79 N.Y.2d 836 (1992); accord United States v. Monia, 317 U.S. 424, 427

(1943) ("[a]n investigation by a grand jury is a criminal case" within the meaning of the Fifth

Amendment).  And although the Second Circuit has not spoken on the issue, the district courts in

this circuit have held that a grand jury investigation qualifies as an ongoing state proceeding for

Younger purposes.   Mirka United, Inc. v. Cuomo, 2007 U.S. Dist. LEXIS 87385,*8-*11

(S.D.N.Y. Nov. 27, 2007); Law Firm of Daniel P. Foster, P.C. v. Dearie, 613 F. Supp. 278, 280

(E.D.N.Y. 1985); Notey v. Hynes, 418 F. Supp. 1320, 1326 (E.D.N.Y. 1976); cf. Inmates of

Attica Correctional Facility v. Rockefeller, 453 F.2d 12, 22 (2d Cir. 1971) (dictum characterizing

an ongoing grand jury investigation as "a pending state criminal proceeding"); contra Brennick

v. Hynes, 471 F. Supp. 863, 867 (N.D.N.Y. 1979).[3]  Other federal appellate courts have similarly

so held.  Texas Ass'n of Business v. Earle, 388 F.3d 515, 519-21 (5th Cir. 2004); Craig v.

Barney, 678 F.2d 1200, 1201-02 (4th Cir. 1982); see also Kaylor v. Fields, 661 F.2d 1177, 1182

(8th Cir. 1981); contra Monaghan v. Deakins, 798 F.2d 632, 637 (3d Cir. 1986).[4]  This

conclusion is eminently sound.  After all, "common sense dictates that a criminal investigation is

an integral part of a criminal proceeding," since "[w]ithout subpoenas, grand jury investigations,

and searches pursuant to search warrants, prosecutors seldom could amass the evidence

---

[3] In Brennick, the court reasoned that Younger is inapplicable to grand jury investigations because "the target for investigation has no immediate recourse to state courts." 471 F. Supp. at 867. Of course, since the Second Circuit has since made clear that Younger requires that the plaintiff be afforded "'an adequate opportunity for judicial review of his constitutional claims during or after the proceeding,'" University Club v. City of New York, 842 F.2d 37, 40 (2d Cir. 1988) (quoting Christ the King Regional High School v. Culvert, 815 F.2d 219, 224 (2d Cir. 1987)) (emphasis added), the central underpinning of Brennick's rationale is no longer good law. The Supreme Court has likewise rejected any categorical rule requiring that, for Younger to apply, a criminal prosecution must actually be pending at the time the federal action is commenced. See Hicks v. Miranda, 422 U.S. 332, 348-50 (1975); see also Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381 n.1 (1992) (Younger applies to "an already-pending or an about-to-be-pending state criminal action").

[4] The Supreme Court granted certiorari in Deakins to consider this question, but the issue was mooted before any decision could be rendered. Deakins v. Monaghan, 484 U.S. 193 (1988).

necessary to commence criminal actions." <u>Nick v. Abrams</u>, 717 F. Supp. 1053, 1056 (S.D.N.Y. 1989).

### B.  Important State Interest

While plaintiff may protest his innocence (<u>see</u> Complaint ¶¶ 26-28), there can be no doubt that the grand jury investigation is being conducted to determine whether, in fact, a crime has been committed by some person or persons.  Plaintiff cannot seriously claim otherwise; indeed, he has essentially admitted this fact (<u>see</u> Complaint ¶ 28) (alleging that ADA Bogdanos "is investigating [p]laintiff … [for] tax fraud, money laundering, illicit drug dealings, and operation of a prostitution ring").  And, needless to say, a state's interest in the enforcement of its criminal law is sufficiently important to merit <u>Younger</u> abstention.  Indeed, "<u>Younger</u> itself settled the importance of the state's interest in criminal proceedings."  <u>Davis v. Lansing</u>, 851 F.2d 72, 76 (2d Cir. 1988); <u>see also</u> <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 601-05 (1975).  For similar reasons, the state's "interest in the unfettered operation of its grand jury system is … [also] sufficient to invoke the <u>Younger</u> doctrine."  <u>Craig v. Barney</u>, 678 F.2d at 1202.

