*Filed Electronically*

---

# United States District Court
## Southern District of New York

**08 cv 2062 (CLB)(GAY)**

---

SELIM ZHERKA,

*Plaintiff,*

### - against -

MICHAEL F. BOGDANOS, individually; MICHAEL R. EDELMAN, a/k/a "THE CONSULTANT", individually; PHILIP AMICONE, individually and in his capacity as the Mayor of the City of Yonkers, New York; DAVID "DOE" a/k/a "ETHAN EDWARDS", individually; EDMOND ROE a/k/a "MOB BUSTER", individually; JOHN POE, individually, WILLIAM ROE, individually; and JANET DOE, individually,

*Defendants.*

---

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MATTHEW F. BOGDANOS'S MOTION TO DISMISS AND/OR STAY THIS ACTION

---

ROBERT M. MORGENTHAU
District Attorney, New York County
as Special Assistant Corporation Counsel
One Hogan Place
New York, New York 10013
(212) 335-9000

By:  Michael S. Morgan (MM-9360)
     Assistant District Attorney
        Of Counsel

*Filed Electronically*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ..................................................................................................... ii

ARGUMENT ........................................................................................................................... 1

CONCLUSION ....................................................................................................................... 5

# TABLE OF AUTHORITIES

## FEDERAL CASES

Deakins v. Monaghan, 484 U.S. 193 (1988) ...................................................................4

Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191 (2d Cir. 2002)......................3

Hartford Courant Co. v. Pellegrino, 380 F.3d 83 (2d Cir. 2004)..................................3

Kern v. Clark, 331 F.3d 9 (2d Cir. 2003).......................................................................3

Kirschner v. Klemons, 225 F.3d 227 (2d Cir. 2000) ......................................................3

Makarova v. United States, 201 F.3d 110 (2d Cir. 2000)...............................................3

Schiavone Constr. Co. v. New York City Transit Authority, 593 F. Supp. 1257 (S.D.N.Y.
    1984) ........................................................................................................................4

Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65 (2d Cir. 2003) ..........4

Younger v. Harris, 401 U.S. 37 (1971)....................................................................... 1-4

## STATE CASES

Matter of Hynes v. Lerner, 44 N.Y.2d 329 (1978) .........................................................3

## STATE: STATUTES

N.Y. Crim. Proc. Law § 190.25(4) ................................................................................3

*Filed Electronically*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SELIM ZHERKA,

Plaintiff,

- against -

MICHAEL   F.   BOGDANOS,   individually;   MICHAEL   R.
EDELMAN, a/k/a "THE CONSULTANT", individually; PHILIP
AMICONE, individually and in his capacity as the Mayor of the City
of   Yonkers,   New   York;   DAVID   "DOE"   a/k/a   "ETHAN
EDWARDS",   individually;   EDMOND   ROE   a/k/a   "MOB
BUSTER", individually; JOHN POE, individually, WILLIAM ROE,
individually; and JANET DOE, individually,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

08 Cv. 2062 (CLB)(GAY)

**ECF CASE**

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MATTHEW F. BOGDANOS'S MOTION TO DISMISS AND/OR STAY THIS ACTION

Defendant Matthew F. Bogdanos (incorrectly identified in the complaint as "Michael
Bogdanos"), an Assistant District Attorney for New York County ("ADA Bogdanos"), submits
this Reply Memorandum of Law in further support of his motion for an order:  (1) dismissing
plaintiff's claim for injunctive relief against ADA Bogdanos under Younger abstention
principles; and (2) dismissing plaintiff's claims for money damages against ADA Bogdanos
pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or, alternatively, staying these
claims until the conclusion of the underlying state criminal proceedings.  ADA Bogdanos will
address only those matters not fully discussed in his earlier submission.

