*Filed Electronically*

# United States District Court
## Southern District of New York

**08 cv 2062 (CLB)(MDF)**

---

SELIM ZHERKA,

*Plaintiff,*

*- against -*

MICHAEL F. BOGDANOS, individually; MICHAEL R. EDELMAN, a/k/a "THE CONSULTANT", individually; PHILIP AMICONE, individually and in his capacity as the Mayor of the City of Yonkers, New York; DAVID "DOE" a/k/a "ETHAN EDWARDS", individually; EDMOND ROE a/k/a "MOB BUSTER", individually; JOHN POE, individually, WILLIAM ROE, individually; and JANET DOE, individually,

*Defendants.*

---

## DEFENDANT MATTHEW F. BOGDANOS'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

---

**ROBERT M. MORGENTHAU**
**District Attorney, New York County**
**as Special Assistant Corporation Counsel**
**One Hogan Place**
**New York, New York 10013**
**(212) 335-9000**

**By: Michael S. Morgan (MM-9360)**
**Assistant District Attorney**
**Of Counsel**

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................. ii

INTRODUCTION ...........................................................................................................1

PROCEDURAL BACKGROUND......................................................................................2

MAGISTRATE FOX'S JUNE 21, 2008 ORDER ........................................................3

ARGUMENT ...................................................................................................................4

CONCLUSION................................................................................................................8

## TABLE OF AUTHORITIES

### FEDERAL CASES

Barr v. Abrams, 641 F. Supp. 547 (S.D.N.Y. 1986),
    aff'd, 810 F.2d 358 (2d Cir. 1987)......................................................................6

Collens v. City of New York, 222 F.R.D. 249 (S.D.N.Y. 2004) ....................................4

Deakins v. Monaghan, 484 U.S. 193 (1988)...................................................................5

Evans v. Unknown Names of Dept. of Corrections Officers, 2007 U.S. Dist. LEXIS 3071
    (N.D. Cal. Jan. 3, 2007) ............................................................................8

Gibson v. Berryhill, 411 U.S. 564 (1973)......................................................................5

Harlow v. Fitzgerald, 457 U.S. 800 (1982)....................................................................6

Mathias v. Jacobs, 167 F. Supp. 2d 606 (S.D.N.Y. 2001) .............................................4

Miller v. Gammie, 292 F.3d 982 (9th Cir. 2002) ...........................................................6

Mitchell v. Forsyth, 472 U.S. 511 (1985) ......................................................................6

O'Dwyer v. United States, 2007 U.S. Dist. LEXIS 44341 (E.D. La. June 19, 2007) ....8

Seales v. Panamanian Aviation Co., 2008 U.S. Dist. LEXIS 14429 (E.D.N.Y. Feb. 25,
    2008) ............................................................................................................8

Siegert v. Gilley, 500 U.S. 226 (1991) ...........................................................................6

Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65 (2d Cir. 2003) ..........5

Spencer Trask Software & Info. Servs. v. RPost Int'l, 206 F.R.D. 367 (S.D.N.Y. 2002)..............4

Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522 (2d Cir. 1990) ...........................4

Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127 (2d Cir. 1987)....................................4

Younger v. Harris, 401 U.S. 37 (1971)................................................................2-3, 5-6

### FEDERAL: STATUTES AND RULES

28 U.S.C. § 636(b)(1) ....................................................................................................1

28 U.S.C. § 636(b)(1)(A)...............................................................................................4

42 U.S.C. § 1983............................................................................................................2

42 U.S.C. § 1985(2) ........................................................................................2

Federal Rule of Civil Procedure 16(b) .........................................................7

Federal Rule of Civil Procedure 26(d) ......................................................7, 8

Federal Rule of Civil Procedure 26(f) ......................................................2, 7

Federal Rule of Civil Procedure 33(a) .........................................................8

Federal Rule of Civil Procedure 33(b)(3), (b)(4) .........................................7

Federal Rule of Civil Procedure 33 (b)(4) ...................................................7

Federal Rule of Civil Procedure 72(a) ......................................................1, 4

Federal Rule of Civil Procedure 26(c) .........................................................4

Federal Rule of Criminal Procedure 6(e) .....................................................5

### STATE STATUTES

N.Y. Criminal Procedure Law § 190.25(4) ...................................................5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SELIM ZHERKA,

