**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SELIM ZHERKA,

                Plaintiff,

        -against-

MICHAEL F. BOGDANOS, individually,
MICHAEL R. EDELMAN, a/k/a "THE
CONSULTANT", individually, PHILIP
AMICONE, individually and in his capacity as
Mayor of the City of Yonkers, New York, DAVID
"DOE" a/k/a/ "ETHAN EDWARDS",
individually, EDMOND ROE a/k/a "MOB
BUSTER", individually, JOHN POE, individually,
WILLIAM ROE, individually, and JANET DOE,
individually,

                Defendants.

---

PHILIP AMICONE,

                Third-Party Plaintiff,

        -against-

THE GUARDIAN NEWS, INC. and RICHARD
BLASSBERG,

                Third-Party Defendants.

**Case No. 08 Civ. 2062**

---

### PHILIP AMICONE'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

Defendant/Third-Party Plaintiff Philip Amicone ("Amicone"), by and through his

attorneys DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, hereby joins in the

objections of defendant Matthew F. Bogdanos ("Bogdanos") with respect to that portion of an

order issued by Magistrate Judge Mark D. Fox, which denied Bogdanos' request to stay all discovery in this matter pending the resolution of an underlying state criminal proceeding.

On July 21, 2008, counsel for the parties to this action and all of the related actions[1] appeared for a discovery conference before Magistrate Fox.  At that conference, counsel for Bogdanos requested a stay of all discovery in this action on grounds that discovery would interfere with an ongoing grand jury investigation.   Amicone joins in this request and notes that a stay of discovery pending the grand jury investigation is critical to Amicone's defense of the scurrilous allegations asserted against him.

Plaintiff falsely alleges in the Complaint that Amicone conspired with Bogdanos and others and "sought to arrange for Bogdanos to investigate [certain] information" in retaliation for statements that Plaintiff caused to be published in the *Westchester Guardian*.  *See* Exhibit A, ¶¶ 26-29.[2]   Even if these allegations were true (they are not), any communications between Amicone and Bogdanos regarding Plaintiff would be part of the ongoing grand jury investigation.  If discovery in this action is not stayed, Amicone will be forced to seek discovery from the District Attorney's Office and from third-parties involved in the grand jury investigation.  This will no doubt be met with much resistance and will otherwise hinder and possibly jeopardize the grand jury investigation.

Accordingly, and for the reasons set forth in Bogdanos' memorandum of law dated July 28, 2008, it is respectfully submitted that the portion of Magistrate Fox's order denying Bogdanos' request to stay all discovery in this action should be rejected.

---

[1] There are currently fourteen related actions: *Guevara v. Amicone* (07 Civ. 6941); *Smith v. Amicone* (07 Civ. 6946); *Ayala v. Amicone* (07 Civ. 7080); *Kllapija v. Amicone* (07 Civ. 7597); *Gonzales v. Amicone* (07 Civ. 7600); *Dzikovic v. Amicone* (07 Civ. 7692); *Sayegh v. Amicone* (07 Civ. 8048); *Lukaj v. Amicone* (07 Civ. 8184); *Ayala v. City of Yonkers* (07 Civ. 8186); *Zherka v. Amicone* (07 Civ. 9618); *Blassberg v. Amicone* (08 Civ. 1506); *Zherka v. Bogdanos* (08 Civ. 2062); *Morales v. Edelman* (08 Civ. 5756); and *O'Neill v. Edelman* (08 Civ. 5757).

[2] A true and correct copy of the Complaint in this matter is annexed hereto as Exhibit A.

Dated: White Plains, New York
      July 31, 2008

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP

By:      _/s/ M. S. Clifford_

Kevin J. Plunkett (KP 3049)
Brian T. Belowich (BB 6910)
Matthew S. Clifford (MC 1134)
1 North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Attorneys for Defendant/Third-Party Plaintiff
Philip Amicone

To:      Jonathan Lovett, Esq.
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
Attorney for Plaintiff and
Third-Party Defendants

Mitchell John Baker, Esq.
Baker, Leshko, Saline & Blosser, LLP
One North Lexington Avenue
White Plains, New York 10601
Attorneys for Defendant
Michael R. Edelman

Michael S. Morgan, Esq.
Assistant District Attorney
District Attorney's Office
One Hogan Place
New York, New York 10013
Attorneys for Defendant
Matthew F. Bogdanos

