UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SELIM ZHERKA,

                              Plaintiff,          08 Civ 2062 (CLB)(GAY)

    -against-

MICHAEL F. BOGDANOS, individually,
MICHAEL R. EDELMAN a/k/a "THE
CONSULTANT", individually, PHILLIP
AMICONE, individually and in his capacity
as Mayor of the City of Yonkers, New York,
DAVID "DOE" a/k/a "ETHAN EDWARDS",
individually, EDMUND ROE a/k/a "MOB
BUSTER", individually, JOHN POE,
individually, WILLIAM ROE, individually,
and JANET DOE, individually,

Defendants

------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION TO QUASH
## SUBPOENA

### Preliminary Statement

Plaintiff submits this memorandum of law in opposition to Gannett's motion to quash.

## POINT

## THE MOTION SHOULD
## BE DENIED

Apparently seeking to make a new cottage industry out of motions to quash, Gannett provided a blog site on which the presently anonymous bloggers published *per se* defamatory statements regarding the Plaintiff and now seeks to impose on the victim of the defamation an ever escalating burden in order to get the identities of the at-issue bloggers. We decline to take the bait.

Notice was given on the blog about the subpoena, its return date, the case, its docket number and the information sought, with an additional notification that anyone seeking to keep their identification data secret could move to quash. None of the anonymous defamers sought to do so. Accordingly Gannett complains that Plaintiff did not provide legal advice to the anonymous bloggers, instructing them that they could move to quash anonymously. The suggestion we submit is absurd.

Anyone who has taken advantage of Gannett's blog to anonymously defame an individual hardly needs counseling to figure out that if they move to quash other than anonymously their anonymity will be lost.

Of course Gannett has the actual identities of the bloggers and could, indeed perhaps did, notify them personally about the subpoena, their entitlement to move to quash, and their self-evident desire to remain cloaked in anonymity to insulate them from a well-deserved law suit.

If Gannett did not notify the bloggers, why not? If the newspaper is so deeply concerned that these bloggers get notice, be told about their entitlement to proceed

2

anonymously, and engage in character assassination with impunity, what reason can it possibly ascribe for indulging in nit-picking instead of communicating with the bloggers personally?

In short, we submit that the shoe ought to be on the other foot. In that connection we further submit that the Court should direct movant to provide actual written notice to these bloggers. We rather doubt Gannett will want to do so because the motion to quash is predicated upon the meritless notion that calculatedly false speech deserves First Amendment protection. We think not.

In any event, whatever procedure this Court directs be followed, if not the one we selected, we will issue a new subpoena in accordance with that procedure.

### Conclusion

The motion to quash should be denied.

Dated: White Plains, N.Y.
August 4, 2008

LOVETT & GOULD, LLP
By:_____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

3