*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*

08 Civ 2062 (CLB)(MDF)

**SELIM ZHERKA,**

                          *Plaintiff,*

-against-

**Michael F. Bogdanos, individually, Michael R. Edelman a/k/a "The Consultant", individually, Phillip Amicone, individually and in his capacity as Mayor of the City of Yonkers, New York David "Doe" a/k/a "Ethan Edwards", individually, Edmund Roe a/k/a "MOB Buster", individually, John Poe, individually, William Roe, Individually, and Janet Doe, individually,**

                          *Defendants.*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL R. EDELMAN'S MOTION FOR SUMMARY JUDGMENT**

                        McMAHON, MARTINE & GALLAGHER, LLP
                        Attorneys for Defendant Michael R. Edelman
                        55 Washington Street, 7th Floor
                        Brooklyn, New York  11201

                        By:  William D. Gallagher (4761)

# TABLE OF AUTHORITIES

## FEDERAL CASES

Carrasquillo v. City of New York, 324 F.Sup.2d 428 (S.D.N.Y. 2004) .................. 8

Franzon and Women's Medical & Surgical Health Care P.C. v. Messena Memorial Hospital, et al 89 F.Sup.2d 270 USDC-N.D. New York (2000) ................. 9

Gertz v. Welsh 418 U.S. 323, 351, 94 S.Ct. 710 2997 (1974) ........................ 8

New York Times v. Sullivan 376 U.S. 254, 84 S.Ct. (1964) ......................... 9

Romer v. Morgenthau, 119 F.Supp.2d 346 (S.D.N.Y. 2000) ........................... 7

Ruotolo v. City of New York, 514 F.3d 184 (2d Cir. 2008) .............................. 6

Transhorn, Ltd. v. United Techs. Corp. (In re Elevator Antitrust Litig.), 502 F.3d 47 (2d Cir. 2007) ............................................................. 7

Walker v. Jastremski, 430 F.3d 560 (2d Cir. 2005) .................................. 7

Webb v. Goord, 340 F.3d 105 (2d Cir. 2003) ........................................ 7

William D. Gallagher, Esq. (WDG 4761)
McMAHON, MARTINE & GALLAGHER, LLP
Attorneys for Defendant MICHAEL R. EDELMAN
a/k/a "The Consultant"
55 Washington Street, 7th Floor
Brooklyn, New York 11201
(212) 747-1230

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x    Index No. 08 CIV 2062
SELIM ZHERKA,

                           Plaintiff,    **MEMORANDUM OF LAW**

                  -against-    (CLB/MDF)

Michael F. Bogdanos, individually, Michael R. Edelman a/k/a "The
Consultant", individually, Phillip Amicone, individually and in his
capacity as Mayor of the City of Yonkers, New York David "Doe"
a/k/a "Ethan Edwards", individually, Edmund Roe a/k/a "MOB
Buster", individually, John Poe, individually, William Roe,
Individually, and Janet Doe, individually,

                           Defendants.

-------------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MICHAEL R. EDELMAN a/k/a "THE CONSULTANT'S MOTION FOR SUMMARY JUDGMENT DISMISSING COMPLAINT

Defendant Michael R. Edelman submits this Memorandum of Law in support of his motion for an Order granting Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing plaintiff's Complaint as well as all cross claims on the grounds that there are no genuine issues of fact presented by plaintiff.

### INTRODUCTION

Plaintiff's complaint alleges that the defendants, including Edelman, violated plaintiff's rights as guaranteed by the First Amendment to the United States Constitution.

3

The Complaint alleges the defendants, including Edelman violated plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 USC Section 1983 USC Section 1985(2) and the common law of the State of New York. The alleged illegal acts of the defendants, were so-called postings by certain of the defendants on a blog maintained by the Gannett Suburban Newspapers referred to as *lowhudblogs.com*. Paragraph 25 of the Complaint alleges that the statements referred to in the Complaint made by the defendants were false, in reckless disregard of the truth and constitute *per se* defamation under the common law of the State of New York. The Complaint also alleges that Edelman and certain of the other defendants entered into a conspiracy with defendant Mathew A. Bogdanos, ("Bogdanos"), an Assistant District Attorney in New York County, to have him undertake a criminal investigation of the plaintiff. The gravaman of the Complaint is that the defendants have joined together in an effort to intimidate and/or threaten plaintiff from engaging in political activities in Westchester County and more specifically in the City of Yonkers. See Complaint ¶¶ 25-28.

