UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SELIM ZHERKA,

                    Plaintiff,

      - against -

MICHAEL F. BOGDANOS, individually, MICHAEL R. EDELMAN, individually a/k/a "THE CONSULTANT," PHILIP AMICONE, individually and in his capacity as Mayor of the City of Yonkers, New York; DAVID "DOE" a/k/a "ETHAN EDWARDS," individually, EDMUND ROE a/k/a "MOB BUSTER," individually, et al.,

                    Defendants.

ECF FILED

No. 08 Civ. 2062 (CS)(MDF)

## REPLY MEMORANDUM OF LAW OF NONPARTY WITNESS GANNETT SATELLITE INFORMATION NETWORK, INC., IN SUPPORT OF ITS MOTION TO QUASH OR MODIFY SUBPOENAS DUCES TECUM

Nonparty witness Gannett Satellite Information Network, Inc. ("Gannett") respectfully submits this reply memorandum of law in further support of its motion to quash or modify three subpoenas duces tecum, dated June 27, 2008 (the "Subpoenas"), issued by counsel for plaintiff Selim Zherka in this action.

The response of plaintiff Zherka ("Zherka Opp.") to Gannett's motion to quash makes evident that the motion to quash must be granted. First, Zherka does not dispute that in order to pierce the anonymity of the posters, he must first overcome the privilege for anonymous speech possessed by those posters. (See Gannett's opening brief ("Gannett Mem.") at 3-6.) Moreover, Zherka fails to dispute that the appropriate factors to be considered are those discussed in Dendrite Int'l v. Doe No. 3, 775 A.2d 756, 760-61 (N.J. Super. App. Div. 2001), and Doe I v. Individuals, 2008 WL 2428206, at *4-6 (D. Conn. 2008). (See Gannett Mem. at 6-9.)

743787_1

Accordingly, Gannett submits that it is now conceded by plaintiff that <u>Dendrite</u> and <u>Doe I</u> provide the proper framework for analyzing Zherka's entitlement to the information sought in his subpoenas.

More importantly, however, Zherka makes little to no attempt to satisfy this test, except (as discussed below) the requirement that the anonymous posters be given adequate notice and the possibility of alternative sources of the information. Specifically, Zherka offers up neither argument <u>nor evidence</u> to show that he has a legitimate cause of action against any of these posters. As Judge Droney recognized in <u>Doe I</u>, the "most important[]" factor in determining whether to enforce a subpoena seeking to unmask anonymous posters is whether the plaintiff has "ma[de] a concrete showing as to each element of a prima facie case against the defendant." 2008 WL 2428206, at *5-6; <u>see also</u> <u>Dendrite</u>, 775 A.2d at 760 ("In addition to establishing that its action can withstand a motion to dismiss for failure to state a claim upon which relief can be granted . . ., the plaintiff must produce sufficient evidence supporting each element of its cause of action, on a prima facie basis, prior to a court ordering the disclosure of the identity of the unnamed defendant."). Zherka's failure on this point alone warrants denial of the information he seeks and the quashing of his subpoenas.

Nor, however, does Zherka make an adequate showing with respect to those factors he <u>did</u> choose to address. As for the adequacy of the "notice" he posted, Zherka utterly fails to respond to Gannett's primary concern, which was that plaintiff's "notice" was posted to the comments section of a completely unrelated blog post, and thus was not reasonably calculated to give notice to the posters. Moreover, plainly Gannett's concern over the failure to advise the posters they could proceed anonymously was not, as plaintiff disingenuously argues, to warn the posters that "if they move to quash other than anonymously their anonymity will be lost"

743787_1

(Zherka Opp. at 2), but to advise them that proceeding anonymous was, in fact, an option – a fact of which the average non-lawyer might very well not be aware and ignorance of which would likely discourage such persons from attempting to appear and protect their rights. The inadequacies of plaintiff's "notice" are clear, and they only serve to highlight why it is so important that this Court – should the Court not simply quash the subpoenas for the inadequacy of Zherka's showing on the merits – prescribe the means and content of providing adequate notice to the posters.[1]

Finally, with respect to the possibility of alternative sources for the information sought, the affirmation of plaintiff's counsel, Mr. Lovett, does not respond directly to the Affidavit of Mark Fowler submitted in support of Gannett's motion – Mr. Lovett states that a certain blog post of defendant Michael Edelman did not itself divulge the identities, but he does not deny that has he reason to believe Mr. Edelman knows the identities and that he told Mr. Fowler so. (Lovett Affirmation ¶ 2.) Moreover, negation of this one possible alternative (even if plaintiff had done so) is far from a showing that no such alternatives exist. In any case, given Zherka's allegations of conspiracy in this matter, it is surely not unreasonable to demand that he first exhaust discovery of the known defendants before requiring Gannett to unmask the posters.

## CONCLUSION

For the foregoing reasons, as well as those stated in Gannett's opening brief, Gannett requests that the Subpoenas be quashed in their entirety or, in the alternative, that the Court order

---

[1] It is for that very reason – the need for this Court, not the parties, to prescribe the proper notice – that Gannett has not undertaken to attempt any notification itself. Plaintiff's insinuations as to the genuineness of Gannett's concern for proper notice are not only flatly untrue but irrelevant – the Court's concern here must be for the First Amendment rights of the posters. Gannett's role in this litigation is simply to place these concerns before the Court because, in the absence of adequate notice to the posters themselves, Gannett is the only party in a position to do so.

743787_1

that reasonable notice and an opportunity to intervene be given to the anonymous Posters and stay further proceedings for a reasonable length of time to allow such intervention.

Dated:  New York, New York
            August 12, 2008

SATTERLEE STEPHENS BURKE & BURKE LLP

By: ___/s/ Glenn C. Edwards_____
    Mark A. Fowler (MF-4605)
    Glenn C. Edwards (GE-0696)
Attorneys for Non-Party Gannett Satellite
    Information Network, Inc.
230 Park Avenue
New York, New York  10169
(212) 818-9200