UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
SELIM ZHERKA,

                       Plaintiff,

     -against-

MICHAEL F. BOGDANOS, individually,
MICHAEL R. EDELMAN a/k/a "THE           08 Civ. 2062 (CS)
CONSULTANT", individually, PHILLIP
AMICONE, individually and in his capacity
as Mayor of the City of Yonkers, New York,
DAVID "DOE" a/k/a "ETHAN EDWARDS",
individually, EDMUND ROE a/k/a "MOB
BUSTER", individually, JOHN POE,
individually, WILLIAM ROE, individually,
and JANET DOE, individually,

                       Defendants
----------------------------------------------------------x


### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION OF DEFENDANT EDELMAN FOR SUMMARY JUDGMENT


#### Preliminary Statement

      This memorandum is submitted in opposition to Defendant Michael Edelman's

pre-discovery motion for summary judgment which is predicated almost exclusively

upon his calculatedly false declaration.

Edelman's Violation of Local Rule
56.1 Justifies Denial of the Motion

Local Rule 56.1(a) requires that "[u]pon any motion for summary judgment

pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to

the notice of motion a separate, short and concise statement, in numbered paragraphs,

of the material facts as to which the moving party contends there is no genuine issue to

be tried. Failure to submit such a statement may constitute grounds for denial of the

motion".

In the case at bar although the Edelman motion is made specifically pursuant to

Rule 56 (Edelman Declaration, para. 1), no Rule 56.1 statement has been filed. Under

the circumstances we submit that movant's disregard of the Local Rule should

constitute only an alternative ground for denial of the motion. Because the entire

motion is predicated upon the false sworn declaration of Mr. Edelman, we urge the

Court to dispose of it based upon its complete lack of merit.

The October 3, 2007, 4:48 P.M. "polhudson.
lohudblogs" Posting, The Existence of Which
Defendant Edelman Repeatedly Falsely Denies

During the fall of 2007 Plaintiff Selim Zherka downloaded the at issue blog

posting, not from The Yonkers Tribune's blog, but from "lohudblogs.com" (Zherka

affidavit at para. 2) which Edelman apparently deliberately and repeatedly (Edelman

declaration at paras 3, 24, 26, 28, 29, 31, 44, and second paragraph numbered "37" on

page 15) mis-describes[1] under oath as: "lowhudblog.com" (emphasis added).

---

[1] If movant believes that by deliberately referencing a non-existent blog he can, as a former prosecutor
(Edelman declaration at para. 14), avoid being taken to task for submitting a materially false sworn

That posting states in pertinent respect:

"5. the consultant <u>October 3rd, 2007 at 4:48 pm</u>[2]

*                    *                    *

The posters are right about Sam Zherka. His brother Ali has

been arrested for a assault and rape in the past, was involved in

the SCORES murders and fled the country, and is now indicted

as part of a federal RICO investigation involving Albanian

organized crime. But Sam Zherka is the kingpin who runs this

group. Ask the feds, who have been protecting him for years

in exchange for info on other organized crime families. Sam

Zherka and his gang went in and threw the mafia out of the

VIP strip club on W.20th street about a decade ago, and still run

it today along with various other clubs, diners, bakeries - -

anywhere they can launder their ill gotten strip club cash from the

IRS. They're pretty feared, as muslim Albanians go. His wife took

a tax fraud arrest for him and went to federal prison for him. How

did Sam repay her? By divorcing her. His sister has also been

arrested. . .

*                    *                    *

**THIS IS FRONT PAGE STUFF. . .IT IS A STORY THAT HAS**

---

statement to this Court - - since the at issue blog posting did not appear on "lowhudblog.com" (emphasis
added), which does not apparently exist, we trust that he is wrong.
[2] Edelman judicially admits that he uses the "handle 'The consultant'" (Declaration para. 26). He also
admits in the **"MY QUALIFICATIONS"** portion of his declaration that: he has "worked as a political
consultant" (*id.* at para. 12); "acted as a consultant" (*id.* at 13); and served as a consultant to defendant
Amicone in the 2007 Yonkers Mayoral Race and the 2005 District Attorney race on behalf of Janet
DiFiore" (*id.* at 15).

**LEGGS. . .BUT IT MUST BE CAPABLE OF BEING FACT**

**CHECKED BY THE MEDIA. . .YOU GET ME THE SOURCES**

**I WILL MAKE IT HAPPEN"**

(Posting annexed to Zherka affidavit, boldface and capitalization in original).[3]

By way of response to Edelman's posting, at 6:19 p.m. on October 3, 2007, the

Defendant in this case presently only known as "Ethan Edwards" wrote:

"Consultant: All or at least the great

majority of that data is already confirmed.

