UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SELIM ZHERKA,

                              Plaintiff,

   -against-

MICHAEL F. BOGDANOS, individually,
MICHAEL R. EDELMAN a/k/a "THE          08 Civ. 2062 (CS)
CONSULTANT", individually, PHILLIP
AMICONE, individually and in his capacity
as Mayor of the City of Yonkers, New York,
DAVID "DOE" a/k/a "ETHAN EDWARDS",
individually, EDMUND ROE a/k/a "MOB
BUSTER", individually, JOHN POE,
individually, WILLIAM ROE, individually,
and JANET DOE, individually,

                              Defendants
------------------------------------------------------------x

**PLAINTIFF'S STATEMENT PURSUANT TO**
**LOCAL RULE 56.1**

      Despite the mandate contained in Local Rule 56.1 Defendant Edelman has moved for summary judgment in this action without filing a statement of the material facts with respect to which he contends there is no genuine issue to be tried. Notwithstanding movant's neglect, Plaintiff (in lieu of a Counterstatement Pursuant to Local Rule 56.1) states that the following material facts require a trial herein:

      1. Contrary to Defendant Edelman's declaration (at para. "28") a true copy of the polhudson.lohudblogs.com posting attributed to "THE CONSULTANT" and referenced in the complaint at (second) paragraph "5" for October 3, 2007, at 4:48 p.m. exists and is annexed to the affidavit of Selim Zherka dated August 20, 2008. As

1

indicated in that affidavit Plaintiff personally downloaded that posting during the Fall of 2007.

2. Contrary to the assertions of "fact" contained in Defendant Edelman's Declaration (*id.* at "28", "29", "31" "44"), the at issue blog is self-identified (*see* blog posting annexed to Zherka affidavit) as "polhudson.lohudblogs.com", not "lo*w*hudblog.com" (emphasis added).

3. Contrary to Defendant Edelman's declaration (at para. "29"), that he reviewed "all postings with respect to Yonkers Political Matters and plaintiff for the period October 3, 2007 through October 9, 2007 and there is no such statement [the blog posting as quoted in the second paragraph denominated "5" in the complaint] posted by me [Edelman] or any other person", in fact such a posting exists and is annexed to the Zherka affidavit.

4. Contrary to Defendant Edelman's declaration (at para. "29"), where he swears that a "copy of all such postings" (that is the sum total of postings embracing the period October 3, 2007, through October 9, 2007, regarding Plaintiff and Yonkers Political Matters) is "annexed. . .as **Exhibit B**" (boldface in original) to his declaration, his so-called "copy of all such postings" omits the one at issue. Zherka affidavit at paras. 2-3.

5. Contrary to Defendant Edelman's declaration (at para. 32", page 11) that "an anonymous blogger posted the language that Zherka is complaining about", that posting as referenced *supra* and annexed to the Zherka affidavit was posted for attribution by "THE CONSULTANT" - - not on a blog maintained by the Yonkers Tribune, but on polhudson.lohudblogs.com.

6. Contrary to Defendant Edelman's declaration (at para. "33") "that the posting quoted in Second Paragraph 5 of the Complaint was lifted from [the] Yonkers Tribune and made to appear as though it was posted by me [Edelman] on lowhudblog.com" (emphasis added), THE CONSULTANT posted on polhudson.lohudblogs.com the offending entry.

7. Contrary to Defendant Edelman's declaration (at para. "35") his (Edelman's) sworn statements of supposed fact are demonstrably and apparently calculatedly false and disclose that he, not Plaintiff, is seeking to perpetrate a fraud on the Court.

8. At no time, according to the admissions against interest made by Defendant Edelman, has Plaintiff invited public attention, much less successfully done so, to his views with respect to Albanians, Albanian organized crime and/or criminals, or any of the subjects referenced in the at issue blog posting (Zherka Affidavit, para. 4; *see* posting annexed thereto).

9. At no time, according to the admissions against interest made by Defendant Edelman, has Plaintiff voluntarily injected himself into a public controversy regarding the subjects and/or any of the subjects referenced in the at issue blog posting, *supra* (Zherka Affidavit, para. 4; *see* posting annexed thereto).

10. At no time, according to the admissions against interest made by Defendant Edelman, has Plaintiff assumed a position of prominence in a and/or any public controversy regarding the and/or any of the subjects referenced in the at issue blog posting (Zherka Affidavit, para. 4; *see* posting annexed thereto).

11. At no time, according to the admissions against interest made by Defendant Edelman, has Plaintiff ever maintained regular and continuing access to the media

regarding the and/or any of the subjects referenced in the at issue blog posting (Zherka Affidavit, para. 4; *see* posting annexed thereto).

Dated: White Plains, N.Y.
      August 20, 2008

                            LOVETT & GOULD, LLP
                            By:_____
                            Jonathan Lovett (4854)
                            222 Bloomingdale Road
                            White Plains, N.Y. 10605
                            914-428-8401