_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

08 Civ 2062 (CLB)(MDF)

SELIM ZHERKA,

                            Plaintiff,

-against-

Michael F. Bogdanos, individually, Michael R. Edelman a/k/a "The Consultant", individually, Phillip Amicone, individually and in his capacity as Mayor of the City of Yonkers, New York David "Doe" a/k/a "Ethan Edwards", individually, Edmund Roe a/k/a "MOB Buster", individually, John Poe, individually, William Roe, Individually, and Janet Doe, individually,

                            Defendants.

_____

DEFENDANT MICHAEL R. EDELMAN a/k/a
"THE CONSULTANT'S" REPLY MEMORANDUM OF
LAW AND IN FURTHER SUPPORT OF HIS
MOTION FOR SUMMARY JUDGMENT

_____

                            **McMAHON, MARTINE & GALLAGHER, LLP**
                            **Attorneys for Defendant Michael R. Edelman**
                            **a/k/a "The Consultant"**
                            **55 Washington Street, 7th Floor**
                            **Brooklyn, New York 11201**

                            **By:  William D. Gallagher (4761)**

## **TABLE OF AUTHORITIES**

### **FEDERAL CASES**

Blumenthal v. Drudge, 992 F.Supp. 44 (D.D.C. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Lerman v. Flynt Distributing Co., Inc., 745 F.2d 123 (2d Cir.1984) . . . . . . . . . . . . . . . . . . . . .8

Mr. Chow of New York v. Ste. Jour Azur S.A., 759 F.2d 219 (2d Cir. 1985) . . . . . . . . . . . . . . . 6

### **FEDERAL STATUTES**

47 U.S.C.A. § 230 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6-7

William D. Gallagher, Esq. (WDG 4761)
McMAHON, MARTINE & GALLAGHER, LLP
Attorneys for Defendant MICHAEL R. EDELMAN
a/k/a "The Consultant"
55 Washington Street, 7th Floor
Brooklyn, New York 11201
(212) 747-1230

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------x  Index No. 08 CIV 2062
SELIM ZHERKA,

                      Plaintiff,

                      **REPLY MEMORANDUM OF LAW**

             -against-

                      (CLB/MDF)

MICHAEL F. BOGDANOS, individually, MICHAEL R.
EDELMAN a/k/a "THE CONSTULTANT", individually,
PHILLIP AMICONE, individually and in his capacity as
Mayor of the City of Yonkers, New York, DAVID "DOE"
a/k/a "ETHAN EDWARDS", individually, EDMUND ROE
a/k/a "MOB BUSTER", individually, JOHN POE,
individually, WILLIAM ROE, individually, and
JANET DOE, individually,

                      Defendants.
---------------------------------------------------------------------------------x

### DEFENDANT MICHAEL R. EDELMAN a/k/a "THE CONSULTANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT DISMISSING COMPLAINT

      Defendant Michael R. Edelman (hereinafter "Edelman") submits this Reply Memorandum of Law in further support of his motion for an Order granting summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing Plaintiff's Complaint as well as all cross claims on the grounds that there are no genuine issues of fact presented by plaintiff.

2

## **INTRODUCTION**

Plaintiff's Complaint seeks to hold Edelman liable pursuant to the common law of the State of New York for published utterances that he states constitute *per se* defamation. The Complaint further alleges that Edelman joined together with the other named defendants in an effort to intimidate and/or threaten plaintiff from engaging in political activities in the City of Yonkers. In his motion for summary judgment, Edelman argued that there are no genuine issues of fact presented by plaintiff.

Plaintiff's opposition fails to provide even a scintilla of evidence that would constitute evidentiary proof in admissible form to establish that material issues of fact exist. Plaintiff has attempted to direct the Court's attention away from the fact that summary judgment is proper in this case with his verbose dedication to matters that are neither significant, nor responsive to Edelman's motion, i.e. plaintiff's lengthy discussion of the misspelling contained in Edelman's motion.

