William D. Gallagher, Esq. (WDG 4761)
McMAHON, MARTINE & GALLAGHER, LLP
Attorneys for Defendant MICHAEL R. EDELMAN
a/k/a "The Consultant"
55 Washington Street, 7th Floor
Brooklyn, New York 11201
(212) 747-1230

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------x    Index No. 08 CIV 2062
SELIM ZHERKA,

      Plaintiff,              **DECLARATION IN REPLY**

   -against-

MICHAEL F. BOGDANOS, individually, MICHAEL R.
EDELMAN a/k/a "THE CONSTULTANT", individually,
PHILLIP AMICONE, individually and in his capacity as
Mayor of the City of Yonkers, New York, DAVID "DOE"
a/k/a "ETHAN EDWARDS", individually, EDMUND ROE
a/k/a "MOB BUSTER", individually, JOHN POE,
individually, WILLIAM ROE, individually, and
JANET DOE, individually,

      Defendants.
-------------------------------------------------------------------------------x

  MICHAEL R. EDELMAN an attorney admitted to practice before this court hereby declares the following:

## **INTRODUCTION**

  1. I am a defendant in this action and submit this Declaration in reply to the opposition of plaintiff to my motion for Summary Judgment to Dismiss the Complaint and in further support thereof.

  2. As noted in my moving Declaration the only allegations against me were Second Paragraph 5 of the Complaint which plaintiff alleges is defamatory; Paragraph 11 of the Complaint which, while plaintiff claims it is defamatory clearly is not defamatory and Paragraph

26 which alleges that I entered into a conspiracy with the co-defendants including Matthew Bogdanos, Assistant District Attorney for New York County.

## SECOND PARAGRAPH 5 OF THE COMPLAINT

27. This paragraph alleges as follows:

    1.    On October 3, 2007, at 4:48 p.m. Edelman posted as 'THE CONSULTANT" on the blog reference to "Albanian organized crime" and identified as if a matter of fact: " . . .Sam [Selim] Zherka is the kingpin who runs this group.  Ask the feds, who have been protecting him for years in exchange for info on other organized crime families.  Sam Zherka . . . run[s] it [a gentlemens club] today along with various other clubs, diners, bakeries – anywhere they can launder their ill gotten strip club cash from the IRS. They're pretty feared, as muslim Albanians go".

At the time that this action was instituted against me I searched lohudblog.com and this posting was not on it although there were other postings thereon with respect to plaintiff.

    2.    Moreover, when my attorney forwarded to me the Affidavit of plaintiff which had annexed thereto what he purports was the complete posting allegedly made by me on lohudblog.com on October 3, 2007 I search the lohudblog.com archives and again that posting was not on it although the same postings I had seen before with respect to the plaintiff were on it.

    3.    Based on these two separate searches I stated in my moving Declaration that the posting alleged in Second Paragraph 5 had not been posted by me or anyone else.

    4.    However I have been informed by my attorney that he spoke to counsel for the Gannett Suburban Newspapers ("Gannett") who checked with persons at Gannett who advised him

2

that the posting annexed to the plaintiff's Affidavit had been posted but was removed by Gannett from lohudblog.com. Counsel for Gannett was not aware of the circumstances for the removal or deletion of that posting.

5. After reviewing plaintiff's Affidavit with the Exhibit annexed thereto, and the information provided by counsel for Gannett it appears that the posting did appear on lohudblog.com but I still cannot say whether it was posted by me.

6. As noted in my moving Declaration I do go by the handle the Consultant but this is not trademarked and can be used by any person.

## **THE POSTING IS NOT DEFAMATORY**

7. The full posting as annexed to the Zherka Affidavit clearly is not defamatory.

8. The first noticeable difference between the allegation of Second Paragraph 5 and the full posting was the failure of plaintiff or his counsel to include the commentary before and after the complained of posting.

9. When read in context it is clear that the posting at that time was addressed to the person who had originally posted it in the Yonkers Tribune.

10. In addition, the comments at the end of the posting clearly establish that the poster was not re-publishing or making the posting as a statement. The clear language thereof is that the poster was seeking to determine whether or not the posting that had initially appeared in the Yonkers Tribune was accurate.

11. Also I note that the spelling of leggs is not how I spell legs and I continue to doubt whether I actually posted the statement in the posting annexed to the Zherka Affidavit.