### C.  Opportunity for Judicial Review

Plaintiff also has an adequate opportunity to challenge the grand jury proceeding in the New York courts.  If an indictment is returned against him, plaintiff can challenge the validity of that indictment on a host of grounds, <u>e.g.</u>, that it was based on insufficient evidence (<u>see</u> Complaint ¶ 27), N.Y. Crim. Proc. Law § 210.20(1)(b); that the grand jury lacked jurisdiction over the crime(s) (<u>see</u> Complaint ¶ 28), N.Y. Crim. Proc. Law § 210.20(1)(h), or that the indictment was brought for an improper political or personal purpose.  <u>See</u> N.Y. Crim. Proc. Law §§ 210.20(1)(i), 210.40(1)(e).  <u>See also</u> <u>Deaver v. Seymour</u>, 822 F.2d 66, 69-70 (D.C. Cir. 1987) (refusing to enjoin federal grand jury proceeding for similar reasons).  The fact that the investigation may continue for some period

before an indictment issues does not deprive plaintiff of an opportunity for judicial review in the event he is ultimately charged with a crime (an outcome that, it must be stressed, is totally speculative at this point).  Notey v. Hynes, 418 F. Supp. at 1327.  As the Supreme Court has explained, "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' in the 'special legal sense of that term'" necessary to render Younger abstention inapplicable.  Kugler v. Helfant, 421 U.S. at 124 (quoting Younger v. Harris, 401 U.S. at 46).  And, as has been noted, the Second Circuit has made clear that a plaintiff need not have an immediate avenue of relief in the state courts for Younger to apply.  All that is required is that the state provide plaintiff "an adequate opportunity for judicial review of his constitutional claims during or after the proceeding" at issue.  University Club v. City of New York, 842 F.2d at 40 (internal quotes and citation omitted) (emphasis added).

Moreover, if plaintiff continues to believe that the grand jury's "pre-indictment investigation is unduly prolonged, [he] remain[s] free to challenge the prosecutor['s] conduct in an Article 78 proceeding," which is an adequate state forum for Younger purposes.  Nick v. Abrams, 717 F. Supp. at 1057 (citing Campo v. New York City Employees' Retirement Sys., 843 F.2d 96 (2d Cir. 1988)).[5]  And, of course, if plaintiff is never indicted, he will have no federal civil rights claim to press against ADA Bogdanos.  Obviously, an individual suffers no constitutional violation by a grand jury investigation that results in neither his arrest, prosecution, nor any seizure of his property.  As the Eighth Circuit has explained, "[b]eing the object of a criminal investigation, whether rightly or wrongly, is just one of the burdens to which every citizen is exposed.  Grand juries, the FBI, and

---

[5] Under New York law, "a public prosecutor is a quasi-judicial officer … and is subject to prohibition under proper circumstances not alone confined to double jeopardy situations."  Matter of Dondi v. Jones, 40 N.Y.2d 8, 13 (1976).  Thus, if plaintiff could show that the grand jury investigation had progressed beyond "the investigative, fact-finding stage" – i.e., if there was some "concrete indication" that the grand jury had zeroed in on plaintiff as a suspected offender – and if he could further show that the prosecutor was acting in excess of his authority, Article 78 relief would be available.  Matter of McGinley v. Hynes, 51 N.Y.2d 116, 125-26 (1980).

the like are lawfully charged with investigation of suspected criminal activities. The fact that the plaintiff[] [is] the object[] of such an investigation, in and of itself, does not give rise to a federal claim." Kaylor v. Fields, 661 F.2d at 1181-82. Further, the mere fact that plaintiff believes his business reputation is being damaged by this investigation (see Complaint ¶¶ 26, 28), even if true, does not amount to a constitutional violation, Coakley v. Jaffe, 49 F. Supp.2d 615, 625 (S.D.N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000); see also Siegert v. Gilley, 500 U.S. 226, 233-34 (1991); Paul v. Davis, 424 U.S. 693, 712 (1976), nor does this circumstance suffice to render Younger abstention inapplicable. Iglecia v. Serrano, 882 F. Supp. 26, 29 (D. Puerto Rico 1995).