## ARGUMENT

Plaintiff's complaint (Docket Sheet Entry No. 1) seeks to hold ADA Bogdanos liable under
42 U.S.C. §§ 1983 and 1985(2), and alleges that ADA Bogdanos has violated plaintiff's
constitutional rights by wrongfully investigating him for suspected criminal activities (Claims 1 and
2).  In addition to his claims for money damages, plaintiff is also seeking an order from this Court

enjoining ADA Bogdanos from continuing that investigation (Claim 6), which is being conducted under the auspices of a New York County Grand Jury. In his motion to dismiss, ADA Bogdanos argued that plaintiff's prayer for injunctive relief was barred by the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). ADA Bogdanos further argued that in light of that ongoing criminal proceeding, the Court was required, at a minimum, to stay plaintiff's claims for monetary relief, which, in any event, are foreclosed by absolute prosecutorial immunity.

Apart from advancing some new allegations against ADA Bogdanos – allegations that, like those in his complaint, have absolutely no basis in fact whatsoever[1] – plaintiff's response papers make only a minimal effort to answer the legal arguments put forward in ADA Bogdanos's motion. With respect to ADA Bogdanos's Younger argument, plaintiff offers two objections: (1) there is, in fact, no ongoing grand jury investigation, so Younger is inapplicable (see Plaintiff's Response Memorandum at 2, 14-15) (Docket Sheet Entry No. 28); and (2) even if such an investigation is ongoing, Younger is inapplicable because that investigation is being conducted in bad faith (see id. at 20-21). Neither withstands even minimal scrutiny.

Plaintiff's first objection – that there is no ongoing grand jury investigation – does not merely approach the boarder of frivolous, it obliterates it. Plaintiff admits that several grand jury subpoenas have been issued by ADA Bogdanos (Complaint ¶ 28), and it hardly need be said that the issuance of such subpoenas requires that a grand jury be sitting when they are returnable.

---

[1] In his complaint, plaintiff accuses ADA Bogdanos of subjecting him to a baseless criminal investigation in order to aid the other defendants in their pursuit of a political vendetta against plaintiff (Complaint ¶¶ 26-28). But as ADA Bogdanos pointed out in his initial papers, plaintiff has not advanced a single concrete factual allegation, apart from his say so, which suggests that ADA Bogdanos even knows any of the other defendants, let alone that would support an inference that he is pursuing a politically-motivated grand jury investigation. Now, plaintiff has accused ADA Bogdanos of conspiring with the Westchester County District Attorney (Janet DiFiore) and her husband (Denis Glazer) to investigate plaintiff "despite the complete lack of evidence of any criminal wrong-doing" (Plaintiff's Response Memorandum at 18-20). But once again, plaintiff offers no concrete evidence to back up these scurrilous allegations – allegations which are demonstrably false. Plaintiff is evidently willing to say anything, and he obviously has no regard for the truth, nor the pleading requirements of Rule 11.

Indeed, if plaintiff really doubts there is an ongoing grand jury investigation, what exactly is he seeking to enjoin?  In any event, if the Court harbors any doubt on this issue, ADA Bogdanos is, as he stated in his initial motion papers, prepared to make an ex parte, in camera presentation to the Court to resolve any questions the Court might have.[2]  And since a motion to dismiss on Younger grounds "implicates the court's subject matter jurisdiction," Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 90 (2d Cir. 2004), there is no problem with the Court considering such evidence in the context of this motion to dismiss.  See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ("[i]n resolving a motion to dismiss for lack of subject matter jurisdiction … a district court … may refer to evidence outside the pleadings").