Plaintiff,

- against -

08 Cv. 2062 (CLB)(MDF)

MICHAEL F. BOGDANOS, individually; MICHAEL R.
EDELMAN, a/k/a "THE CONSULTANT", individually; PHILIP
AMICONE, individually and in his capacity as the Mayor of the
City of Yonkers, New York; DAVID "DOE" a/k/a "ETHAN
EDWARDS", individually; EDMOND ROE a/k/a "MOB
BUSTER", individually; JOHN POE, individually, WILLIAM
ROE, individually; and JANET DOE, individually,

**ECF CASE**

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DEFENDANT MATTHEW F. BOGDANOS'S OBJECTIONS
## TO MAGISTRATE JUDGE'S ORDER

### INTRODUCTION

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), defendant Matthew F.
Bogdanos,[1] an Assistant District Attorney for New York County ("ADA Bogdanos"), submits
these objections to an order of Magistrate Judge Mark D. Fox, which was entered orally, on the
record, on June 21, 2008.[2]   Insofar as objected to, this order:  (1) denied ADA Bogdanos's
request that discovery in the above-captioned case be stayed pending the resolution of an
underlying state criminal proceeding; and (2) ruled that ADA Bogdanos had waived any
objections to plaintiff's interrogatories served prior to July 1, 2008.

---

[1] Defendant Matthew Bogdanos is incorrectly identified in the complaint as "Michael
Bogdanos."

[2] ADA Bogdanos has ordered the transcript of Magistrate Fox's oral order.  However, to
avoid any timeliness issue, ADA Bogdanos is submitting these objections without that transcript.
Upon receipt, ADA Bogdanos will promptly file that transcript with the Court.

## PROCEDURAL BACKGROUND

In his complaint (Docket Sheet Entry No. 1), plaintiff seeks to hold ADA Bogdanos liable under 42 U.S.C. §§ 1983 and 1985(2), and alleges that ADA Bogdanos has violated plaintiff's constitutional rights by wrongfully investigating him for suspected criminal activities (Claims 1 and 2). In addition to his claims for money damages, plaintiff is also seeking an order from this Court enjoining ADA Bogdanos from continuing that investigation (Claim 6), which is being conducted under the auspices of a New York County grand jury.

On May 12, 2008, ADA Bogdanos moved to dismiss plaintiff's claim for injunctive relief, and sought a stay of plaintiff's claims for money damages until the conclusion of the state criminal proceedings (Docket Sheet Entry Nos. 17-18). ADA Bogdanos first argued that plaintiff's request for injunctive relief was barred by the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). ADA Bogdanos next argued that in light of that ongoing criminal proceeding, the Court was required – under Supreme Court and Second Circuit precedent – to stay plaintiff's claims for monetary relief, which, in any event, are foreclosed by absolute prosecutorial immunity. That motion was originally returnable before the Honorable Charles L. Brieant (Docket Sheet Entry No. 24); however, on July 8, 2008, Judge Brieant referred the motion to Magistrate Fox for a report and recommendation (Docket Sheet Entry No. 29). ADA Bogdanos's motion was fully submitted on July 10, 2008 (Docket Sheet Entry No. 30).

Prior to the filing of ADA Bogdanos's motion, on May 6, 2008, Judge Brieant issued an initial discovery order covering eleven related cases, including this matter (Docket Sheet Entry No. 15). That order was, however, entered before ADA Bogdanos had appeared in the case; before an order had been issued consolidating this matter with those ten other cases; and before counsel for ADA Bogdanos and plaintiff had conferred as required by Fed. R. Civ. P. 26(f). Following the issuance of that scheduling order, on June 3, 2008, plaintiff served his first set of

interrogatories and request for production of documents upon ADA Bogdanos.  In that discovery request, plaintiff sought to discover, <u>inter alia</u>, the identities of individuals who had provided information to ADA Bogdanos in connection with the grand jury investigation.  On June 20, 2008, plaintiff served a second set of interrogatories and request for production of documents on ADA Bogdanos.  Copies of plaintiffs' discovery requests are annexed hereto as Exhibit A.

By order entered on June 16, 2008, Judge Brieant referred all eleven related cases to Magistrate Fox for general pretrial purposes (Docket Sheet Entry No. 26).  On July 1, 2008, Magistrate Fox ordered a discovery conference to be held on July 21, 2008.  ADA Magistrate Fox also stayed all discovery pending that conference (<u>Zherka v. Amicone</u>, 07-cv-9618 [Docket Sheet, Minute Entry dated July 1, 2008]).