# EXHIBIT A

1255288
3018996-022

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SELIM ZHERKA,

                                    Plaintiff,                        08 Civ.        (     )

        -against-

MICHAEL F. BOGDANOS, individually,
MICHAEL R. EDELMAN a/k/a "THE                          **COMPLAINT**
CONSULTANT", individually, PHILLIP
AMICONE, individually and in his capacity
as Mayor of the City of Yonkers, New York,
DAVID "DOE" a/k/a "ETHAN EDWARDS",                     **08 CIV. 2062**
individually, EDMUND ROE a/k/a "MOB
BUSTER", individually, JOHN POE,                       **Jury Trial Demanded**
individually, WILLIAM ROE, individually,
and JANET DOE, individually,

                                    Defendants

------------------------------------------------------------------X

        Plaintiff SELIM ZHERKA, by his attorneys Lovett & Gould, LLP, for his complaint

respectfully states:

FILED

FEB 2 9 2008

USDC WP SDNY

## NATURE OF THE ACTION

        1. This is an action for compensatory and punitive damages, as well as related

injunctive relief, proximately resulting from conduct engaged in by the Defendants in

violation of Plaintiff's rights as guaranteed by the First Amendment to the United States

Constitution, 42 U.S.C. §1983, 42 U.S.C. §1985(2), and the common law of the State of New

York.

1

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. 1331, 1343, and 1367.

## THE PARTIES

3. Plaintiff SELIM ZHERKA, an individual of Albanian national origin, is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. In 2007 he actively supported the candidacy of Dennis Robertson a candidate who ran against Defendant Amicone in the 2007 mayoral election campaign in the City of Yonkers, New York. Plaintiff is the owner/publisher of a weekly periodical (The Westchester Guardian) which in 2007 was highly critical of Defendant Amicone's performance as Mayor of the City of Yonkers with respect to *inter alia*: corruption permeating his administration; no-show jobs for political cronies resulting in the theft of taxpayer's money in excess of $1,000,000; repeated First Amendment violations; failure to curb and/or attempt to curb systemic police brutality within the Police Department of the City of Yonkers; inability and/or unwillingness to reduce City spending and taxes; gross misuse of the City's police force to prohibit dissemination within the City of Yonkers of The Westchester Guardian; and gross misuse of the City's police force to target Plaintiff and other individuals, who non-disruptively distributed copies of The Westchester Guardian on City-owned public property, for criminal prosecution on a supposed Yonkers' Code violation (Section 100-35) which is facially and as applied patently unconstitutional.

4. Defendant MICHAEL F. BOGDANOS (hereinafter "Bogdanos"), who is sued in his individual and personal capacities only, is an Assistant District Attorney employed in the New

York County, New York, District Attorney's Office. His conduct, as set forth *infra* was engaged in and continues to be engaged in with the knowledge and encouragement of the New York County District Attorney Robert Morgenthau.

5. Defendant MICHAEL R. EDELMAN a/k/a "THE CONSULTANT", who is sued in his individual and personal capacities only, during the Yonkers' mayoral election campaign in 2007 was Defendant Amicone's paid political consultant. "THE CONSULTANT" is Edelman's so-called "handle" as used by him on a blog ("Politics on the Hudson", hereinafter the "blog") operated and maintained by Gannett Suburban Newspapers.

6. Defendant PHILLIP AMICONE (hereinafter "Amicone", who is sued in his individual and official capacities, at all times relevant to this complaint was the duly elected Mayor of the City of Yonkers, New York.

7. , Defendants DAVID DOE a/k/a "ETHAN EDWARDS", EDMUND ROE a/k/a "MOB BUSTER", JOHN POE, WILLIAM ROE, and JANET DOE each of whose actual identity is presently unknown to Plaintiff and each of whom is sued in his individual and personal capacities only, acting in concert with their individually named co-defendants entered into the conspiracy referenced *infra* to violate Plaintiff's rights. The names "ETHAN EDWARDS" and "MOB BUSTER" are handles used by those individuals on the blog.