We submit that there are few, if any, legal issues with respect to the allegations of the Complaints as to Edelman. The allegations of second Paragraph 5 of plaintiff's Complaint and Paragraph 26 thereof have no basis in fact. The allegation of Paragraph 11 of plaintiff's Complaint is not defamatory and is not actionable.

The Court is respectfully referred to the Declaration of Michael R. Edelman for the facts supporting this Motion.

### THE SUBSTANTIVE ALLEGATIONS OF THE COMPLAINT AS TO EDELMAN

**The allegation of Paragraph 5 (Second) of the Complaint is as follows:**

> On October 3, 2007, at 4:48 p.m. Edelman posted as "THE
> CONSULTANT" on the blog reference to "Albanian organized

crime" and identified as if a matter of fact: "…Sam [Selim] Zherka is the kingpin who runs this group. Ask the feds, who have been protecting him for years in exchange for info on other organized crime families. Sam Zherka…run[s] it [a gentlemens club] today along with various other clubs, diners, bakeries -- anywhere they can launder their ill gotten strip club cash for the IRS. They're pretty feared, as muslim Albanians go".

The Edelman Declaration and Documents annexed thereto clearly establish that the posting alleged in second paragraph 5 of plaintiff's Complaint was not posted by Edelman; was not posted on lowhudblog.com; and in fact was published in the Yonkers Tribune, as confirmed by its Publisher.

**The allegation of paragraph 26 of the Complaint is as follows**:

26. On or subsequent to October 17, 2007, Defendants Edelman, Amicone, David Doe, Edmund Roe, John Poe and William Roe provided and/or caused to be provided to Bogdanos the complaint (referenced by "ETHAN EDWARDS" supra in paragraph "12") embodying all of the false information that they had published on the blog and/or at Asbury Church with the objective of having Bogdanos take additional retaliatory action against Plaintiff. In that connection they sought to arrange for Bogdanos to investigate that information with a view towards retaliating against Plaintiff for his First Amendment exercises; intimidating, deterring, and threatening Plaintiff in connection with a federal injunctive trial

5

conducted late in 2007 before the Hon. Charles L. Brieant in The Guardian News v. Amicone, 07 civ. 7078 (CLB) and the Forthcoming trials in the other civil rights actions referenced in Paragraph "9", supra; injuring him in his person and property by communicating with members of the business community to the effect that Plaintiff is a drug dealer, that he runs an escort service, that he is an Albanian mobster, that he is engaged in money laundering, that he is involved in prostitution, and otherwise engaged in the commission of felonies.

With respect to paragraph 26 of the plaintiff's Complaint, Edelman categorically denies ever meeting with defendant Bogdanos or any of the other co-defendants with respect to the alleged conspiracy. Moreover he affirmatively states that he never communicated with Bogdanos by phone, mail, e-mail, fax or any other way.

We also refer the Court to the Memorandum of Law submitted on behalf of defendant Bogdanos to Dismiss and/or Stay the action against him. Therein it states in pertinent part as follows:

> . . . to survive a motion to dismiss, plaintiff must advance factual allegations which demonstrate that his conspiracy claim "is plausible on its face." Ruotolo v. City of New York, 514 F.3d at 188. The idea that ADA Bogdanos conspired with the other defendants to open an unwarranted grand jury investigation simply does not pass this plausibly threshold. As noted previously, not only is there no readily apparent motive for this conspiracy, it is just absurd to think that ADA Bogdanos would ever enter into any such agreement, especially with individuals who