Is that from the Yonkers Tribune?[4]

I don't know who posted that information,

but there is no doubt it is someone with

'inside access' to the Feds or another branch of

law enforcement, county, state, whatever.

Robertson has a HUGE problem. And so does

Zherka, not even counting his brother Ali"

At 6:20 p.m. on the same date Ethan Edwards posted:

---

[3] At the second paragraph numbered "5" in the complaint in this action it is alleged: "On October 3, 2007, at 4:48 p.m. Edelman posted as "THE CONSULTANT" on the blog reference to 'Albanian organized crime' and identified as if a matter of fact: '. . .Sam [Selim] Zherka is the kingpin who runs this group. Ask the feds, who have been protecting him for years in exchange for info on other organized crime families. Sam Zherka. . .run[s] it [a gentlemens club] today along with various other clubs, diners, bakeries — anywhere they can launder their ill gotten strip club cash from the IRS. They're pretty feared, as muslim Albanians go".

[4] In connection with his motion for summary judgment, Edelman pretends (Declaration, para. 31) that following service of the complaint he searched "lowhudblog.com" and could not find the posting that is now annexed to the Zherka affidavit. He also claims that as a result he "checked the archives of the Yonkers Tribune, an online newspaper and found that there was an anonymous posting on October 3, 2007[,] at 3:20 p.m." similar to the one Edelman posted later that date on "polhudson.lohud.blogs.com". Ironically when Ethan Edwards read Edelman's defamatory posting of 4:48 p.m. on October 3, 2007, he correctly asked Edelman whether Edelman had for attribution re-published the earlier anonymous blog entry: "Is that from the Yonkers Tribune?". Obviously Edelman, as did Ethan Edwards, knew at the time he made the defamatory posting that he had re-published a defamatory posting that appeared anonymously earlier that day on a different blog.

"If you recall, I began waving the red flag

about Ali Zherka, etc. on this very blog[5]

a few weeks ago. It was ignored.

At 7:00 p.m. on October 3, 2007, Ethan Edwards made another posting:

"Zherka himself is now running TV ads for Robertson.

HE is 'Citizens Against Injustice,' which is not

a recognized PAC.

He admitted he was 'Citizens Against Injustice' on

News 12 two nights ago.

If he has anyone in it with him, who are they?

This is the final death knell for Robertson."

At 7:55 p.m. on that same date Edelman, as "the consultant" responded to Ethan

Edwards posting:

"zherka is now acknowledging he himself is

personally paying for the ads. .ie

paid for by sam zherka. . .and the ads

benefit dennis.robertson. . .the democrats

picked a loser with ties to unsavory

characters[6]. . .not going to play very well

with ethnic democrats in yonkers".

In response and at 8:27 p.m. on that date Ethan Edwards posted:

---

[5] This very blog is "polhudson.lohudblog.com", not "lowhudblogs.com" (emphasis added).
[6] No doubt Edelman's reference to "unsavory characters" was intended to mean Plaintiff as the supposed kingpin of Albanian organized crime, a supposed tax cheat, and a supposed money launderer who hides his ill gotten strip club cash from the Internal Revenue Service.

"That is both Guardian AND TV ads.

He had a commercial on News 12 tonight

It blasted Amicone. So. . . .it's for Robertson.

Do you know what Zherka's real first name is?

It goes well with his brother's first name, Ali.

("AND TV" both capitalized in original).

Edelman, as "the consultant" responded at 9:37 p.m.:

"babba?"[7]

And in turn so did Ethan Edwards, who at 8:04 a.m. on October 4, 2007, posted:

"Like 'Ali Baba and the 40 Thieves?'

It's a Muslim name. . . .just like Ali is.

Sam's real first name is SELIM.

That is another substantiation of that

poster's remarks.[8] The commenter called

Zherka and his brother 'Muslim Albanians.'[9]

So, Muslims involved in criminal activity,

at least Ali is, and there are logical

suspicions about Sam. Lots of money floating

around. Who knows where some of it could

end up?"

---

[7] Deceitfully in his declaration Edelman swears (at para. 28): "At the time of this posting [the one annexed to the Zherka affidavit], I did not even know plaintiff was Albanian or that he was allegedly involved with Albanian organized crime.