Plaintiff's failure to address those portions of Edelman's motion that discuss the allegations set forth in Paragraphs 11 and 26 of plaintiff's Complaint indicate that plaintiff no longer has a good faith basis for pursuing these claims. Accordingly, the only matters even tangentially discussed by plaintiff in his opposition are whether the October 3, 2007 post was in fact posted by Edelman, whether the post contains defamatory content and whether plaintiff's actions in assuming a place of prominence in public controversy renders him a limited purpose public figure.

## **THE OCTOBER 3, 2007, 4:48 P.M. POSTING IS NOT DEFAMATORY**

The allegation of Paragraph 5 (Second) of the Complaint is as follows:

3

>On October 3, 2007, at 4:48 p.m. Edelman posted as "THE CONSULTANT" on the blog reference to "Albanian organized crime" and identified as if a matter of fact: "…Sam [Selim] Zherka is the kingpin who runs this group. Ask the feds, who have been protecting him for years in exchange for info on other organized crime families. Sam Zherka…run[s] it [a gentlemens club] today along with various other clubs, diners, bakeries – anywhere they can launder their ill gotten strip club cash for the IRS. They're pretty feared, as muslim Albanians go".

Plaintiff, in his opposition, now acknowledges and asserts for the first time that this posting was re-published by Edelman and was originally authored by an anonymous poster on the Yonkers Tribune blog; however, plaintiff fails to advance any concrete evidence that indicates Edelman was the re-publisher.

Even assuming, *arguendo*, that the posting was re-published by Edelman, the posting, when read in entirety, is not defamatory. The full posting is annexed to plaintiff's Affidavit and includes extensive commentary by the re-publisher that was left out of plaintiff's Complaint. The posting states in entirety:

>5. the consultant October 3rd, 2007 at 4:48 pm
>
>Yes out in addition to being a political strategist
>
>and insider..the choice must be a credible spokesman
>
>ie a gentleman…capice?
>
>And to the poster who posted the following

4

> The posters are right about Sam Zherka. His brother Ali has been arrested for assault and rape in the past, was involved in the SCORES murders and fled the country, and is now indicted as part of a federal RICO investigation involving Albanian organized crime. But Sam Zherka is the kingpin who runs this group. Ask the feds, who have been protecting him for years in exchange for info on other organized crime families. Sam Zherka and his gang went in and threw the mafia out of the VIP strip club on W. 20th street about a decade ago, and still run it today along with various other clubs, diners, bakeries – anywhere they can launder their ill gotten strip club cash from the IRS. They're pretty feared, as muslim Albanians go. His wife took a tax fraud arrest for him and went to federal prison for him. How did Sam repay her? By divorcing her. His sister has also been arrested. The poster is also right in the reason for the Robertson-Zherka unholy alliance. Zherka wants to open strip clubs around Yonkers Raceway. He supported former Yonkers Mayor Zaleski for the same reason. That's how far back Zherka's been trying to get into Yonkers. Birds of a feather….
>
> **THIS IS FRONT PAGE STUFF..IT IS A STORY THAT HAS LEGGS..BUT IT MUST BE CAPABLE OF BEING FACT CHECKED BY THE MEDIA…YOU GET ME THE SOURCES I WILL MAKE IT HAPPEN**

(emphasis in original).

5

It is clear from the language "…and to the poster who posted the following …" that the alleged defamatory post that followed was not of his own creation. Moreover, the text that followed the post, "…THIS IS FRONT PAGE STUFF..IT IS A STORY THAT HAS LEGGS..BUT IT MUST BE CAPABLE OF BEING FACT CHECKED BY THE MEDIA…YOU GET ME THE SOURCES I WILL MAKE IT HAPPEN…" indicates that the poster re-published the alleged defamatory post for the sole purpose of investigating its truth.

In evaluating whether language can be the subject of an action for defamation, the Second Circuit held that courts must examine both context in which statement is made and circumstances surrounding statement. Mr. Chow of New York v. Ste. Jour Azur S.A., 759 F.2d 219 (2d Cir. 1985). Courts must also look at language itself to determine if it is used in a precise, literal manner or in a loose, figurative or hyperbolic sense. Id. Statements must also be examined to determine if they are objectively capable of being proved true or false and finally, if the analysis indicates that statement is opinion, courts must determine if it implies allegation of undisclosed defamatory facts as basis for the opinion. Id.