12. I respectfully refer the court to the Memorandum of Law submitted herewith that clearly establishes that the posting when read in context was not defamatory and that even if it was defamatory that I have no liability therefore.

## PLAINTIFF IS A PUBLIC FIGURE

13. I respectfully refer the court to my moving Declaration that clearly establishes that the plaintiff is a limited public figure.

14. The question is not whether plaintiff is a public personality for all aspects of his life; rather, it is whether plaintiff, by voluntarily injecting himself into public controversy, rendered himself a "limited purpose public figure."

15. There can be no doubt that plaintiff successfully invited public attention to his views on Westchester County politics. See Paragraph 8 of my moving Declaration as to activities engaged in by plaintiff. Additionally, prior to the alleged defamatory post, plaintiff founded Citizens Against Injustice, a group designed to depose defendant Phillip Amicone, Mayor of Yonkers, from office. Citizens Against Injustice is the name behind many political commercials in support of plaintiff's mayoral candidate of choice, Dennis Robertson. Plaintiff, by his own admission in Paragraph 3 of his Complaint, acknowledges his running disputes with Amicone.

16. More recently, but still important in assessing plaintiff's status as a public figure, on June 10, 2008 plaintiff held a press conference to announce his placement, in escrow, of $100,000 with his attorney, and his offer to award the funds to whomever shall first come forward with verifiable, truthful information regarding any illegal or unethical activity or prosecutorial misconduct by District Attorney Janet DiFiore and Assistant District Attorney Matthew Bogdanos, of the Manhattan District Attorney's Office, that leads to their arrest, conviction and/or disbarment.

17. Based on the foregoing, it is evident that plaintiff injected himself into a public controversy related to the offending posting. The issues on lohudblog.com clearly deal with Westchester politics and in particular the 2007 Yonkers Mayoral election when plaintiff backed losing candidate Robinson and I backed winning candidate Amicone.

18. Plaintiff cannot in good faith claim that he is not a limited purpose public figure.

19. For that reason, assuming for the sake of arguendo, that the posting annexed to plaintiff's affidavit was defamatory it is not actionable unless made with actual malice and plaintiff has neither pleaded nor argued in the opposition papers that the posting was done maliciously.

## THE CONSPIRACY CLAIMS

20. In my moving Declaration I clearly stated that I have never met defendant Bogdanos and I never communicated with him in any manner. Plaintiff's Memorandum of Law in Opposition argues that I did not state therein that I did not meet with the co-defendants, with respect to encouraging Bogdonas to institute an investigation into plaintiff.

21. In the first place I don't know how I could deny that I ever met with David Doe a/k/a Ethan Edwards and Edmund Roe a/k/a Mobuster, John Poe, William Roe and Janet Doe since there is no way of identifying those persons.

22. I categorically state that I never met with defendant Amicone or Bogdanos or any other persons named or unnamed to encourage Bogdanos to instigate a grand jury investigation of plaintiff.

23. My reading of the plaintiff's opposition, including its Memorandum of Law suggests that he has acknowledged that there is no basis for this claim.

24. The fact is however that that plaintiff has absolutely no facts which would support the allegations of paragraph 26 of the Complaint.

## PARAGRAPH 11 OF THE COMPLAINT

25. We respectfully refer the court to paragraph 36 of my moving Declaration and again it appears from plaintiff's opposition to my motion for summary judgment that he has acknowledged that the paragraph is not applicable.

## CONCLUSION

26. I respectfully submit that it is clear that the plaintiff does not have any valid claims against me.

27. I also submit that the failure of plaintiff and his counsel to include in Second Paragraph 5 of the Complaint the prefix and ending which clearly establish that I was not posting a defamatory statement is evidence of their bad faith.

28. It is clear from plaintiff's conduct that he is at least a limited public figure, that I never posted any defamatory blogs against him or entered into a conspiracy with the co-defendants or anybody else to encourage a grand jury investigation into plaintiff's conduct.

**WHEREFORE,** it is respectfully requested that the Court enter an Order dismissing plaintiff's Complaint against me as well as all cross claims and granting such other and further relief as to the court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.


                                                 ____/s/ Michael R. Edelman_____
                                                           MICHAEL R. EDELMAN

\\Fs2\DATA\799\1992\Motions\DEC-REPLY-9-3-08.doc