### D. No Exception to the Younger Doctrine Applies Here

Even when the requisites for Younger abstention are present, a federal court may nevertheless enjoin a state proceeding if "extraordinary circumstances have been presented to indicate that abstention would not be appropriate." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 437 (1982). Thus, Younger will not apply if the plaintiff can make a sufficient showing that the state proceeding was brought in "bad faith" for purposes of "harassment," Younger v. Harris, 401 U.S. at 53, or in retaliation for the plaintiff's exercise of his First Amendment rights. Schlagler v. Phillips, 166 F.3d 439, 443 (2d Cir. 1999). However the bad faith/harassment exception to Younger abstention is meant to be a "narrow" one. Huffman v. Pursue, Ltd., 420 U.S. at 611. Indeed, in Younger itself the Supreme Court emphasized its intent to "confine[] very narrowly the availability of injunctive relief against state criminal prosecutions." 401 U.S. at 53. And, it is decidedly plaintiff's burden to establish that this exception applies. Kern v. Clark, 331 F.3d 9, 11 (2d Cir. 2003); Diamond "D" Constr. Corp. v. McGowan, 282 F.3d at 198.

The availability of the bad faith/harassment exception ultimately turns on "the subjective motivation of the state authority" in question, Diamond "D" Constr. Corp. v. McGowan, 282 F.3d at 199, and is typified by instances where it can be shown that the prosecutor pursued a case "in bad faith without hope of obtaining a valid conviction." Perez v. Ledesma, 401 U.S. 82, 85 (1971). It should be noted, though, that absent an attempt to enforce a flagrantly unconstitutional statute (a situation not alleged to be occurring here), a single criminal proceeding directed at an individual will rarely, if ever, suffice to support an inference of prosecutorial bad faith. See Younger v. Harris, 401 U.S. at 49, 53-54; Schlagler v. Phillips, 166 F.3d at 443-44; see also Law Firm of Daniel P. Foster, P.C. v. Dearie, 613 F. Supp. at 281-82. Rather, the plaintiff must demonstrate that the prosecutor had either a pre-existing history of animus toward him that could plausibly support an inference of bad faith, see Cullen v. Fliegner, 18 F.3d 96, 104 (2d Cir. 1994), or else had previously subjected him to a series of weak or baseless prosecutions. See Kern v. Clark, 331 F.3d at 11-12. And, on this point, the Second Circuit has stressed that a plaintiff cannot meet his burden by advancing "[m]ere conclusory allegations" of bad faith. Kirschner v. Klemons, 225 F.3d 227, 236 (2d Cir. 2000); see also Mason v. Departmental Disciplinary Comm., Appellate Div. of the Supreme Court, State of N.Y., First Judicial Dept., 894 F.2d 512, 515 (2d Cir. 1990). Rather, "a plaintiff seeking to avoid Younger must affirmatively demonstrate the justification for application of an exception." Kirschner v. Klemons, 225 F.3d at 236. Plaintiff has not done so.

In his complaint, plaintiff alleges that the grand jury investigation is targeting him "without the benefit of any evidence whatsoever involving the commission by [p]laintiff of any crime," and is focusing on crimes outside ADA Bogdanos's geographic jurisdiction (Complaint ¶

28).[6]  Of course, since this grand jury proceeding is secret, plaintiff obviously has no knowledge of the crime(s) being investigated, the target(s) of that investigation, the evidence of criminality amassed by the grand jury, or the jurisdictional basis for that investigation.  One is thus forced to question the good faith basis for plaintiff's allegations on this point.  And, indeed, it is perfectly clear what is going on here.  Unconstrained by the dictates of Rule 11, plaintiff is simply parroting the allegations he thinks are necessary to plead around Younger.  But as noted, these type of conclusory (and unfounded) allegations are simply not sufficient to establish an exception to Younger abstention.[7]  See, e.g., Kirschner v. Klemons, 225 F.3d at 236-37; Alleyne v. City of New York, 225 F. Supp.2d 391, 394-95 (S.D.N.Y. 2002); United States v. Sarivola, 1997 U.S. Dist. LEXIS 3399, *5 (S.D.N.Y. Mar. 24, 1997).