Plaintiff's second objection fares no better.  Plaintiff claims that Younger does not apply because the grand jury investigation is being conducted in bad faith, in order to retaliate for plaintiff's exercise of his constitutional rights (see Plaintiff's Response Memorandum at 20-21).  But the law is clear that a "'plaintiff who seeks to head off Younger abstention bears the burden of establishing that one of the exceptions applies.'"  Kern v. Clark, 331 F.3d 9, 11 (2d Cir. 2003) (quoting Diamond "D" Constr. Corp. v. McGowan, 282 F.3d 191, 198 (2d Cir. 2002)).  Here, apart from his conclusory assertions, plaintiff offers nothing that would support an inference of prosecutorial bad faith (see ADA Bogdanos's Initial Memorandum at 10-13) (Docket Sheet Entry No. 18).  But "[m]ere conclusory allegations" of bad faith are insufficient to avoid Younger, since, again, it is plaintiffs burden to "affirmatively demonstrate" that this exception applies.  Kirschner v. Klemons, 225 F.3d 227, 236 (2d Cir. 2000).  Simply put, plaintiff has not adduced "concrete evidence of retaliation or personal interest deemed sufficient to support a

_____

[2] Since grand jury proceedings in New York are secret, N.Y. Crim. Proc. Law § 190.25(4); see also Matter of Hynes v. Lerner, 44 N.Y.2d 329, 334 (1978), any such presentation must be made ex parte and in camera.

finding of bad faith," and his "conclusory statements regarding the alleged political motivation underlying the state's investigation" are not enough to render <u>Younger</u> abstention inapplicable. <u>Schiavone Constr. Co. v. New York City Transit Authority</u>, 593 F. Supp. 1257, 1260 n.4 (S.D.N.Y. 1984).

Finally, plaintiff's perfunctory defense of his claims for monetary relief can be disposed of quickly. Basically, plaintiff asserts that ADA Bogdanos is only entitled to assert a defense of qualified immunity to these causes of action, a defense which he believes would be unsuccessful (<u>see</u> Plaintiff's Response Memorandum at 21-22). Plaintiff is simply wrong on this point. As discussed at length in ADA Bogdanos's initial motion papers, his conduct before the grand jury is shielded by absolute prosecutorial immunity, not qualified immunity (<u>see</u> ADA Bogdanos's Initial Memorandum at 15-17). Finally, irrespective of the immunity issue (and leaving aside that plaintiff's conspiracy claim is insufficiently pleaded), because of the pendancy of the ongoing grand jury investigation, the Court must, at a minimum, stay plaintiff's claims for monetary relief until the state criminal proceedings are concluded. <u>Deakins v. Monaghan</u>, 484 U.S. 193, 202-04 (1988); <u>see also</u> <u>Spargo v. N.Y. State Comm'n on Judicial Conduct</u>, 351 F.3d 65, 74 (2d Cir. 2003) ("dismissal or a stay of claims is mandatory when the requirements for <u>Younger</u> abstention are satisfied").

## <u>CONCLUSION</u>

Plaintiff's claim for injunctive relief must be dismissed with prejudice, and his claims for money damages should either be stayed or dismissed for failure to state a claim upon which relief can be granted.

Dated:   New York, New York
         July 10, 2008

                                        **ROBERT M. MORGENTHAU**
                                         District Attorney, New York County
                                         as Special Assistant Corporation Counsel
                                         One Hogan Place
                                         New York, New York 10013

                                         By: /s/ Michael S. Morgan
                                             Michael S. Morgan (MM-9360)
                                             Assistant District Attorney
                                               Of Counsel

TO:     Jonathan Lovett

Attorney for Plaintiff
Lovett & Gould
222 Bloomingdale Road - Suite 305
White Plains, NY 10605

Mitchell John Baker
Attorney for Defendant Edelman
Baker, Leshko, Saline & Blosser, LLP
One North Lexington Avenue
White Plains, NY 10601-1712

William D. Gallagher
Attorney for Defendant Edelman
McMahon, Martine & Gallagher
55 Washington Street, 7th Floor
Brooklyn, NY 11201

Brian Todd Belowich
Attorney for Defendant Amicone
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
One North Lexington Avenue
The Gateway Building,
White Plains, NY 10601

Matthew Sean Clifford
Attorney for Defendant Amicone
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
One North Lexington Avenue
The Gateway Building,
White Plains, NY 10601

(all by ECF)