### <u>MAGISTRATE FOX'S JUNE 21, 2008 ORDER</u>

On June 21, 2008, counsel for ADA Bogdanos and the other parties appeared before Magistrate Fox to establish a new discovery schedule.  At that conference, ADA Bogdanos informed the Magistrate Fox that plaintiff's complaint in this action sought to enjoin an active state grand jury investigation, and that consequently he had filed a motion to dismiss based on <u>Younger</u> abstention.  And, in light of that fully-submitted motion, ADA Bogdanos asked Magistrate Fox to stay any discovery in this action.  Magistrate Fox refused that request.  ADA Bogdanos then reiterated that plaintiff was seeking to interfere with an ongoing grand jury investigation, and that he could not participate in discovery without compromising the secrecy of that grand jury proceeding.  Once again, Magistrate Fox refused to order any stay of discovery.

After setting the discovery schedule, Magistrate Fox was informed that there were outstanding interrogatories to which no response had been submitted; those directed at ADA Bogdanos were not specifically mentioned, however.  Magistrate Fox ordered that those interrogatories be answered, and further ruled that as to any interrogatories served before July 1,

2008, any objections not previously filed had been waived.  By its terms, this ruling extends to the interrogatories plaintiff had served on ADA Bogdanos.

## ARGUMENT

Where, as here, a party has timely objected to a Magistrate Judge's ruling on a non-dispositive discovery matter, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  Fed. R. Civ. P. 72(a); sere also 28 U.S.C. § 636(b)(1)(A); Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990).  "An order is 'clearly erroneous' when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," while an "order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004) (internal quotes and citation omitted).  An order is "clearly  erroneous" if it amounts to an abuse of discretion, see Mathias v. Jacobs, 167 F. Supp. 2d 606, 622-23 (S.D.N.Y. 2001), and, rather obviously, an order is "contrary to law" if it is predicated upon a mistaken view of the law.  Under these standards, the objected-to portions of Magistrate Fox's order cannot be sustained.

### 1. Refusal to Stay Discovery

Pursuant to Fed. R. Civ. P. Rule 26(c), a court has the authority to stay discovery against any party "for good cause shown."  Ordinarily, the decision whether to grant a stay of discovery pending a motion to dismiss is reviewable only for an abuse of discretion, see Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987), taking into account such factors as the strength of the pending motion and the prejudice any stay would cause to the plaintiff.  Spencer Trask Software & Info. Servs. v. RPost Int'l, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (a "stay of discovery should be granted where the motion to dismiss 'is potentially dispositive, and appears

to be not unfounded in the law.'") (citation omitted).  Here, however, the DA Defendants were entitled to a stay as a matter of law, so Magistrate Fox's refusal to stay discovery was not only clearly erroneous (i.e., an abuse of discretion), it was also contrary to law.

As noted, plaintiff's complaint seeks an order enjoining ADA Bogdanos from continuing with an ongoing state grand jury investigation.  And, as ADA Bogdanos pointed out in his moving papers, since all the requirements for Younger abstention have been met (Memorandum of Law in Support of Motion to Dismiss and/or Stay [Docket Sheet Entry No. 18, pp. 4-13]; see also Reply Memorandum of Law in Support of Motion to Dismiss and/or Stay [Docket Sheet Entry No. 30, pp. 2-3]), "the outright dismissal of [plaintiff's] federal suit" seeking injunctive relief is required.  Gibson v. Berryhill, 411 U.S. 564, 577 (1973).  Further, the Supreme Court has made clear that if Younger bars a federal plaintiff's effort to enjoin a state proceeding, any correlative claim for money damages must, at a minimum, be stayed pending the conclusion of the state proceedings.  See Deakins v. Monaghan, 484 U.S. 193, 202-04 (1988); see also Spargo v. N.Y. State Comm'n on Judicial Conduct, 351 F.3d 65, 74 (2d Cir. 2003) ("dismissal or a stay of claims is mandatory when the requirements for Younger abstention are satisfied").

This case presents a paradigm example of why, when Younger concerns are at issue, the plaintiff should not be allowed to pursue a claim for money damages until the underlying criminal proceedings are concluded.  Here, through his discovery requests, plaintiff is seeking to discover the identities of individuals who have provided evidence to the grand jury, as well as the substance of that evidence.  His efforts to do so are a naked attempt to circumvent the secrecy which New York law affords to grand jury proceedings, N.Y. Crim. Proc. Law § 190.25(4); accord Fed. R. Crim. P. 6(e), and they should not be tolerated.  Simply put, this "[f]ederal court[]" cannot permit the civil rights action to be used as a combative defense against a state criminal

prosecutor's conduct of an investigation." <u>Barr v. Abrams</u>, 641 F. Supp. 547, 554 (S.D.N.Y. 1986), <u>aff'd</u>, 810 F.2d 358 (2d Cir. 1987). But by refusing to afford ADA Bogdanos a stay of discovery, Magistrate Fox is permitting plaintiff to do precisely that. That ruling should not be allowed to stand.