## THE FACTS

5. On October 3, 2007, at 4:48 p.m. Edelman posted as "THE CONSULTANT" on the blog reference to "Albanian organized crime" and identified as if a matter of fact: ". . .Sam

[Selim] Zherka is the kingpin who runs this group. Ask the feds, who have been protecting him for years in exchange for info on other organized crime families. Sam Zherka. . .run[s] it [a gentlemens club] today along with various other clubs, diners, bakeries – anywhere they can launder their ill gotten strip club cash from the IRS. They're pretty feared, as muslim Albanians go".

6. On October 3, 2007, at 6:19 p.m. David Doe using his handle "ETHAN EDWARDS" responded to Edelman's blog entry of that date advising with respect to the "factual" data contained in it: "Consultant: All, or at least the great majority of that data is already confirmed".

7. On October 4, 2007, at 4:35 p.m. David Doe as "ETHAN EDWARDS" advised Edelman by a blog posting: "Frankly, in my opinion, a protected opinion, Zherka is laundering millions in dirty money".

8. On October 4, 2007, at 6:16 p.m. Edmund Roe as MOB BUSTER posted on the blog: "The Feds have been looking into Sam Zherka for quite some time. Here are some of the Zherka businesses that the Feds have a radar on. . .1. Prejoni Development Corp, 2. Nepolean Construction, 3. ABCZ Corp, 4. Metro Holding Corp, 5. Metro Holding & Mgmt, 6. Metro Holding & Mgmt LTD, 7. Metro Holding II LTD, 8. Metro S. Holding Corp., 9. New York Metro Holdings Corp., 10. Zherka Realty Inc., 11. Zherka, Dowling, Fiore, Butch, Lukaj & Oneill, Inc., 12. Sundry Management Inc., 13. West 20th Enterprises, 14. MKSZ Realty, Inc., 15. Pacific Club Holdings, Inc., 16. Pacific Club Holdings II, Inc., 17. Sunday Management, Inc. (partner with Domenica O'Neill), 18. JR Realty Management, Inc. (partner

with Genaro Morales), 19. Springfield Holdings. . .Sam Zherka does have many aliases. . .Sam Zenka, Sam Zherka, Sam Zhreka. . .REALLY DANGEROUS AND BAD GUY!".

9. On October 4, 2007, at 6:40 p.m. Edmund Roe as "MOB BUSTER" posted an entry on the blog: "Most of the people listed as plaintiffs [in Sayegh v. Amicone, 07 Civ. 8048 (CLB), Lukaj v. Amicone, 07 Civ. 8184 (CLB), Kllapija v; Amicone, 07 Civ. 7597 (CLB), Guevara v. Amicone, 07 Civ. 6941 (CLB), Gonzalez v. Amicone, 07 civ. 7600 (CLB), Dzikovic v. Amicone, 07 Civ. 7692 (CLB), and Ayala v. City of Yonkers, 07 Civ. 8186 (CLB)] are not aware that their names were included in a lawsuit against the City of Yonkers. Also, many on this list do not even read or write english. Some are Nader Sayegh's tenants who are defrauding section 8 with the help of Nader Sayegh. . .If the City of Yonkers would like a more detailed information on each litigant, the research has been completed, and is readily available upon asking. I will make certain that my tax dollars does [sic.] not go to help the MOB. These are only a few names of the litigants. . .1. Madelin Suleiman, 2. Lana Marji, 3. Kenneth Heslop, 4. Randa Sayegh, 5. Chandra Sookdeo, 6. Joni Campbell, 7. Yolanda Collazo, 8. Roberto Rodriguez, 9. Guillermo Corso, 10. Chesekia Corso, 11. Mario Martinez, 12. Angel Feliz, Sr., 13. Angel Feliz Jr., 14. Maribel Ayala, 15. Domenica O'Neill, 15. Richard Guzman, 16. Cesar Castillo".

10. On October 4, 2007, at 8:49 p.m. Edmund Roe as "MOB BUSTER", posted an entry on the blog: "I discovered footage of Zherka and the motley crew standing before the Federal [Courthouse] steps calling the Independence Party corrupt. . .I will not allow these evil people (MOBSTERS) to prevail".

11. On October 5, 2007, at 5:25 p.m. Edelman as "THE CONSULTANT" published on the blog: "The only thing that remains to be determined in the breadth of the zherka influence in the Robertson campaign. . . .sifting through the numerous corporations contributing there are a number that have one incorporator in common. .sam zherka. I believe that of the [$]63,000 that is raised [for the Robertson campaign] over 50% comes from a zherka owned entity".