he is not even alleged to have known before the grand jury proceeding was commenced. The Supreme Court's <u>Twombly</u> decision requires that a complaint set forth "enough facts to 'nudge [plaintiff's] claim [] across the line from conceivable to plausible,'" <u>Transhorn, Ltd. v. United Techs. Corp. (In re Elevator Antittrust Litig.)</u>, 502 F.3d 47, 50 (2d Cir. 2007); see also <u>Walker v. Jastremski</u>, 430 F.3d 560, 564 n.5 (2d Cir.2005) ("conclusory or general allegations are insufficient to state a claim for conspiracy"). Here, plaintiff alleges that ADA Bogdanos conspired with the other defendants to subject him to a baseless grand jury investigation (Complaint ¶¶ 26-28). But while plaintiff blithely asserts that the other defendants "sought to arrange" for ADA Bogdanos to undertake that investigation (Complaint ¶ 26), tellingly absent from the complaint is any allegation that ADA Bogdanos ever met with any of the other defendants, and plaintiff makes no effort to explain exactly how ADA Bogdanos and these individuals formulated their alleged conspiracy against plaintiff. But "[t]o withstand a motion to dismiss, the conspiracy claim must contain . . . some factual basis supporting a 'meeting of the minds,'" i.e., allegations which could support an inference "that defendants 'entered into an agreement, express or tacit, to achieve the unlawful end.'" <u>Romer v. Morgenthau</u>, 119 F.Supp.2d 346, 363 (S.D.N.Y. 2000). Here, plaintiff has offered nothing, apart from wholly conclusory assertions, to support his claim the ADA Bogdanos actually reached an agreement with anyone to violate plaintiff's constitutional rights. For this fundamental reason, his conspiracy claim is deficient. See <u>Webb v. Goord</u>, 340 F.3d 105, 111 (2d

Cir. 2003) (conspiracy claim dismissed where "[p]laintiffs have not alleged, except in the most conclusory fashion, that any such meeting of the minds occurred among any or all of the defendants"); <u>Carrasquillo v. City of New York</u>, 324 F.Sup.2d 428, 441 (S.D.N.Y. 2004)(same); <u>Romer v. Morgenthau</u>, 119 F.Supp.2d at 363 (same).

We respectfully submit that the allegation of paragraph 26 with respect to Edelman is not true, but it does not even state a cause of action.

**The allegation of paragraph 11 of the Complaint is as follows:**

On October 5, 2007, at 5:25 p.m. Edelman as "THE CONSULTANT" published on the blog: "The only thing that remains to be determined is the breadth of the zherka influence in the Robertson campaign . . . sifting through the numerous corporations contributing there are a number that have one incorporator in common . . . sam zherka. I believe that of the [$]63,000 that is raised [for the Robertson campaign] over 50% comes from a zherka owned entity".

We submit that this posting does not constitute a violation of any of plaintiff's right and is not defamatory. It is clear that plaintiff, as the publisher of the Westchester Guardian and a political activist, is at least a limited purpose public figure i.e. persons who have voluntarily injected themselves or are drawn into a particular public controversy. <u>Gertz v. Welsh</u> 418 U.S. 323, 351, 94 S.Ct. 2997 (1974). As such even false statements are not defamatory unless they meet

the actual malice test set fort in <u>New York Times v. Sullivan</u> 376 U.S. 254, 84 S.Ct. 710 (1964). Also see <u>Franzon and Women's Medical & Surgical Health Care P.C. v. Messena Memorial Hospital</u>, et al 89 F.Sup.2d 270 USDC-N.D. New York (2000). There is no allegation in the Complaint of actual malice because there is no basis for such an allegation..

## **CONCLUSION**

We submit that there are no genuine issues of fact with respect to plaintiff's claims against Edelman. The allegations of Paragraphs Second 5 and 26 are simply not true. The allegations of Paragraph 11 are not defamatory, constitute fair comment and is not actionable.

**WHEREFORE** it is respectfully requested that an Order be entered granting Summary Judgment as to Michael R. Edelman, dismissing the Complaint and all Cross-Claims against him and granting such other and further relief as the Court seems just and proper.

Dated: Brooklyn, New York
        August 11, 2008

McMAHON, MARTINE & GALLAGHER, LLP

By: _____
    WILLIAM D. GALLAGHER (4761)
    Attorneys for Defendant Michael R. Edelman
    55 Washington Street, 7th Floor
    Brooklyn, New York 11201
    (212) 747-1230

\\Fs2\DATA\799\1992\Motions\MEMO-LAW_8-4-08.doc