[8] Ethan Edward's reference to "that poster" was intended to refer to the anonymous Yonkers Tribune blogger from whom Edelman lifted and then re-published as The Consultant the *per se* defamatory posting of 4:48 p.m. on October 3, 2007.

[9] "I did not even know Plaintiff was Albanian" (Edelman declaration, para. 28).

(*see* Posting annexed to Zherka affidavit; "SELIM" capitalized in original).

Edelman's Improvident Judicial Admissions
Regarding His Postings on "polhudson.lohud.com"

At paragraph "28" of his declaration Edelman swears:

"I did not post this [the defamatory posting at 4:48 p.m.]

on lowhudblog.com and do not know who did. "

Since there is no "low" hudblog, his sworn statement on this issue is a negative

pregnant that justifies an inference that he in fact did post the defamatory statement on

"polhudson.lohudblogs.com".

Also in paragraph "28" Edelman swears: "At the time of this posting, I did not

even know plaintiff was Albanian or that he was allegedly involved with Albanian

organized crime".

In light of Edelman's ethnic slur regarding Ali "Babba", his identification of

Plaintiff as "the kingpin" of Albanian organized crime, and Ethan Edwards' remarks

regarding Plaintiff's ethnicity, Albanian national heritage, and "Ali Baba and the 40

Thieves", we submit that Edelman's current profession of abject ignorance is

knowingly false.

In paragraph "29" of his declaration Edelman swears:

"Moreover, I have reviewed all postings on lowhudblog.com

with respect to Yonkers Political Matters and plaintiff for the

period October 3, 2007[,] through October 9, 2007[,] and

there is no such statement posted by me or any other person."

Since the defamatory posting by Edelman was on "polhudson.lohudblogs.com", his sworn claim that he could not locate the posting on "lowhudblog.com" (emphasis added) is calculatedly misleading.

In as much as the actual defamatory posting (annexed to the Zherka affidavit) was in fact posted on "polhudson.lohudblogs.com" at 4:48 p.m. on October 3, 2007, Edelman's statement under penalty of perjury that "no such statement [was] posted by . . .any other person" is simply false.

And since it is obvious that Edelman made the defamatory posting as The Consultant, his sworn assertion that "there is no such statement posted by me" is also false.

At paragraph "30" of his declaration, Edelman admits that he "did make postings on October 3, 2007[,] at 12:12 p.m., 2:23 p.m. and 7:55 p.m. The [s]econd of these postings does refer to plaintiff but this is not complained of by the plaintiff".[10]

At paragraph "32" of his declaration Edelman swears:

> "Any doubt that the posting plaintiff referred to in Second
>
> Paragraph 5 was posted on the Yonkers Tribune Blog is
>
> dispelled by an article by the Publisher of the Yonkers
>
> Tribune which stated as follows:
>
> > While the lawsuit ascribes some quoted passages to
> >
> > Edelman in *Politics on the Hudson* blog, the fact is
> >
> > they are to be found outside of the blog quoted by

---

[10] There is no 12:12 p.m. posting on the blog (*see* Posting annexed to Zherka affidavit). The 2:23 p.m. blog posting by "the consultant" does not say anything about Plaintiff". In the 7:55 p.m. posting by Edelman he does reference Plaintiff. In sum, the "Second of these postings does [not] refer to plaintiff" contrary to Edelman's sworn declaration.

Gannett Suburban Newspapers. . ." [11].

Unfortunately for Edelman, and as is obvious from a reading of the 4:48 p.m.

blog posting by The Consultant, Edelman knew as of October 3, 2007, that the

defamatory statement had earlier been published anonymously on the Yonkers Tribune

blog, from which he "lifted" it and then re-published it verbatim on

polhudson.lohudblogs.com adding to it his incredibly foolish (but truthful) admission as

to his complete lack of knowledge of any supporting facts: **"THIS IS FRONT PAGE**

**STUFF. . .IT IS A STORY THAT HAS LEGGS. . .BUT IT MUST BE CAPABLE**

**OF BEING FACT CHECKED BY THE MEDIA. . .YOU GET ME THE**

**SOURCES I WILL MAKE IT HAPPEN".**

Put differently, not only did Edelman re-publish the *per se* defamatory

statement, but in that connection he in writing acknowledged that what he wholesale re-

published had not been "fact checked" and was re-published by him without benefit of

any "sources".