Applying this to the facts of this case, it is evident that a reasonable reader when viewing the posting as a whole would conclude that the statements were not conveying facts about the plaintiff. The posting does nothing more than solicit a response from the original author for the purpose of fact checking.

Moreover, even if the posting was re-published by Edelman as plaintiff now claims, Edelman is immune from liability pursuant to Section 230 of the Communications Decency Act of 1996. See 47 U.S.C.A. § 230.

Section 230(c)(1) specifies that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information

content provider." Id. § 230(c)(1). "No cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." Id. § 230(e)(3). The provision effectively immunizes users and providers of interactive computer services from civil liability in tort with respect to material disseminated by them but created by others. Blumenthal v. Drudge, 992 F.Supp. 44 (D.D.C. 1998) (holding that an interactive computer service provider could not be held liable for making allegedly defamatory gossip column, written by another information content provider, available to service provider's subscribers, in absence of evidence that service provider had some role in writing or editing material or creating or developing information in column).

Edelman's alleged conduct in re-publishing the content from the Yonkers Tribune blog fits comfortably within the immunity intended by Congress. In particular: (1) web site users, such as Edelman, are "user[s] ... of an interactive computer service"; (2) the message board posting, posted by an anonymous author on the Yonkers site is, on its face, "information provided by another information content provider."; and (3) immunity extends to all of Plaintiff's claims that would impose liability on Edelman as a "publisher or speaker" of defamatory to impose liability in defamation law.

Accordingly, the allegation set forth in Second Paragraph 5 of plaintiff's Complaint fails to present any genuine issues of fact.

### **PLAINTIFF IS A LIMITED PURPOSE PUBLIC FIGURE**

Plaintiff, in his opposition, claims that there is no evidence that supports a characterization of plaintiff as a "limited purpose public figure". Plaintiff claims that Edelman advances the legal argument that a private citizen can be catapulted into a "limited purpose

7

public figure" if they do or say anything whatsoever in public. This assertion is a gross mischaracterization of Edelman's argument and of the law.

In <u>Lerman v. Flynt Distributing Co., Inc.</u>, 745 F.2d 123 (2d Cir.1984), the Court set forth a four part test for determining whether someone is a limited purpose public figure: A defendant must show the plaintiff has: (1) successfully invited public attention to his views in an effort to influence others prior to the incident that is the subject of litigation; (2) voluntarily injected himself into a public controversy related to the subject of the litigation; (3) assumed a position of prominence in the public controversy; and (4) maintained regular and continuing access to the media.

Plaintiff stands out as an archetypical example of a "limited purpose public figure". As explained in greater detail in Edelman's moving Declaration and Declaration in reply to plaintiff's opposition, plaintiff thrust himself into the 2007 Yonkers mayoral campaign, an issue of widespread public interest for its ramifications on non-participants. Thus, to prevail on a defamation claim, plaintiff was required to prove by clear and convincing evidence not only that the content of Edelman's posting was false, but that it was written with actual malice. <u>Id</u>. Plaintiff has failed to carry his burden.

**WHEREFORE** it is respectfully requested that an Order be entered granting Summary Judgment as to defendant Michael R. Edelman, dismissing the Complaint and all Cross-Claims against him and granting such other and further relief as the Court seems just and proper.

Dated: Brooklyn, New York
September 5, 2008

                                         McMAHON, MARTINE & GALLAGHER, LLP

8

By:_____/s/ William D. Gallagher_____
      WILLIAM D. GALLAGHER  (4761)
Attorneys for Defendant Michael R. Edelman
a/k/a "The Consultant"
55 Washington Street, 7th Floor
Brooklyn, New York 11201
(212) 747-1230
Our File No.: 799.1992

J:\799\1992\Motions\REPLY MEMO LAW.doc

9