Plaintiff also baldly alleges that ADA Bogdanos is conducting that grand jury investigation at the behest of the other defendants, purportedly to help them retaliate for plaintiff's efforts to oppose the Yonkers mayoral candidacy of defendant Amicone (Complaint ¶¶ 26-27).  Again, though, plaintiff advances no specific facts to support this wild allegation of prosecutorial misconduct.  Apart from his obvious paranoia, plaintiff posits no plausible explanation why a New York County prosecutor – with no alleged prior relationship with any of the defendants – would undertake an unwarranted criminal investigation at their behest.  Plaintiff

---

[6] Since the crimes plaintiff believes are being investigated – tax fraud, money laundering, drug dealing, and promoting prostitution (Complaint ¶ 28) – are all criminal offenses in New York, N.Y. Tax Law § 1801(b) (tax fraud); N.Y. Penal Law Article 470 (money laundering); N.Y. Penal Law §§ 220.31-220.44 (drug dealing); N.Y. Penal Law §§ 230.15-230.35 (promoting prostitution), the only jurisdictional issue plaintiff can possibly be referring to is the geographical jurisdiction of the New York County District Attorney.  See N.Y. Crim. Proc. Law § 20.40.

[7] If a plaintiff advances specific factual allegations sufficient to raise a plausible inference of bad faith, an evidentiary hearing on that issue may be required.  See Kern v. Clark, 331 F.3d at 12.  However, where, as here, the allegations of the complaint are too conclusory to raise a plausible inference of bad faith, no such hearing is needed. See, e.g., Ebanks v. Torres, 2005 U.S. Dist. LEXIS 3047, *7*8 (S.D.N.Y. Feb. 24, 2005).  If, however, the Court deems it necessary, ADA Bogdanos can make an ex parte, in camera submission to the Court addressing any question concerning the scope or jurisdictional basis of the grand jury's investigation.

simply asserts, in the most conclusory fashion (and again, in utter disregard for Rule 11), that because the other defendants supposedly have "strong political ties to the Administration of the City of New York," this must mean that ADA Bogdanos agreed to accommodate their purported request for him to investigate plaintiff (Complaint ¶ 27).  Leaving aside that the New York County District Attorney is in no way beholden to "the Administration of the City of New York"[8] – a circumstance which totally undercuts the nefarious motive proffered by plaintiff[9] – the fact remains that plaintiff's "conclusory statements regarding the alleged political motivation underlying the state's investigation fall short of the concrete evidence of retaliation or personal interest deemed sufficient to support a finding of bad faith."  Schiavone Constr. Co. v. New York City Transit Authority, 593 F. Supp. 1257, 1260 n.4 (S.D.N.Y. 1984); see also Hirschfeld v. City of New York, 1997 U.S. Dist. LEXIS 14942, *5-*6 (S.D.N.Y. Sept. 30, 1997) (allegation that "an unspecified 'political establishment,' presumably assisted by defendant Robert M. Morgenthau, the District Attorney of New York County, and in control of the other named defendants, does not wish [plaintiff] him to be elected to office," was insufficient to avoid Younger); Temple of The Lost Sheep, Inc. v. Abrams, 761 F. Supp. 237, 244 (E.D.N.Y. 1989)

---

[8] In New York, a District Attorney is a constitutional officer elected by the electors of his or her respective county, N.Y. Const. Art XIII, § 13(a); see also N.Y. County Law § 926(1), and in that capacity a District Attorney operates with total autonomy from local officials.  Indeed, the simple fact is that the Administration of the City of New York lacks any supervisory authority over District Attorney Morgenthau, and, by extension, his subordinate prosecutors.  See Zimmerman v. City of New York, 52 Misc.2d 797, 801 (Supreme Ct., N.Y. Co. 1966) ("no one will be heard to argue that the City through any of its agents has the power to order the District Attorney about or to control the manner in which he is to perform his constitutional and statutory duties"); see also Haygood v. City of New York, 64 F. Supp.2d 275 (S.D.N.Y. 1999) ("the District Attorney is a constitutional officer of New York County, not an employee or agent of the City of New York").