There is a second reason why a stay of discovery was appropriate. In his motion to dismiss, ADA Bogdanos argued that plaintiff's claims against him for money damages were barred by absolute prosecutorial immunity (Memorandum of Law in Support of Motion to Dismiss and/or Stay [Docket Sheet Entry No. 18, pp. 15-17]). And, as the Supreme Court has explained, when such an immunity defense is interposed the defendant is entitled to an immediate ruling on that issue, and "[u]nt l this threshold immunity question is resolved, <u>discovery should not be allowed</u>." <u>Siegert v. Gilley</u>, 500 U.S. 226, 231 (1991) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)) (emphasis added). Because the whole purpose of this immunity doctrine not just "protection from <u>liability</u>, but also the right not to have to answer for one's actions <u>at all</u>, . . . [a] litigant is therefore entitled to a ruling on a motion to dismiss on the pleadings based on official immunity <u>before</u> the commencement of discovery." <u>Miller v. Gammie</u>, 292 F.3d 982, 987 (9th Cir. 2002) (citing <u>Mitchell v. Forsyth</u>, 472 U.S. 511 (1985)). For this reason too, Magistrate Fox erred in denying ADA Bogdanos's request for a stay of discovery.

In short, since <u>Younger</u> principles operate to bar plaintiff's claim for injunctive relief, the remainder of this action must be stayed until the state criminal proceedings are concluded. And, since ADA Bogdanos is entitled to a stay of the entire case, it follows, <u>a fortiori</u>, that he is entitled to a stay of discovery during that same period. The fact that ADA Bogdanos has interposed a defense of absolute immunity only further underscores the need for a stay of discovery. In refusing to afford ADA Bogdanos that stay, Magistrate Fox not only abused his

discretion, he committed an error of law.  That aspect of his June 21, 2008 order must therefore be rejected by this Court.

### 2.  Waiver of Objections to Interrogatories

On June 3, 2008, and then again on June 20, 2008, plaintiff served interrogatories and requests for production of documents on ADA Bogdanos.  Because they were served before plaintiff's counsel and counsel for ADA Bogdanos had conferred as required by Fed. R. Civ. P. 26(f), ADA Bogdanos did not respond those discovery requests.  In his June 21, 2008 order, Magistrate Fox ruled that any objections to interrogatories served before July 1, 2008 had been waived as untimely.  See Fed. R. Civ. P. 33(b)(3), (b)(4).  Insofar as this ruling encompassed the interrogatories served upon ADA Bogdanos, it was contrary to law and should not be accepted by the Court.

Rule 26(d) of the Federal Rules of Civil Procedure expressly provides that, absent a court order or an agreement between the parties, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Here, plaintiff's interrogatories were served before any Rule 26(f) conference had been held between counsel for plaintiff and ADA Bogdanos.  And, although Judge Brieant had previously set a discovery schedule in the ten other related cases, that order was issued before ADA Bogdanos had appeared in this action.  Since that order was not issued upon notice to ADA Bogdanos, it obviously could not bind him to that discovery schedule.  See Fed. R. Civ. P. 16(b) (discovery order may be issued following the parties' Rule 26(f) conference or "after consulting with the attorneys for the parties").

In short, plaintiff's interrogatories were served too soon, as they were served prior to the required Rule 26(f) conference, and were not authorized by any order issued upon notice to ADA Bogdanos.  See Fed. R. Civ. P. 26(d), 33(a).  That being so, plaintiff's discovery requests "did

not require a response" from ADA Bogdanos. Seales v. Panamanian Aviation Co., 2008 U.S. Dist. LEXIS 14429, *4 (E.D.N.Y. Feb. 25, 2008). And, since ADA Bogdanos was under no obligation to respond to those premature interrogatories, his failure to do so did not operate as a waiver of his right to interpose objections. Evans v. Unknown Names of Dept. of Corrections Officers, 2007 U.S. Dist. LEXIS 3071, *3-*5 (N.D. Cal. Jan. 3, 2007); see also O'Dwyer v. United States, 2007 U.S. Dist. LEXIS 44341 (E.D. La. June 19, 2007). Insofar as Magistrate Fox's June 21, 2008 order held otherwise, that aspect of the magistrate's order is contrary to law and should be rejected by this Court.