12. On October 5, 2007, at 7:04 p.m. David Doe as "ETHAN EDWARDS" posted on the blog: "Yes, all those figures in Robertson's [campaign donor] filing must be gone over carefully. I saw the large amount I did with just a quick look because I know many of Zherka's corporations. . .I suggest the US Attorney should be notified of all this, as well as the Westchester [County] DA, the Yonkers PD, and the State Elections Board. There is still a complaint to be filed. . .Maybe the new Yonkers Republican execs can file it jointly. . .Does anyone still want to say the Guardian can claim it's a legitimate newspaper? Under the Guardian's own name, Zherka gave $5,000 to Robertson".

13. On October 5, 2007, at 7:05 p.m. David Doe as "ETHAN EDWARDS" posted on the blog: "How about because none of Amicone's donors are tied to the Albanian mob?".

14. On October 5, 2007, at 8:00 p.m. Edmond Roe as "MOB BUSTER", made an entry on the blog with respect to Plaintiff, who he identified as "Sammy Zherka":

> "I am conducting this investigation not because anyone has
>
> asked me to, but because I love Yonkers, and it is despicable
>
> to see someone who in my opinion is money laundering,

and using the City of Yonkers to try and further his criminal activity".

15. On October 6, 2007, at 8:38 p.m. Edmund Roe as "MOB BUSTER" posted to the blog: "Mr. Ethan Edwards, I discovered a lot about Morales, and just to give a bit of information to those who may be somewhat curious, there is quite a bit of mortgage fraud with this character and his partner Zherka".

16. On October 8, 2007, at 2:56 p.m. Edmund Roe as "MOB BUSTER" posted to the blog: "Mr. Ethan Edwards, the JN [Journal News] never reports correctly. Zherka. . . runs a sleazy escort service".

17. On October 8, 2007, at 4:19 p.m. David Doe as "ETHAN EDWARDS" posted to the blog: "Mob Buster. . .Do you have anything on Nubreed Entertainment, which is another Zherka corp. that gave money to Robertson. . .Actually, I wonder if the escort service is in Houston, NY, or somewhere else. By the way, since your information is law-enforcement related, I suggest you send it to: Edmund Hartnett, Yonkers Police Commissioner. . .".

18. On October 8, 2007, at 10:14 p.m. Edmund Roe as "MOB BUSTER" posted to the blog: "Mr. Ethan Edwards, thanks for the contact information. These people are dangerous, and it real serious territory, the authorities MUST be contacted. For you inquiry about Nubreed. . .This is definitely linked to the Albanian Mob".

19. On October 10, 2007 at 1:55 p.m. David Doe using his handle "ETHAN EDWARDS" made a blog entry: "[D]emanding that Robertson explain his ties to Zherka . . .Regardless, the Republicans should get their list of Zherka contributions to Robertson complete. . .But this list here, to this point, is accurate – 1. ABCZ Corp. $5,000, 2. Casanova Ent. $500, 3. Kukaj Mgt. $500, 4. Metro Holdings $5,000, 5. MKSZ Realty $5,000,

7

6. Moe Management $500, 7. Gennaro Morales, $1,600, 8. Nubreed Ent. $500, 9. Pacific Holdings $1,250, 10. Sunday Mgt. $500, 11. The Guardian News $5,000".

20. On October 16, 2007, at 8:20 p.m. David Doe as "ETHAN EDWARDS" posted to the blog: "Dennis Robertson, who has been purchased by Sam Zherka, who is linked to the Albanian mob, is telling everyone how to fight crime". .

21. On October 17, 2007, at 8:24 p.m. David Doe as "ETHAN EDWARDS" posted to the blog: "In the other world, Robertson's master, the Albanian mob-linked Selim (Sam) Zherka, has sent out an horrific race-baiting mailer full of lies about Amicone and the Yonkers Police Dept."

22. On October 17, 2007, at 8:33 p.m. David Doe as "ETHAN EDWARDS" posted on the blog: "Consultant. YOU were the first to say a crime was committed regarding Zherka and Robertson's money".

23 On the evening of October 17, 2007, during a 3rd Ward Republican meeting held at Asbury Church in the City of Yonkers Amicone was introduced in the dual capacity of Mayor and candidate following which in those two capacities he addressed a gathering of approximately sixty Yonkers' residents.