Also deceitful is Edelman's sworn statement contained in paragraph "32" of his

declaration (at page. 11):

"An examination of the blog entries on LoHud.com[12] and the

Yonkers Tribune.Typepad.com, prove conclusively that the

allegations brought by 'Sam' Selim Zherka alleging that Mike

Edelman, blogging as 'The Consultant' stated that 'Zherka was

---

[11] If the publisher of the Yonkers Tribune knew the identity of the real blog site where Edelman published the defamatory statement - - referencing it as "*Politics on the Hudson*" - - we find it curious that Edelman makes no reference to "polhudson" and/or Politics on the Hudson in any of his assertions of "fact". Of course, even a cursory glance at the actual posting (annexed to the Zherka affidavit) explains Edelman's deliberate omissions. The actual posting appears under a caption: **"POLITICS ON THE HUDSON"**.

[12] We must assume that Edelman's two, accurate references in paragraph "32") to "LoHud.com " ("lohud"), without a "w" was inadvertent since he otherwise repeatedly denies that he published the defamatory statement on "lowhudblogs.com" (emphasis added).

a kingpin in Albanian organized crime' and that the feds were

protecting him for years" [*sic*.] were not said by any blogger

claiming to be 'The Consultant.' A comparison of the language

stated in the Zherka lawsuit with all blog entries on LoHud.com

and Yonkers Tribune.Typepad.com reveal[s] that an anonymous

blogger posted the language that Zherka is complaining about."

For we know, on the basis of Edelman's judicial admissions and the exhibit annexed to

the Zherka affidavit, that Edelman personally "lifted" the anonymous blogger's posting

from the Yonkers Tribune blog and re-published it for attribution as The Consultant on

polhudson.lohudblogs.com.

At paragraph "33" of his declaration Edelman swears:

"It is clear that the posting quoted in Second Paragraph 5 of the

Complaint was lifted from the Yonkers Tribune and made to

appear as though it was posted by me on lo<u>w</u>hudblog.com

nor [*sic*.] did I post it in the Yonkers Tribune"[13]

(emphasis added). We concur, but for reasons different than those falsely implied by

Edelman.

Edelman "lifted" the anonymous blogger's defamatory posting from the

Yonkers Tribune blog. He then re-published it for attribution to The Consultant, that is,

himself. In fact the anonymous blogger's defamation was not posted on

"lo<u>w</u>hudblog.com" since that blog does not exist. In fact Edelman did not post anything

---

[13] Edelman's apparently deliberate resort to improper grammar and/or disconnected thoughts and phrases appears calculated to leave him a tad of wiggle room to prospectively claim that incoherent sworn statements cannot objectively be considered to be "false". In that regard he is in error.

anonymously on the Yonkers Tribune blog. Rather he re-published the defamatory statement for attribution to himself as The Consultant on "polhudson.lohudblogs.com".

In paragraph "35" of his declaration Edelman swears:

> "Whether it was plaintiff or counsel for plaintiff who filed the Complaint it is not only not true but it reeks of Fraud".

As to this recital, three observations are warranted. First, as an attorney admitted to practice in this Court (Edelman declaration at para. 11) he ought to have been able to figure out that the complaint was filed by Plaintiff's counsel as indicated on the docket sheet and the complaint as served on Edelman, not by Selim Zherka acting in a *pro se* capacity.

Second, the "not only not" true phrase is a double negative from which we fairly distill his phraseology to be an admission as to the truth of the complaint. And finally, in light of Edelman's series of calculatedly false statements made under oath he is hardly the appropriate party to suggest that "Fraud" derives from any source other than The Consultant himself.[14]

In paragraph "37" of his declaration Edelman strategically admits publishing an October 5, 2007, posting at 5:25 p.m. in which he comments about campaign contributions made by Plaintiff and others in support of Amicone's opponent in the 2007 Yonkers' mayoral race - - not because that posting bears on the *per se* defamation at issue on this motion, but rather as a clumsy bootstrap he then seeks to use as a predicate for: i) announcing that his remarks on the issue of campaign contributions constituted "fair comment with respect to the activities of plaintiff"; and ii) that

---

[14] As the Court will subsequently learn, Edelman apparently crafted his own declaration to be used by him, through blog postings, as an exercise in self-congratulation indulged in to gratuitously publicly disseminate additional slurs with respect to Plaintiff.

somehow or other because Plaintiff made campaign contributions he became "a limited purpose a [*sic.*] public figure in connection with *inter alia* his political activities, his alleged problems with the City of Yonkers Administration".