[9] Plaintiff's basic theory is that ADA Bogdanos is helping the other defendants pursue a political vendetta against plaintiff.  But since District Attorney Morgenthau is a Democrat, and defendant Amicone is a Republican, it is hard to see why District Attorney Morgenthau would "encourage[]" ADA Bogdanos to retaliate against plaintiff for his efforts to support Amicone's Democratic opponent in the Yonkers mayoral race (Complaint ¶ 4).  This is just further evidence of how preposterous plaintiff's allegations of prosecutorial misconduct really are.

(same where the plaintiff advanced only "conclusory allegations" of "collusion between the Attorney General and the Daily News").

* * * * * * * * * *

Plaintiff's request for injunctive relief must be seen for what it is – an attempt to utilize the federal courts to shut down a New York County grand jury investigation that, plaintiff believes, may ultimately result in his indictment.  This kind of interference with state criminal proceedings is, of course, precisely what <u>Younger</u> is designed to prevent.  As then-district judge Leval aptly put it, "[f]ederal courts cannot permit the civil rights action to be used as a combative defense against a state criminal prosecutor's conduct of an investigation."  <u>Barr v. Abrams</u>, 641 F. Supp. 547, 554 (S.D.N.Y. 1986), <u>aff'd</u>, 810 F.2d 358 (2d Cir. 1987).  Plaintiff's claim for injunctive relief must therefore be dismissed with prejudice.

<u>POINT II</u>

<u>PLAINTIFF'S CLAIMS FOR MONEY DAMAGES AGAINST ADA BOGDANOS MUST EITHER BE STAYED OR DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.</u>

While <u>Younger</u> bars plaintiff's claim for injunctive relief, this abstention doctrine is inapplicable to plaintiff's claims for money damages against ADA Bogdanos.  <u>See</u> <u>Rivers v. McLeod</u>, 252 F.3d 99, 101-02 (2d Cir. 2001) ("the <u>Younger</u> doctrine is inappropriate where the litigant seeks money damages for an alleged violation of § 1983").  Nevertheless, since plaintiff's civil rights claims against ADA Bogdanos stem from his conduct during an ongoing grand jury proceeding (Complaint ¶¶ 26-28, 31, 33), the same comity concerns are implicated. Simply put, it would be unseemly for a federal court to require a state prosecutor to defend his actions in pursuing a grand jury investigation while that investigation is active.  Under these circumstances, the Court should, at a minimum, stay plaintiff's claims for monetary relief against

ADA Bogdanos until the underlying state criminal proceedings are concluded.  <u>Deakins v.</u>

<u>Monaghan</u>, 484 U.S. 193, 202-04 (1988); <u>Feerick v. Sudolnik</u>, 816 F. Supp. 879, 883 (S.D.N.Y.),

<u>aff'd</u>, 2 F.3d 403 (2d Cir. 1993); <u>see also</u> <u>Spargo v. N.Y. State Comm'n on Judicial Conduct</u>, 351

F.3d 65, 74 (2d Cir. 2003) ("dismissal or a stay of claims is mandatory when the requirements

for <u>Younger</u> abstention are satisfied").  Here, though, since plaintiff has failed to state a viable

claim for relief against ADA Bogdanos, these claims may be dismissed pursuant to Rule 12(b)(6)

of the Federal Rules of Civil Procedure.

Under the "notice pleading" standard of Fed. R. Civ. P. 8(a)(2), a plaintiff is not required

to advance every particular fact underlying his complaint to state a viable cause of action, so

long as his pleading affords the defendants fair notice of the claims being made against them.