## CONCLUSION

ADA Bogdanos's objections to the June 21, 2008 order entered by Magistrate Judge Mark D. Fox should be sustained.


Dated:   New York, New York
         July 28, 2008

                          **ROBERT M. MORGENTHAU**
                          District Attorney, New York County
                          as Special Assistant Corporation Counsel
                          One Hogan Place
                          New York, New York 10013

                          By:  /s/ Michael S. Morgan
                               Michael S. Morgan (MM-9360)
                               Assistant District Attorney
                                Of Counsel

TO:    Jonathan Lovett
        Attorney for Plaintiff
        Lovett & Gould
        222 Bloomingdale Road - Suite 305
        White Plains, NY 10605

        Mitchell John Baker
        Attorney for Defendant Edelman
        Baker, Leshko, Saline & Blosser, LLP
        One North Lexington Avenue
        White Plains, NY 10601-1712

        Kevin Joseph Plunkett
        Attorney for Defendant Amicone
        DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
        One North Lexington Avenue
        The Gateway Building,
        White Plains, NY 10601

        Brian Todd Belowich
        Attorney for Defendant Amicone
        DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
        One North Lexington Avenue
        The Gateway Building,
        White Plains, NY 10601

        Matthew Sean Clifford
        Attorney for Defendant Amicone
        DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
        One North Lexington Avenue
        The Gateway Building,
        White Plains, NY 10601

        (all by ECF)

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SELIM ZHERKA,

                              Plaintiff,              08 Civ. 2062 (CLB)


        -against-

MICHAEL F. BOGDANOS, *et. al*,                        **PLAINTIFF'S FIRST
                                                      SET OF INTERROGA-
                              Defendants.             TORIES AND DOCU-
                                                      MENT PRODUCTION
                                                      REQUEST TO DEFEN-
-----------------------------------------------------------    DANT BOGDANOS**
PHILIP AMICONE,

                        Third Party Plaintiff,


        -against-

THE GUARDIAN NEWS, INC. and RICHARD
BLASSBERG,

                        Third Party Defendants.
-------------------------------------------------------------------x

        Plaintiff SELIM ZHERKA, by his attorneys Lovett & Gould, LLP, for his first set

of interrogatories and document production request to Defendant Bogdanos states:


                            **Definitions**

        1. The term "Defendant" means Defendant Matthew F. Bogdanos, erroneously

identified in the caption as "Michael F. Bogdanos".

        2. The term "complaint" means the complaint filed in this action by Plaintiff.

1

## INTERROGATORIES

1. Identify each document in Defendant's possession, custody and/or control that was provided to Defendant and/or his office by Janet DiFiore and/or anyone employed in the Westchester County District Attorney's Office.

2. Identify each document in Defendant's possession, custody and/or control that was provided to Defendant and/or his office by Defendant Michael Edelman.

3. Identify each document in Defendant's possession, custody and/or control that was provided to Defendant and/or his office by Edmund Hartnett, Yonkers Police Commissioner, and/or anyone employed in the City of Yonkers Police Department.

4. Identify each person who provided to Defendant and/or his office documents concerning campaign contributions made to a, and/or any adversary, of Philip Amicone in connection with the general election of 2007.

5. Identify each subpoena that was served and/or caused to be served by Defendant on a financial contributor to the campaign of a, and/or any, adversary of Philip Amicone in connection with the general election of 2007.

6. Identify each financial contributor to the campaign of a, and/or any, adversary of Philip Amicone in connection with the general election of 2007, who has been served and/or caused to be served by Defendant with:

  a. One subpoena for the production of documents, and/or,

  b. Two subpoenas for the production of documents, and/or,

  c. Three subpoenas for the production of documents.

7. Identify each person who, to Defendant's personal knowledge, has and/or claims to have direct, personal knowledge regarding the commission of a, and/or any:

2

        a. Crime by Plaintiff, and/or,

        b. Crime by Plaintiff with respect to which the New York County District

           Attorney would have jurisdiction for purposes of prosecution.

8. Identify: i) each person who has provided to Defendant originals and/or copies of the <u>Westchester Guardian;</u> and ii) identify each such original and/or copy.