24. In that connection Amicone specifically identified Plaintiff by name, specifically referenced his position as owner/publisher of The Westchester Guardian following which Amicone told all of the persons present that as matters of fact:

        a. Plaintiff is a "convicted drug dealer",

        b. Plaintiff is an "Albanian mobster" and a "thug",

        c. Plaintiff will, in the event Amicone is not re-elected as Mayor, open "drug

dens" throughout the City of Yonkers,

    d. Plaintiff will, in the event Amicone is not re-elected as Mayor, open "strip

        clubs" throughout the City of Yonkers, and *inter alia,*

    e. Plaintiff will, in the event Amicone is not re-elected as Mayor, "loot" Yonkers

        residents' "pension funds" and "loot" the City of Yonkers.

25. Each one of the statements of supposed fact referenced in the preceding paragraphs

"5" to "21" inclusive was:

    i) absolutely, completely and in every respect materially false;

    ii) knowingly and intentionally uttered by those Defendants in calculated

        and/or reckless disregard of the truth;

    iii) published by them without benefit of any privilege/authorization;

    iv) intended by them to impute to Plaintiff serious criminal wrong-doing, a

        criminal history, criminal activity as a member of an Albanian

        "mob", felonious possession and sale of illicit drugs, unfitness to engage in his

        professional activities as publisher/owner of the Westchester Guardian, and

        dishonesty;

    v) intended by those Defendants to expose Plaintiff to public contempt,

        ridicule, aversion, disgrace and/or to induce an evil opinion of Plaintiff in the

        minds of right-thinking persons and to deprive Plaintiff of their friendly

        intercourse in society;

    vi) intended by those Defendants to retaliate against Plaintiff for his having

9

advocated Robertson's election as Mayor and Amicone's defeat as Mayor in 2007,

vii) intended by those Defendants to retaliate against Plaintiff for his having published editions of The Westchester Guardian challenging the Amicone administration as corrupt ,

vii. intended by those Defendants deter, intimidate and/or threaten Plaintiff with respect to his testifying and/or party plaintiff status in The Guardian News v. Amicone, 07 Civ. 7078 (CLB) and the other actions referenced in paragraph "9", *supra.*

26. On or subsequent to October 17, 2007, Defendants Edelman, Amicone, David Doe, Edmund Roe, John Poe and William Roe provided and/or caused to be provided to Bogdanos the complaint (referenced by "ETHAN EDWARDS" *supra* in paragraph "12") embodying all of the false information that they had published on the blog and/or at Asbury Church with the objective of having Bogdanos take additional retaliatory action against Plaintiff. In that connection they sought to arrange for Bogdanos to investigate that information with a view towards: retaliating against Plaintiff for his First Amendment exercises; intimidating, deterring, and threatening Plaintiff in connection with a federal injunctive trial conducted late in 2007 before the Hon. Charles L. Brieant in The Guardian News v. Amicone, 07 Civ. 7078 (CLB) and the forthcoming trials in the other civil rights actions referenced in paragraph "9", *supra*; injuring him in his person and property by communicating with members of the business community to the effect that Plaintiff is a drug dealer, that he runs an escort service, that he is an Albanian mobster, that he is engaged in money laundering, that he is involved in prostitution, and otherwise engaged in the commission of felonies.

10

27. Knowing that the allegations against Plaintiff were totally false, Bogdanos agreed (as an accommodation to the Defendants who have strong political ties to the Administration of the City of New York) to engage in investigative activities with the objectives of: destroying Plaintiff's reputation; destroying his businesses; chilling him in the exercise of his First Amendment rights; punishing him for his exercise of his First Amendment rights as accomplished through The Westchester Guardian; deterring, intimidating, and/or threatening him with respect to his prospective testimony as a party plaintiff in Federal Court in the law suits referenced *supra* in paragraph "9"; injuring Plaintiff in his person or property on account of his having filed multiple First Amendment civil rights actions against Amicone and *inter alia* the City of Yonkers; injuring Plaintiff in his person or property on account of his having testified in one such action; and otherwise crippling him.