Of course the controversy if any regarding Plaintiff's campaign contributions has nothing whatsoever to do with the controversy created by Edelman in publishing false accusations on "polhudson.lohudblogs.com" about Albanian organized crime, Plaintiff's being the "kingpin" of Albanian organized crime, his laundering "ill gotten strip club cash", and/or his evading taxes and the IRS.

But of course we appreciate, as discussed *infra*, that neither Edelman nor his counsel can possibly actually believe that Plaintiff is "a limited purpose a [*sic.*] public figure" (Declaration at para. "38") who can be defamed at will by Edelman. Rather this sworn albeit false legal conclusion was interjected by Edelman as a pretext so that in his memorandum of law his counsel could make a legally frivolous argument as to Plaintiff's supposed status as a limited purpose public figure (Memorandum at 8-9).

In connection with paragraphs "40", "41" and "42" of his declaration Edelman swears to a whopper of a negative pregnant about paragraph "26" of the complaint - - which asserts that Edelman engaged in acts in furtherance of the conspiracy with his co-defendants to violate Plaintiff's federal civil rights. The whopper eviscerates the supposed "factual" underpinning for Edelman's purported denial of the allegations in paragraph 26:

> "40. I never heard of defendant Bogdanos prior to service of the
> Complaint. I never met Bogdanos or provided or caused to be
> provided any information to him about plaintiff or sought to have

12

plaintiff investigated.[15]

41. Moreover I have never communicated with Bogdanos by phone, mail, e-mail, fax or any other way.

42. **This allegation** [regarding conspiracy as set forth in paragraph "26" of the complaint], **like the allegation of the Second Paragraph 5 is made up without any foundation in facts** and again reeks of fraud". But the allegations of the second numbered paragraph "5" in the complaint are, for the reasons set forth *supra,* entirely true. They are not "made up". They are not lacking "any foundation in facts".

And since according to The Consultant/Edelman, the allegations of fact contained in paragraph "26" are in terms of veracity just "like the allegation of the Second Paragraph 5", he has essentially admitted the truth of the factual allegations contained in both paragraphs of the complaint.

In paragraph "37" of his declaration Edelman swears, presumably so that his attorney can ask for sanctions:

"It is clear that Second Paragraph 5 of plaintiff's Complaint was not posted on lowhudblog.com; that plaintiff and his counsel know it was not; and they ignored the proof my attorney forwarded [the falsified supposed blog entries annexed as Exhibit B to the declaration, from which Edelman deleted

---

[15] By way of a little poetic license, in his memorandum of law Edelman's counsel expands upon this recital (memorandum at 6) morphing it into things never said by Edelman: "Edelman categorically denies ever meeting with Bogdanos or any of the other co-defendants with respect to the alleged conspiracy". In fact, as indicated *infra,* Edelman says nothing whatsoever in his declaration regarding either meeting or not meeting with the other co-defendants. Additionally, he says nothing whatsoever about the federal claims advanced in this case pursuant to 42 U.S.C. §§1983, 1985(3). His memorandum of law is equally silent as to these claims and essentially argues in disregard of the facts that the common law claim of *per se* defamation is not actionable.

the 4:48 p.m. October 3, 2007, defamatory posting that he

made as The Consultant] before this motion was filed."

This recital is calculatedly false. As is clear from the posting annexed to the

Zherka affidavit, the allegations of the second paragraph "5" are true with respect to

Edleman/The consultant. Nothing was posted on "lowhudblog.com" (emphasis added)

and nothing is alleged in the complaint to have been posted on that non-existent blog.

Plaintiff and his counsel both knew, by reason of their investigation of the facts

as required by Rule 11 and the posting annexed to the Zherka affidavit that those

factual allegations were indeed true. And yes indeed, the false "proof" offered up by

Edelman's counsel in an attempt to deceive was ignored and properly so.

*The "Limited Purpose Public Figure"*
*Descriptive Has Nothing To Do With*
*the Plaintiff In This Action*

Utterly frivolous is Edelman's factually groundless sworn suggestion

(Declaration at "38") that Plaintiff somehow or other voluntarily injected himself into a

public controversy related to the subjects of Albanian organized crime, kingpins of

Albanian organized crime, tax evasion, and money laundering of ill gotten strip club

cash.

Indeed any suggestion of that nature is flat out false - - hardly a surprise given

Edelman's brassy approach to asserting phony "facts" galore under penalty of perjury.