<u>See</u> <u>Erickson v. Pardus</u>, ___ U.S. ___, ___, 127 S. Ct. 2197, 2200 (2007).  But while this is an

admittedly liberal standard, it is not without limits.  As the Supreme Court has recently made

clear, for a complaint to survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the

plaintiff must do more than offer "a formulaic recitation of the elements of a cause of action";

rather, he must advance sufficient factual allegations that, taken as true, are "enough to raise a

right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, ___,

127 S. Ct. 1955, 1964-65 (2007); <u>see also</u> <u>Iqbal v. Hasty</u>, 490 F.3d 143, 156-58 (2d Cir. 2007).

Thus, to survive a motion to dismiss, "a complaint must plead 'enough facts to state a claim to

relief that is plausible on its face.'" <u>Ruotolo v. City of New York</u>, 514 F.3d 184, 188 (2d Cir.

2008) (citation omitted).

Of course, in passing on a motion to dismiss under Rule 12(b)(6), the Court's inquiry is

generally limited to testing the allegations of the complaint.  <u>See</u>, <u>e.g.</u>, <u>Sutton v. United Air</u>

<u>Lines, Inc.</u>, 527 U.S. 471, 475 (1999).  That is, the Court must generally assume the truth of

plaintiff's factual allegations for purposes of such a motion.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002).  But the Court is not required to accept as true allegations that are fancifully or patently false, nor need it accept legal conclusions couched as factual assertions.  See Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998) ("bald assertions and conclusions of law are insufficient" to survive a motion to dismiss).  So viewing plaintiff's complaint, and drawing all reasonable inferences in his favor, Christopher v. Harbury, 536 U.S. 403, 406 (2002), it is evident that plaintiff has no viable cause of action against ADA Bogdanos.

In his complaint, plaintiff accuses ADA Bogdanos of conducting a grand jury investigation into allegations of criminal conduct by plaintiff, even though he supposedly knows "that the allegations against [p]laintiff [are] totally false" (Complaint ¶¶ 26-28).  Plaintiff further claims that, in a conspiracy with the other defendants, ADA Bogdanos agreed to undertake that investigation not only to help those defendants retaliate against plaintiff for opposing Amicone's reelection as mayor of Yonkers (Complaint ¶¶ 3, 5-28), but also to "deter[], intimidate[e], and/or threaten[] [plaintiff] with respect to his prospective testimony as a party" in several lawsuits pending before this Court (Complaint ¶ 28).  Even accepting the truth of these allegations of prosecutorial malfeasance – which, again, have been made in utter disregard of Rule 11 – plaintiff's complaint nevertheless has to be dismissed as against ADA Bogdanos.

The Supreme Court has made plain that "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); see also Imbler v. Pachtman, 424 U.S. 409, 431 (1976).  And, because this immunity is absolute, it cannot be overcome by allegations that the actions of the prosecutor were intentional or even malicious, Dorman v. Higgins, 821 F.2d 133, 139 (2d

Cir. 1987), or were undertaken as part of some ill-intentioned conspiracy.  Shmueli v. City of New York, 424 F.3d 231, 237-39 (2d Cir. 2005); Pinaud v. County of Suffolk, 52 F.3d 1139, 1148-49 (2d Cir. 1995); Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994).  Indeed, when the bar of prosecutorial immunity applies, it forecloses any claim that the prosecutor knowingly targeted an innocent individual, Shmueli v. City of New York, 424 F.3d at 236-39, prosecuted the plaintiff for some retaliatory motive, Barr v. Abrams, 810 F.2d 358, 360-61 (2d Cir. 1987), or purpose of harassment, Shmueli v. City of New York, 424 F.3d at 237-38, or focused on the plaintiff to further a political agenda.  Bernard v. County of Suffolk, 356 F.3d 495, 504 (2d Cir. 2004).