9. Identify each e-mail concerning Plaintiff received by Defendant from Janet DiFiore.

10. Identify each e-mail concerning Plaintiff received by Defendant from Edmund Hartnett.

11. Identify each e-mail concerning Plaintiff received by Defendant from Lawrence Porcari, Esq.

12. Identify each e-mail concerning Plaintiff received by Defendant from Defendant Edelman.

13. Identify each e-mail concerning Plaintiff sent by Defendant and/or on Defendant's behalf to:

        a. Janet DiFiore and/or her office,

        b. Edmund Hartnett, and/or his Department,

        c. Lawrence Porcari and/or the office of Corporation Counsel for the City

           of Yonkers, and/or,

        d. Michael Edelman and/or his office.

14. Identify each private practicing attorney with respect to whom Defendant in words or substance personally made reference to Plaintiff as:

        a. A mobster,

b. A drug dealer,

c. A pimp,

d. A money launderer,

e. New York's biggest drug dealer, and/or,

f. A Albanian mobster.

15. Identify each private practicing attorney who Defendant advised in words or substance that he (Defendant) would be disappointed if he could only get Plaintiff on tax related charges.

16. State Defendant's net worth and identify all documents evidencing same.

17. Identify each person who provided information used in preparing the answers to the foregoing interrogatories, "1" to "16", inclusive.


## DOCUMENT PRODUCTION

Pursuant to FRCP 34 you are required to produce at the offices of the undersigned for inspection and copying the following documents: Each document identified in response to the preceding Interrogatories #1 to #15, inclusive.

Dated: White Plains, N.Y.
        June 3, 2008

LOVETT & GOULD, LLP
By:_____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

SELIM ZHERKA,

                          Plaintiff,         08 Civ. 2062 (CLB)

       -against-

MICHAEL F. BOGDANOS, *et. al*,            **PLAINTIFF'S SECOND
                                            SET OF INTERROGA-
                  Defendants.        TORIES AND DOCU-
                                            MENT PRODUCTION
                                            REQUEST TO DEFEN-
--------------------------------------------------------------  DANT BOGDANOS**
PHILIP AMICONE,

                  Third Party Plaintiff,

       -against-

THE GUARDIAN NEWS, INC. and RICHARD
BLASSBERG,

                  Third Party Defendants.
-------------------------------------------------------------------x

      Plaintiff SELIM ZHERKA, by his attorneys Lovett & Gould, LLP, for his second

set of interrogatories and document production request to Defendant Bogdanos states:

## Definitions

      1. The term "Defendant" means Defendant Matthew F. Bogdanos, erroneously

identified in the caption as "Michael F. Bogdanos".

      2. The term "law firm" means Davis Polk & Wardwell.

      3. The term "Glazer" means Dennis E. Glazer, Esq., who is a member, partner

and/or associate employed by the law firm.

# INTERROGATORIES

1. Identify each member and/or partner and/or associate of the law firm with whom Defendant has communicated verbally since January 1, 2007.

2. Identify each member and/or partner and/or associate of the law firm with whom Defendant has communicated in writing since January 1, 2007.

3. Identify each document, including but not limited to e-mails, received by Defendant since January 1, 2007, from Glazer.

4. Identify each document, including but not limited to e-mails, sent by Defendant to Glazer.

5. Identify each person known to Defendant who previously was employed in the New York County District Attorney's Office and who is currently an associate, partner and/or member of the law firm.

6. Identify each person (partner, member, and/or associate) in the law firm with whom Defendant has, in words or substance, communicated regarding potential employment.

7. Identify each document sent and/or caused to be by Defendant to the New York City Police Department and/or any member of that Department which document in words or substance references Plaintiff as an Albanian mobster and/or a member of Albanian organized crime.

8. Identify each document received by Defendant from the New York City Police Department and/or any member of that Department concerning Plaintiff.

2

9. Identify each person who provided information used in preparing the answers to the preceding Interrogatories "1" to "8", inclusive.

## DOCUMENT PRODUCTION

Pursuant to FRCP 34 you are required to produce at the offices of the undersigned for inspection and copying the following documents: Each document identified in response to the preceding Interrogatories #1 to #6, inclusive.

Dated: White Plains, N.Y.
      June 20, 2008

                    LOVETT & GOULD, LLP
                    By:
                    Jonathan Lovett (4854)
                    Attorneys for Plaintiff
                    222 Bloomingdale Road
                    White Plains, N.Y. 10605
                    914-428-8401