28. In connection with that investigation Bogdanos with the agreement and encouragement of his co-defendants and without benefit of any evidence whatsoever involving the commission by Plaintiff of any crime and/or crimes within and/or without his jurisdiction has: i) advised at least one attorney., who in the past has had an attorney/client relationship with Plaintiff, that he (Bogdanos) is investigating Plaintiff by reason of his Albanian mob connection, tax fraud, money laundering, illicit drug dealings, and operation of a prostitution ring; ii) encouraged and/or permitted at least one investigator in the New York County District Attorney's Office to advise a supposed witness that Plaintiff is the biggest drug dealer in New York; iii) issued dozens of "grand jury" subpoenas (with documents produced pursuant to same in Bogdanos' office rather than before any grand jury) to every corporation and/or person identified by Bogdano's co-defendants as having made financial contributions to the Robertson

11

election campaign - - deliberately impairing Plaintiff's credit, business operations, and business

relationships; iv) published and/or re-published the false allegations his co-defendants posted on

the blog; and *inter alia;* v) otherwise assisted his co-defendants in violating Plaintiff's rights.

29. As a proximate result of Defendants' conduct Plaintiff has been caused to suffer:

multiple violation of his rights as protected by the First Amendment to the United States

Constitution; multiple violations of his rights as protected by 42 U.S.C. §1985(2); a

chilling of his prospective exercise of his First Amendment protected rights; *per se* slander;

irreparable injury to his professional reputation; emotional upset; anxiety; public humiliation;

public shame; public embarrassment; and he has otherwise been rendered sick and sore.


### AS AND FOR A FIRST CLAIM
### AGAINST ALL DEFENDANTS
### EXCEPT AMICONE

30. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "29" inclusive.

31. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed by

the First Amendment to the United States Constitution, 42 U.S.C. 1983.


### AS AND FOR A SECOND CLAIM
### AGAINST ALL DEFENDANTS

32. Repeats and realleges as if fully set forth the allegations of fact contained in

paragraphs "1" to "29", inclusive.

33. Under the premises Defendants' conduct violated Plaintiffs right as guaranteed by

42 U.S.C. 1985(2).

## AS AND FOR A THIRD CLAIM
## AGAINST DEFENDANT EDELMAN

34. Repeats and realleges as if fully set forth the allegations of fact contained in

Paragraph "5".

35. Under the premises Defendant's published utterances constituted *per se* defamation

actionable for damages under the common law of the State of New York..

## AS AND FOR A FOURTH CLAIM
## AGAINST DEFENDANT DEFENDANT
## EDMUND ROE

36. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs

"15", "63", and "18", inclusive.

37. Under the premises Roe's published utterances are *per se* actionable for defamation under

the common law of the State of New York.

## AS AND FOR A FIFTH CLAIM
## AGAINST DEFENDANT DAVID DOE

37. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs

"6", "12", "13", "17", "20" and "21", inclusive.

38. Under the premises Doe's published utterances are *per se* actionable for defamation under

the common law of the State of New York.

13

## AS AND FOR A SIXTH CLAIM
## AGAINST BOGDANOS

39. Repeats and realleges as if fully set forth the allegations of paragraphs "26" to "28", inclusive.

40. Since Bogdanos' "investigation" is utterly without a law enforcement and/or prosecutorial purpose, does not relate to the commission (either within or without the jurisdiction of the New York County District Attorney) of any crime(s), is calculated to violate Plaintiffs rights as guaranteed by the First Amendment to the United States Constitution and 42 U.S.C. §1985(2), he should be permanently enjoined from continuing to engage in that conduct.

WHEREFORE a judgment is respectfully demanded:

    a. On the First, Second, and Sixth Claims awarding against the individually named Defendants such punitive damages as the jury may impose,

    b. On the First, Second, and Third Claims awarding against the individually Named Defendants such compensatory damages as the jury may determine,

    c. On the Sixth Claim permanently enjoining Bogdanos conduct of the investigation,

    d. On the First, Second and Sixth Claims awarding reasonable attorney's fees and costs,

    e. Awarding on the Third, Fourth, and Fifth Claims such compensatory damages as the jury may determine, and

14

f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      February 29, 2008

                                        LOVETT & GOULD, LLP
                                        Attorneys for Plaintiff
                                        By: _____
                                        Jonathan Lovett (4854)
                                        222 Bloomingdale Road
                                        White Plains, N.Y. 10605
                                        914-428-8401

15