As Plaintiff makes unequivocally clear in both his affidavit and his 56.1

statement:

14

- At no time has Plaintiff invited public attention, much less successfully done so, to his views with respect to Albanians, Albanian organized crime and/or criminals, or any of the other subjects referenced in the at issue 4:48 p.m. October 3, 2007, blog posting (Plaintiff's 56.1 Statement, para. 8; Zherka Affidavit, para. 4; *see* posting annexed thereto).

- At no time has Plaintiff voluntarily injected himself into a public controversy regarding the subjects and/or any of the subjects referenced in the at issue blog posting, *supra* (Plaintiff's 56.1 statement at para. 9; Zherka affidavit, para. 4; *see* posting annexed thereto).

- At no time has Plaintiff assumed a position of prominence in a and/or any public controversy regarding the and/or any of the subjects referenced in the at issue blog posting (Plaintiff's 56.1 statement at para. 10; Zherka affidavit, para. 4; *see* posting annexed thereto), and,

- At no time has Plaintiff ever maintained regular and continuing access to the media regarding the and/or any of the subjects referenced in the at issue blog posting (Plaintiff's 56.1 statement at para. 11; Zherka affidavit, para. 4; *see* posting annexed thereto).

## POINT I

### THE "FACTS" RECITED IN
### EDELMAN'S MEMORANDUM
### OF LAW ARE MATERIALLY FALSE

Just as Edelman's declaration is permeated with false assertions of fact, so is his memorandum of law.

As an initial matter, the blog on which the *per se* defamatory posting by Edelman appeared is mis-identified as "*lowhudblogs.com*" (Memorandum at 4, emphasis added). As a fact, the blog is actually "polhudson.lohudblogs.com". Under the circumstances movant's assertion (*ibid.*):

> "The alleged illegal acts of the defendants, were so-called postings
> by certain of the defendants on a blog maintained by the Gannett
> Suburban Newspapers referred to as *lowhudblogs.com*",

(emphasis added) is simply false.

Also false is movant's sweeping assertion:

> "The allegations of second Paragraph 5 of plaintiff's
> Complaint and Paragraph 26 thereof have no basis in fact"

(Memorandum at 4). For the reasons set forth *supra* the factual allegations contained in paragraph "5" are true, as documented by the blog posting annexed to the Zherka affidavit. And as also discussed *supra* the allegations of paragraph "26" should be deemed admitted by Edelman given his finely honed whopper of a negative pregnant.

To the extent that movant expressly defers to "the Declaration of Michael R. Edelman for the facts supporting this Motion" (Memorandum at 4), we submit that as a matter of fact the motion must be denied regarding the common law defamation claim.

However since none of the other legal claims are analyzed by movant there is no basis for dismissing them.

On page "5" of his memorandum Edelman conclusorily argues:

> "The Edelman Declaration and documents annexed thereto clearly establish that the posting alleged in second paragraph 5 of plaintiff's Complaint was not posted by Edelman; was not posted on lowhudblog.com; and in fact was published in the Yonkers Tribune, as confirmed by its Publisher"

(emphasis added).

Considered in reverse order: i) a portion of the posting made by Edelman on polhudson.lohudblogs.com [exclusive of the boldface, capitalized proclamation that **"THIS IS FRONT PAGE STUFF. . .IT IS A STORY THAT HAS LEGGS. . .BUT IT MUST BE CAPABLE OF BEING FACT CHECKED BY THE MEDIA. . .YOU GET ME THE SOURCES I WILL MAKE IT HAPPEN"**] was anonymously posted on the Yonkers Tribune blog at 3:20 p.m. on October 3, 2007; ii) nothing was posted on "lowhudblog.com" (emphasis added) since the at issue website on which Edelman did his defamatory posting is polhudson.lohudblogs.com; iii) the posting by Edelman occurred at 4:48 p.m. on October 3, 2007 - - approximately one and one-half hours after the anonymous posting on the Yonkers Tribune blog (*see* posting annexed to Zherka affidavit); and shortly after Edelman re-published that defamatory statement for attribution to himself as The Consultant, blogger/defendant Ethan Edwards recognized the original source of the anonymous posting: "Is that from the Yonkers Tribune?". *Ibid.*

17

At page "6" of his memorandum Edelman makes another sweeping assertion, materially false in substance:

> "With respect to paragraph 26 of the plaintiff's Complaint, Edelman categorically denies ever meeting with defendant Bogdanos **or any of the other co-defendants with respect to the alleged conspiracy."**

(boldface added). As to the "denies ever meeting with defendant Bogdanos", that denial actually is an admission to the contrary, by reason of Edelman's negative pregnant discussed *supra*

As to the "denies meeting with. . .any of the other co-defendants with respect to the alleged conspiracy" we accept movant's suggestion as made to the Court and will "refer. . .to the Declaration of Michael R. Edelman for the facts supporting this Motion" (Memorandum at 4). In that connection we have reviewed movant's assertions as set forth in paragraphs "40", "41", and "42" since they are the only allegation of supposed fact pertaining to the conspiratorial acts as set forth in paragraph "26" of the complaint.