Plaintiff's claims against ADA Bogdanos focus exclusively on his conduct in conducting a grand jury investigation (see Complaint ¶¶ 26-28, 31, 33).  The Second Circuit, though, has held that the shield of prosecutorial immunity generally covers claims alleging misconduct before a grand jury, especially where the prosecutor is acting in furtherance of obtaining an indictment against a suspected criminal.  Bernard v. County of Suffolk, 356 F.3d at 503; Pinaud v. County of Suffolk, 52 F.3d at 1149; Hill v. City of New York, 45 F.3d 653, 660-61 (2d Cir. 1995); Maglione v. Briggs, 748 F.2d 116, 118 (2d Cir. 1984).  Of course, since prosecutorial immunity does not apply to purely investigative conduct, see Buckley v. Fitzsimmons, 509 U.S. at 273; Zahrey v. Coffey, 221 F.3d 342, 349 (2d Cir. 2000), and since grand juries serve both investigatory and accusatory functions, there are occasions where a prosecutor's activities before a grand jury may only be protected by qualified immunity.  Thus, where a grand jury is conducting a purely investigative function – e.g., where the investigation is only generally looking for evidence of criminality, and has not yet focused on any actual suspects – the prosecutor's conduct during that investigation may be covered by only qualified immunity.  See Smith v. Gribetz, 958 F. Supp. 145, 154 (S.D.N.Y. 1997).  Where, however, the grand jury's

investigation has advanced to the point where a particular individual is being targeted, the prosecutor's actions are absolutely immunized, since at that point the prosecutor is properly viewed as an advocate who, through that investigation, is seeking an indictment. See Powers v. Coe, 728 F.2d 97, 104 (2d Cir. 1984). Here, plaintiff alleges that he is an actual target of the grand jury investigation, and that ADA Bogdanos has not only identified him a suspected wrongdoer, but has also focused the grand jury's investigation on particular crimes allegedly committed by plaintiff (Complaint ¶¶ 26-28). Taking those allegations as true, ADA Bogdanos's conduct before the grand jury is appropriately characterized as advocacy rather than mere investigation, and thus ADA Bogdanos is protected by absolute prosecutorial immunity.[10] See Smith v. Gribetz, 958 F. Supp. at 154-55; see also Powers v. Coe, 728 F.2d at 104 ("we also believe that a prosecutor must be permitted to work with a grand jury totally free of the threat of civil suit").

Apart from the bar of prosecutorial immunity, see, e.g., Shmueli v. City of New York, 424 F.3d at 237-39; Pinaud v. County of Suffolk, 52 F.3d at 1148-49, plaintiff's conspiracy claims suffer from an additional flaw. Basically, plaintiff alleges that ADA Bogdanos conspired with the other defendants to subject him to a baseless grand jury investigation as part of a political vendetta (Complaint ¶¶ 26-28) (thereby violating 42 U.S.C. § 1983), and also to

---

[10] In his complaint, plaintiff makes a passing claim that ADA Bogdanos somehow acted improperly when, in having the grand jury issue various subpoenas, he allegedly requested that the subpoenaed documents be delivered to his office, rather than to the grand jury directly (see Complaint ¶ 28). Plaintiff, though, makes no claim that the grand jury was not sitting when those subpoenas were issued or, more importantly, on the date the subpoenas were returnable. Compare Hirschfeld v. City of New York, 253 A.D.2d 53, 58-59 (1st Dept. 1999) (where a subpoena was "returnable before a sitting Grand Jury, there is no question but that the Assistant District Attorney was acting in her quasi-judicial role as the Grand Jury's legal advisor and is thus entitled to absolute immunity from civil claims arising out of that prosecution") with Rodrigues v. City of New York, 193 A.D.2d 79, 85-86 (1st Dept. 1993) (contra where no grand jury was sitting). And, since New York law specifically allows a prosecutor to "independently examine" evidence obtained by grand jury subpoena, N.Y. Penal Law § 190.25(4), ADA Bogdanos's request that the subpoenaed records be delivered to his office prior to their submission to the grand jury, even if true, was perfectly lawful. See Hirschfeld v. City of New York, 253 A.D.2d at 58-59.