In paragraph "40" Edelman alleges that he: never heard of Bogdanos prior to service of the complaint; "never met with Bogdanos"; and never "provided or caused to be provided any information to him about plaintiff or sought to have plaintiff investigated".

In paragraph "41" he asserts that he has "never communicated with Bogdanos by phone, mail, e-mail, fax or any other way". By means of the negative pregnant contained in paragraph "42", his purported denials as set forth in paragraphs "40" and "41" should be treated as admissions against interest:

18

"42. This allegation [a reference back to the multiple

allegations of fact contained in paragraph "26" of the complaint], like the

allegation of the Second Paragraph 5 is made up without any foundation in

facts and again reeks of fraud"."

Paragraph 5's allegations are, as discussed *supra*, entirely true. The allegations of

paragraph "26" are (as conceded by Edelman) as to truthfulness just "like the

allegation[s] of the Second Paragraph 5" - - in short they also are true.

However with respect to Edelman's assertion as if fact on page "6" of his

memorandum that he "categorically denies ever meeting with. . .any of the other co-

defendants with respect to the alleged conspiracy", Edelman's declaration is entirely

silent. And since in fact there is no such denial, much less anything approximating a

categorical denial, the bald and self-serving reference to the contrary in the memorandum

of law should be disregarded as one more bit of dissembling by movant.

For reasons unexplained, other than perhaps as filler, movant incorporates into his

memorandum of law a multi-page excerpt from the Bogdanos' memorandum previously

filed (Edelman memorandum at 6-8). Since nothing said in the quoted excerpt is a sworn

statement of fact, the cross-reference should be ignored.

Utterly meritless is movant's assertion in his memorandum that somehow or other

Plaintiff is (for purposes of the common law defamation claim in which he was falsely

described as the "kingpin" of Albanian organized crime, a tax evader and a money

launderer with respect to his "ill gotten strip club cash") a "limited purpose public figure"

(Memorandum at 8).

For as movant of necessity concedes (*ibid.*) a person may be considered to be a limited purpose public figure if he/she "voluntarily injected themselves or is drawn into a particular public controversy".

There manifestly was no controversy, much less a public controversy, regarding organized crime, the "kingpin" of Albanian organized crime, money launderers or tax evasion. And at no time whatsoever did Plaintiff ever inject (much less voluntarily inject) himself into any such controversy. Nor for that matter was he ever drawn into such a public controversy.

Indeed, Edelman concedes as much at paragraph "21" of his declaration where he admits that the supposed controversy was limited to his personal expression of concern regarding the extent of campaign contributions made by Plaintiff or others in support of the candidate opposing Amicone [or "Amicome" as Edelman spells it (Declaration, para. 19)] in his bid for re-election as Mayor of the City of Yonkers:

> "There is no question that I was critical of plaintiff for the
> amount that he and his affiliates contributed to the Robertson
> campaign which I calculated to be approximately 65% of all funds
> raised by or on behalf of Robertson. I believe that the comments
> with respect to this were appropriate in that it suggested that plaintiff
> would have an extraordinary amount of influence over Robertson
> if he were elected Mayor of Yonkers".

In any event as Plaintiff makes clear in his affidavit and 56.1 statement, he never injected himself and/or was drawn into any controversy (public or otherwise) regarding

Albanian organized crime, the kingpin of Albanian organized crime, or any of the other

felonious activities attributed to him by Edelman in his *per se* defamatory blog posting.


# POINT II

## MOVANT'S LEGAL ARGUMENTS
## ARE DEFICIENT AND MERITLESS

*Legal Deficiencies*

    According to the first sentence in the "Introduction" to Edelman's memorandum

of law:

> "Plaintiff's complaint alleges that the defendants, including
>
> Edelman, violated plaintiff's rights as guaranteed by the First
>
> Amendment to the United States Constitution"

(Memorandum at 3)

    According to the second sentence in the very same "Introduction":

> "The Complaint alleges the defendants, including Edelman
>
> violated plaintiff's rights as guaranteed by the First Amendment
>
> to the United States Constitution, 42 USC Section 1983[,]
>
> USC Section 1985(2)[,] and the common law of the State of
>
> New York

(Memorandum at 4).