"deter[], intimtdat[e], and/or threaten[]" plaintiff concerning his anticipated testimony in several other lawsuits pending before this Court (thereby violating 42 U.S.C. § 1985(2)) (Complaint ¶ 27). Again, though, to survive a motion to dismiss, plaintiff must advance factual allegations which demonstrate that his conspiracy claim "is plausible on its face.'" Ruotolo v. City of New York, 514 F.3d at 188. The idea that ADA Bogdanos conspired with the other defendants to open an unwarranted grand jury investigation simply does not pass this plausibly threshold. As noted previously, not only is there no readily apparent motive for this conspiracy, it is just absurd to think that ADA Bogdanos would ever enter into any such agreement, especially with individuals who he is not even alleged to have known before the grand jury proceeding was commenced. The Supreme Court's Twombly decision requires that a complaint set forth "enough facts to 'nudge [plaintiff's] claim[] across the line from conceivable to plausible,'" Transhorn, Ltd. v. United Techs. Corp. (In re Elevator Antitrust Litig.), 502 F.3d 47, 50 (2d Cir. 2007) (citation omitted), and plaintiff's paranoia is hardly enough to state a plausible conspiracy claim.

Apart from their implausibility, plaintiff's allegations as to the existence of this purported conspiracy are simply too conclusory to survive a motion to dismiss. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-25 (2d Cir. 2002); see also Walker v. Jastremski, 430 F.3d 560, 564 n.5 (2d Cir. 2005) ("conclusory or general allegations are insufficient to state a claim for conspiracy"). Here, plaintiff alleges that ADA Bogdanos conspired with the other defendants to subject him to a baseless grand jury investigation (Complaint ¶¶ 26-28). But while plaintiff blithely asserts that the other defendants "sought to arrange" for ADA Bogdanos to undertake that investigation (Complaint ¶ 26), tellingly absent from the complaint is any allegation that ADA Bogdanos ever met with any of the other defendants, and plaintiff makes no effort to explain exactly how ADA Bogdanos and these individuals formulated their alleged conspiracy against plaintiff. But "[t]o withstand a motion

to dismiss, the conspiracy claim must contain … some factual basis supporting a 'meeting of the minds,'" i.e., allegations which could support an inference "that defendants 'entered into an agreement, express or tacit, to achieve the unlawful end.'" Romer v. Morgenthau, 119 F. Supp.2d 346, 363 (S.D.N.Y. 2000). Here, plaintiff has offered nothing, apart from wholly conclusory assertions, to support his claim the ADA Bogdanos actually reached an agreement with anyone to violate plaintiff's constitutional rights. For this fundamental reason, his conspiracy claim is deficient. See Webb v. Goord, 340 F.3d 105, 111 (2d Cir. 2003) (conspiracy claim dismissed where "[p]laintiffs have not alleged, except in the most conclusory fashion, that any such meeting of the minds occurred among any or all of the defendants"); Carrasquillo v. City of New York, 324 F. Supp.2d 428, 441 (S.D.N.Y. 2004) (same); Romer v. Morgenthau, 119 F. Supp.2d at 363 (same).

## CONCLUSION

Plaintiff's claim for injunctive relief must be dismissed with prejudice, and his claims for money damages should either be stayed or dismissed for failure to state a claim upon which relief can be granted.

Dated:   New York, New York
         May 12, 2008

**ROBERT M. MORGENTHAU**
District Attorney, New York County
as Special Assistant Corporation Counsel
One Hogan Place
New York, New York 10013

By: /s/ Michael S. Morgan
     Michael S. Morgan (MM-9360)
     Assistant District Attorney
      Of Counsel

-19-

TO:    Jonathan Lovett
Attorney for Plaintiff
Lovett & Gould
222 Bloomingdale Road - Suite 305
White Plains, NY 10605

Mitchell John Baker
Attorney for Defendant Edelman
Baker, Leshko, Saline & Blosser, LLP
One North Lexington Avenue
White Plains, NY 10601-1712

William D. Gallagher
Attorney for Defendant Edelman
McMahon, Martine & Gallagher
55 Washington Street, 7th Floor
Brooklyn, NY 11201

Brian Todd Belowich
Attorney for Defendant Amicone
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
One North Lexington Avenue
The Gateway Building,
White Plains, NY 10601

Matthew Sean Clifford
Attorney for Defendant Amicone
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
One North Lexington Avenue
The Gateway Building,
White Plains, NY 10601

(all by ECF)