    While the second of these two descriptives is close to accurate, there is not a

single additional reference in that document concerning the First Amendment. Nothing

else whatsoever is said by Edelman regarding 42 U.S.C. §1983. Not an additional word is

said with respect to 42 U.S.C. §1985(3) - - with the exception of a quote by Edelman of

an inapposite portion of a memorandum of law submitted by Bogdanos on a 12(b)(6) motion to dismiss.

Indeed the remainder of the memorandum is devoted to argument solely with respect to Plaintiff's common law claim of *per se* defamation. Under the circumstances, while Edelman indicates that he is seeking judgment pursuant to FRCP 56 "dismissing plaintiff's Complaint" (Memorandum at 3), his utter disregard of the two federal claims compellingly suggests otherwise.


*Meritless Legal Arguments*

On the real facts, as discussed *supra*, there is not a scintilla of evidence that Plaintiff engaged in any conduct whatsoever on the basis of which he can as a matter of law be characterized as "a limited purpose public figure".

Despite the complete lack of any such evidence, Edelman advances a conclusory legal argument (Memorandum at 8) to the effect that under Gertz v. Welsh, 418 U.S. 323 (1974), a private citizen can be catapulted into "limited purpose public figure" status if they do or say anything whatsoever in public.

That simply is not the law as Gertz makes clear. Gertz, *supra*, at 351-2 ("Absent clear evidence of general fame or notoriety in the community, and pervasive involvement in the affairs of society, an individual should not be deemed a public personality for all aspects of his life. It is preferable to reduce the public-figure question to a more meaningful context by looking to the nature and extent of the individual's participation in the particular controversy giving rise to the defamation"); Contemporary Mission, Inc. v. New York Times Company, 842 F.2d 612, 617-18 (2d Cir. 1988)(". . .in

*Gertz*. . .the Court indicated that parties who are not public figures for all purposes may still be public figures with respect to a particular controversy. . .The key inquiry in each case is the extent of [the] individual's participation in the particular controversy giving rise to the defamation").

Even assuming *arguendo* that Edelman had a plausible argument on the law as to when a person should be determined to be a limited purpose public figure, that imaginary circumstance would not advance his motion practice one iota. For as he concedes, perhaps improvidently, where a person is a limited purpose public figure:

". . .false statements are not defamatory unless they meet

the actual malice test set fort [*sic*.] in New York Times v. Sullivan"

(Memorandum at 8-9).

In that connection Edelman disingenuously asserts: "There is no allegation in the Complaint of actual malice" (*id.* at 9). But of course there is.

For at paragraph "25" of that pleading it is asserted *inter alia* that Edelman's publication at 4:48 p.m. on October 3, 2007, was: i) absolutely, completely and in every respect materially false; and ii) knowingly and intentionally uttered. . .in calculated and/or reckless disregard of the truth".

That suffices for purposes of pleading "actual malice". Gertz, *supra* at 328 ("Under this rule respondent would escape liability unless petitioner could prove publication of [a] defamatory falsehood with 'actual malice' – that is, with knowledge that it was false or with reckless disregard of whether it was false or not'");

Contemporary Mission, Inc., *supra*, at 621 ("In order to succeed on their claims, appellants, as limited purpose public figures, must establish by clear and convincing

evidence that the Times published the article with actual malice, 'that is, with knowledge that is was false or with reckless disregard of whether it was false or not"); <u>Franzon v. Massena Memorial Hospital</u>, 89 F. Supp.2d 270, 280 (N.D.N.Y. 2000)("a limited [purpose] public figure. . .must demonstrate both that the alleged defamatory statements are false and that [Defendant] spoke with actual malice – that is. . .with knowledge of falsity or a reckless disregard for the truth.").

## <u>Conclusion</u>

The motion for summary judgment should in all respects be denied with costs, and in the Court's discretion an award of attorney's fees against Edelman personally.

Dated: White Plains, N.Y.
      August 22, 2008

           LOVETT & GOULD, LLP
           By:_____
           Jonathan Lovett (4854)
           222 Bloomingdale Road
           White Plains, N.Y. 10605
           914-428-8401